# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Gregory Boyer, as Administrator of the Estate of Christine Boyer, and on his own behalf, | |
| | Case No: 20-cv-1123 |
| Plaintiff, | |
| | Judge James D. Peterson |
| v. | |
| | Magistrate Judge Stephen L. Crocker |
| Advanced Correctional Healthcare, Inc., *et al.*, | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order having agreed to the terms below, accordingly **IT IS ORDERED THAT**, pursuant to Fed. R. Civ. P. 26(c):

**(A)    SCOPE.**  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**(B)    DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION**. Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the Words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(1)     One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, medical, or business information pertaining to any party or non-party. Confidential information shall include, without limitation, protected health information ("PHI") of any person as that term is used in the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 24, and 26 U.S.C. (2002) ("HIPAA"), and in the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. §§ 160 & 164 (2002) (the "Privacy Standards").

(2)     One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, medical, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3)     Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential.

Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4)     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such (a) when the deposition is taken, or (b) no later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given.

(5)     If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

**(C)     DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION**.

Information, documents, or other material designated as CONFIDENTIAL OR ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (C)(l) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals).

  (1)     CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

    (a)     Disclosure may be made to employees of counsel for the parties or, when the party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

    (b)     Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the

disclosure of the confidential information, documents or other material.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, mediators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2) ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person

or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(c) Disclosure may be made to consultants, investigators, mediators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(d) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

    (e)  Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

  **(D)**  **MAINTENANCE OF CONFIDENTIALITY**. Except as provided in subparagraph (C), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

  (1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

  (2)  This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file or otherwise present a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must file a motion with the Court to seal, consistent with the Court's procedures. This subsection (D)(2) shall not apply to any medical records or other PHI of Christine Boyer and a party need not file such records under seal.

  (3)  The parties will store all PHI according to the Privacy Standards while such PHI is in their possession.

**(E)  CHALLENGES TO CONFIDENTIALITY DESIGNATION**. A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with a statement setting forth the movant's efforts to resolve the dispute in good faith. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential.

**(F)  CONCLUSION OF LITIGATION**. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

December 2, 2021                    SO STIPULATED:

*/s/ Stephen H. Weil*
Stephen H. Weil
Sarah C. Grady
Arthur Loevy
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, IL 60607
312-243-5900
weil@loevy.com

*Attorneys for Plaintiff*

*/s/ Douglas S. Knott*
Douglas S. Knott
Kelly E. Lamberty
LEIB KNOTT GAYNOR LLC
219 North Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2102
Fax: (414) 276-2140
Email: dknott@lkglaw.net
klamberty@lkglaw.net

*Attorneys for Defendants Advanced Correctional Healthcare, Inc., Lisa Pisney and Amber Fennigkoh*


*/s/ Andrew A. Jones*
Andrew A. Jones
HANSEN REYNOLDS LLC
301 N. Broadway, Suite 400
Milwaukee, WI 53202
(414) 455-7676 (phone)
(414) 273-8476 (fax)
ajones@hansenreynolds.com

John W. McCauley
10 East Doty Street, Suite 800
Madison, WI 53703
608.841.1351 (phone)
414.273.8476 (fax)
jmccauley@hansenreynolds.com

*Attorneys for Defendants Monroe County, Stan Hendrickson, Danielle Warren, and Shasta Parker*

SO ORDERED

Date: _____                              _____