## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

_____

Gregory Boyer, as Administrator of the Estate
of Christine Boyer, and on his own behalf,

                    Plaintiff,                    Case No. 20-cv-01123

v.

Advanced Correctional Healthcare, Inc., et al.,

                    Defendants.

_____

**Monroe County's Responses to Plaintiff's Second Set of Discovery Demands**
_____

Defendant Monroe County serves the following objections and responses to plaintiff's second set of discovery demands pursuant to Fed. R. Civ. P. 33 and 34.

### General Objections

1.    Monroe County objects to producing information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Any agreement to produce documents responsive to a specific request should be read not to include any privileged documents.

2.    Monroe County objects to these requests to the extent they seek documents subject to confidentiality obligations to third parties that would prevent production of such documents in this litigation or that would require notice and an opportunity to object before such production.

3.    Where Monroe County has agreed to produce documents responsive to a request, that means that it will conduct a reasonable search for such documents within

1

its possession, custody, or control, subject to its objections and in accordance with any agreed protocol for the discovery of electronically stored information, and will produce such documents to the extent they exist, can be located by a reasonable search, and are not privileged. Monroe County will produce documents within a reasonable timeframe, and it expects to do so on a rolling basis.

4. Monroe County objects to plaintiff's definitions and instructions inasmuch as they exceed or differ from the requirements of the Federal Rules of Civil Procedure and this Court's orders. In particular, and without limitation, Monroe County objects to instruction 1 (requesting identification of the request to which each document is responsive), instruction 3 (requesting production of ESI in native format and regardless of location), instruction 8 (requesting identification of responsive documents previously produced), and instruction 9 (requesting identification of lost or destroyed documents) as inconsistent with Rules 26 and 34.

5. Each of these general objections is incorporated into each of the specific responses below.

## Specific Objections and Responses

### Document Demands

**Document Request No. 55:** All documents relating to any and all complaints by detainees alleging inadequate medical care, denial of medical care, or denial of medication at the Monroe County Jail, including officer notes reporting medical care or requests or complaints regarding medical care. This request is limited to documents dating from January 1, 2014 to February 28, 2020.

**RESPONSE:** Monroe County objects to this request because it is vague and overbroad, fails to describe the requested items with reasonable particularity, seeks information that, at least in part, is not relevant to the parties' claims and defenses, and

is not proportional to the needs of the case, particularly given the discovery produced to date by Monroe County relating to plaintiff's § 1983 claim against the County. Plaintiff has not alleged any viable claim of municipal liability under *Monell* and its progeny based on any Monroe County policy, custom, or otherwise. Even if plaintiff had alleged such a claim, all or most of the information requested would be irrelevant and undiscoverable, and the timeframe of the request is overbroad. Further, Monroe County objects to the extent this request seeks information outside its possession, custody, or control or information protected by the attorney-client privilege, the work product doctrine, or the peer review privilege, all of which Monroe County objects to producing.

Subject to its general and specific objections, Monroe County states that it is willing to meet and confer with plaintiff's counsel about reasonably narrowing the scope of this request.

**Document Request No. 56:** The entire inmate file or medical file for any detainee at the Monroe County Jail whose file—whether in the inmate's medical screening form, in the inmate's medical screening questionnaire, or in any other document included in the file—indicates that he or she had any medical issue or needed, took, or was on any medication. This request includes but is not limited to all records relating to health or health care or conveying any information about the health or health care of the inmate, including but not limited to Medical Administration Records, medical progress notes, prescriptions, and communications to or from any nurse or physician. This request should not be construed as limited to inmates whose files include grievances. This request is limited in time frame to documents dating from January 1, 2014 to February 28, 2020.

**RESPONSE:** Monroe County objects to this request because it is vague and overbroad, fails to describe the requested items with reasonable particularity, seeks information that is, at least in part, not relevant to the parties' claims and defenses, and is not proportional to the needs of the case, particularly given the discovery produced to date by Monroe County relating to plaintiff's § 1983 claim against the County. Plaintiff has not alleged any viable claim of municipal liability under *Monell* and its progeny based

on any Monroe County policy, custom, or otherwise. Even if plaintiff had alleged such a claim, all or most of the information requested would be irrelevant and undiscoverable, and the timeframe of the request is overbroad. Further, Monroe County objects to the extent this request seeks information outside its possession, custody, or control or information protected by the attorney-client privilege, the work product doctrine, or the peer review privilege, all of which Monroe County objects to producing.

Subject to its general and specific objections, Monroe County states that it is willing to meet and confer with plaintiff's counsel about reasonably narrowing the scope of this request.

**Document Request No. 57 (identified by plaintiff as a second Request No. 55):** All documents reflecting telephone calls (including but not limited to call logs, such as telephone bills) to or from the Monroe County Jail on December 21, 22, 23, 24, 25, 26, and 27, 2019. This request excludes calls to or from jail detainees.

**RESPONSE:** Monroe County objects to this request because it is vague, overbroad, and duplicative of prior discovery demands by plaintiff, and the County further objects to this request to the extent it seeks records of telephone calls unrelated to Christine Boyer. Subject to its general and specific objections, Monroe County refers plaintiff to the documents and other records it has previously produced in discovery, and it states that it will produce any additional non-privileged documents responsive to this request in its possession, custody, or control.

**Document Request No. 58 (identified by plaintiff as a second Request No. 56):** All transcripts, tape recordings, and radio transmissions (or Documents memorializing the same) relating to the incidents described in the Complaint.

**RESPONSE:** Monroe County objects to this request because it is vague, overbroad, and duplicative of prior discovery demands by plaintiff. Subject to its general and specific objections, Monroe County refers plaintiff to the documents and other

4

records it has previously produced in discovery, and it states that it will produce any additional non-privileged documents responsive to this request in its possession, custody, or control.

**Document Request No. 59 (identified by plaintiff as Request No. 57):** Any and all Documents establishing or indicating that medication or prescriptions for Christine Boyer was inquired about, investigated, requested, or ordered, from any person or entity, including but not limited to any doctor, pharmacy, medical provider, dispensary, hospital, clinic, or any other person or entity outside of the Monroe County Jail on December 21, 22, or 23 2019.

**RESPONSE:** Monroe County objects to this request because it is vague, overbroad, and duplicative of prior discovery demands by plaintiff. Subject to its general and specific objections, Monroe County refers plaintiff to the documents and other records it has previously produced in discovery, and it states that it is not aware of any additional documents responsive to this request in its possession, custody, or control.

**Document Request No. 60 (identified by plaintiff as Request No. 58):** Any and all documents indicating that a person within the Monroe County Jail communicated with any person outside of the Monroe County Jail regarding Christine Boyer's medical condition or medications on December 21, 22, or 23 2019.

**RESPONSE:** Monroe County objects to this request because it is vague, overbroad, and duplicative of prior discovery demands by plaintiff. Subject to its general and specific objections, Monroe County refers plaintiff to the documents and other records it has previously produced in discovery, and it states that it is not aware of any additional documents responsive to this request in its possession, custody, or control.

**Document Request No. 61 (identified by plaintiff as Request No. 59):** All documents relating to the "meeting" described in the document bates-marked MONROE_COUNTY_004529, including but not limited to any all documents relating to the meeting's subject, participants, time, location, purpose, and any matters discussed at the meeting; as well as any documents reviewed or provide at the meeting, any minutes or notes taken before, during, or after the meeting, and any document relating to the meeting prepared before, during, or after the meeting, and any communications relating to the meeting.

**RESPONSE:** Monroe County objects to this request because it is vague and overbroad. Subject to its general and specific objections, Monroe County refers plaintiff to the documents produced under Bates Nos. Monroe County 013865-013866.

**Document Request No. 62 (identified by plaintiff as Request No. 60):** Any and all Documents relating to health care staff meetings or calls, administrative meetings, or calls, including but not limited to the minutes of and summaries of issues discussed at any such meetings or calls involving any employee or agent of Monroe County or ACH who worked at or were responsible for health care provided at Monroe County Jail. This request also includes but is not limited to attendance lists of any such meetings or calls, any and all Documents indicating the cancellation of any meetings or calls, any and all written confirmation from staff members absent from such meetings or calls documenting that they reviewed the information presented at the meeting(s).

**RESPONSE:** Monroe County objects to this request because it is vague and overbroad, fails to describe the requested items with reasonable particularity, seeks information that is, at least in part, not relevant to the parties' claims and defenses, and is not proportional to the needs of the case, particularly given the discovery produced to date by Monroe County relating to plaintiff's § 1983 claim against the County. Plaintiff has not alleged any viable claim of municipal liability under *Monell* and its progeny based on any Monroe County policy, custom, or otherwise. Even if plaintiff had alleged such a claim, all or most of the information requested would be irrelevant and undiscoverable, and the timeframe of the request is overbroad. Further, Monroe County objects to the extent this request seeks information outside its possession, custody, or control or information protected by the attorney-client privilege, the work product doctrine, or the peer review privilege, all of which Monroe County objects to producing.

Subject to its general and specific objections, Monroe County states that it is willing to meet and confer with plaintiff's counsel about reasonably narrowing the scope of this request.

## Interrogatories

**Interrogatory No. 1:** State whether any employee or agent of ACH ever communicated with any employee or agent of the Monroe County (including the Monroe County Sheriff's Office and the Monroe County Jail) County Jail relating to Christine Boyer's health, mental health, medications, medical care, or death. For each such Communication, state: (a) the date of the Communication; (b) with whom the Communication occurred; and (c) a summary of the nature of the Communication. If you intend to answer by reference to documents, please state under oath that the documents contain all of the information responsive to this Interrogatory, and provide the relevant Bates Numbers.

**RESPONSE:** Monroe County objects to this interrogatory because it is vague, overbroad, not proportional to the needs of the case, and duplicative of prior discovery demands by plaintiff. Subject to its general and specific objections, Monroe County refers plaintiff to the documents it has previously produced in discovery, which contain any written communications between employees of Monroe County and employees of ACH relating to Christine Boyer and any documents reflecting such communications, whether oral or written, identified to date.

**Interrogatory No. 2:** Identify any and all Communications you are aware of that relate to Christine Boyer in any way, including but not limited to her medical condition, medications, and prescriptions, or death made between December 20, 2019 through January 15, 2020, inclusive. For each such Communication, state: (a) the date of the Communication; (b) with whom the Communication occurred; and (c) a summary of the nature of the Communication. If you intend to answer by reference to documents, please state under oath that the documents contain all of the information responsive to this Interrogatory, and provide the relevant Bates Numbers.

**RESPONSE:** Monroe County objects to this interrogatory because it is vague, overbroad, not proportional to the needs of the case, and duplicative of prior discovery demands by plaintiff. Subject to its general and specific objections, Monroe County refers plaintiff to the documents it has previously produced in discovery, which contain any written communications to or from employees of Monroe County relating to Christine Boyer during the referenced time period and any documents reflecting such

communications, whether oral or written, identified to date.

**Interrogatory No. 3:** Identify each of the parties that you refer to in paragraph 2 of your affirmative defenses, and for each such party, state the factual basis for your assertion that the party is indispensable. See ECF 30 at 28 ¶ 2 ("Plaintiffs have failed to join one or more indispensable parties.").

**RESPONSE:** Monroe County refers plaintiff to its amended answer to the amended complaint (ECF No. 37), which asserts no such affirmative defense.

**Interrogatory No. 4:** Identify each of the "intervening and/or superseding" causes referred to in paragraph 5 of your affirmative defenses, and for each such cause, state the factual basis for your assertion that the cause is intervening and/or superseding. See ECF 30 at 29 ¶ 5 ("The injuries and damages sustained by Plaintiffs, if any, may be the result of intervening and/or superseding cause preventing Plaintiffs a right to recovery against County Defendants.").

**RESPONSE:** Monroe County refers plaintiff to its amended answer to the amended complaint (ECF No. 37), including affirmative defenses 2, 3, and 4. Monroe County further states that discovery is ongoing, and it reserves the right to supplement this response as necessary.

**Interrogatory No. 5 (identified by plaintiff as Request No. 61):** Regarding the "meeting" referred to in the document bates-marked MONROE_COUNTY_004529, identify the date, time, location, and duration of the meeting, each of the meeting's participants, the subject matter of the meeting, all matters discussed at the meeting, any documents relating to the meeting prepared before, during, or after the meeting, including any notes or minutes taken before, during, or after the meeting, and any communications relating to the meeting.

**RESPONSE:** Monroe County objects to this interrogatory because it is vague and overbroad. Subject to its general and specific objections, Monroe County states that the Monroe County Sheriff's Department facilitated the referenced meeting by making the Sheriff's Department pastor available to meet with any employees involved in the events surrounding Christine Boyer's death if they chose to do so, but did not otherwise participate in or make or keep any records of any meetings between employees and the pastor, and it refers to the documents produced as Monroe County 013865-013866.

**As to Objections and Responses to Document Demands:**

January 21, 2022

Respectfully submitted:

HANSEN REYNOLDS LLC

*/s/ Andrew A. Jones*
Andrew A. Jones
301 N. Broadway, Suite 400
Milwaukee, WI 53202
(414) 455-7676 (phone)
(414) 273-8476 (fax)
ajones@hansenreynolds.com

John W. McCauley
10 East Doty Street, Suite 800
Madison, WI 53703
608.841.1351 (phone)
414.273.8476 (fax)
jmccauley@hansenreynolds.com

*Counsel for Defendants Monroe County, Stan Hendrickson, Danielle Warren, and Shasta Parker*

## As to Answers to Interrogatories:

Stan Hendrickson states that he is the Jail Administrator for the Monroe County Sheriff's Department. He further states that he has read the foregoing answers to interrogatories, that he knows the contents thereof as they relate to Monroe County, and that the answers as they relate to Monroe County are true to the best of his knowledge and belief based on the information known and available to him.

Dated at Sparta, Wisconsin this 21st day of January, 2022.

_____
Stan Hendrickson

## Certificate of Service

I certify that on January 21, 2022, I caused a copy of the foregoing document to be served on the following persons by electronic mail:

Stephen H. Weil, weil@loevy.com

Sarah Grady, sarah@loevy.com

Kelly Lamberty, klamberty@lkglaw.net

Douglas S. Knott, dknott@lkglaw.net

*/s/ Andrew A. Jones*
Andrew A. Jones
