**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

---

**GREGORY BOYER,** as Administrator
of the Estate of Christine Boyer,
and on his own behalf**,**

                Plaintiff**,**

                **v.**

**ADVANCED CORRECTIONAL
HEALTHCARE, INC.,** *et al.***,**

                Defendants**.**

                                  **Case No. 20-CV-1123**

---

**DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC., LISA PISNEY,
AND AMBER FENNIGKOH'S RESPONSES TO PLAINTIFF'S
FIRST SET OF RULE 34 DISCOVERY**

---

      Defendants Advanced Correctional Healthcare, Inc. ("ACH"), Lisa Pisney, and Amber Fennigkoh (collectively, "Answering Defendants"), by their attorneys, Leib Knott Gaynor LLC, responds to *Plaintiff's First Set of Rule 34 Discovery to All Defendants* as follows:

**I.**      <u>**GENERAL CONDITIONS**</u>

      A.     These responses are made without in any way waiving or intending to waive, but on the contrary intending to preserve and preserving:

           1.     All objections to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceedings or the trial of this or any other action;

2.      The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any ground;

3.      The right to object on any ground at any time to further document requests or other discovery proceedings involving or relating to the subject matter of the Requests for Production; and

4.      The right at any time to revise, correct, supplement, clarify or amend the responses and objections to the Requests for Production.

B.      All answers to Requests for Production that are vague, ambiguous, and/or confusing are based upon the Answering Defendants' best understanding of the Requests for Production and/or the terms used therein, and such answers cannot properly be used as evidence except in the context in which the Answering Defendants understood the Request for Production and/or the terms thereof.

## II.      **GENERAL OBJECTIONS**

A.      The Answering Defendants object to the Requests for Production to the extent that any of the Requests seek information that is not relevant to the claims or defenses of the parties, as to which testimony would be inadmissible at trial, and for which the burden or expense of production is disproportionate to the needs of the case;

B.      The Answering Defendants object to the Requests to the extent that any of the Requests seek information that is protected from discovery by the Attorney-Client Privilege, the Attorney Work Product Doctrine, the Law Enforcement Privilege, or by any other privilege or immunity under state statutory, constitutional or common law.  The inadvertent production of any information that is privileged, that was prepared in anticipation of litigation or for trial, or that is

2

otherwise immune from discovery, shall not constitute a waiver of any privilege or any ground for objection to discovery with respect to such information, or the subject matter thereof, or of the Answering Defendants' right to object to the use of any such information during any subsequent proceeding, hearing or trial;

C.     The Answering Defendants object to the Requests to the extent that any of the Requests am not limited in scope of time, are unreasonably broad, unduly burdensome and oppressive, and seek to require the Answering Defendants to conduct an unreasonable investigation on behalf of Plaintiff and/or any other person or entity at substantial and unnecessary cost;

D.     The Answering Defendants objects to the Requests and their Instructions to the extent that they require the Answering Defendants to provide information or to identify or describe documents or produce documents that is/are: (a) not in the Answering Defendants' possession, custody, or control, (b) already in the possession of Plaintiff, (c) in the possession of person(s) over whom the Answering Defendants have no control, or (d) a matter of public record or are otherwise as equally accessible to Plaintiff as to Defendants.

E.     The Answering Defendants object to the Requests to the extent that the Requests are duplicative of each other and are therefore unreasonably burdensome.

F.     Any and all information and responses provided by the Answering Defendants in response to the Requests are provided without waiver of, and are subject to, these General Objections and any applicable specific objections set forth below.

G.     The Answering Defendants' General Objections to the Requests are incorporated by reference into each of its specific objections and answers below.  The Answering Defendants'

assertion of a specific objection shall in no way waive or limit the applicability of its General Objections to all of the Requests.

## RESPONSES TO INDIVIDUAL REQUESTS FOR PRODUCTION

1.      All Documents and Communications that relate to, support, and/or rebut any of the allegations or claims in Plaintiff's Complaint in this action.

### OBJECTION TO REQUEST NO. 1

Answering Defendants object to Request No. 1 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case. Answering Defendants further object to Request No. 1 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

### ANSWER TO REQUEST NO. 1

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents. Answering Defendants are currently seeking additional responsive documents.

2.    All Documents and Communications that relate to, support, and/or rebut any Defendant's Affirmative Defenses or Answer, including all Documents upon which you may rely at trial.

### OBJECTION TO REQUEST NO. 2

The Answering Defendants object to Request No. 2 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case. Answering Defendants further object to Request No. 2 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

### ANSWER TO REQUEST NO. 2

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents. Answering Defendants are currently seeking additional responsive documents.


3.    All Documents and Communications that support, relate to, or which were consulted for any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case. Please note your continuing obligation to supplement this request pursuant to Federal Rule of Civil Procedure 26(e).

### OBJECTION TO REQUEST NO. 3

The Answering Defendants object to Request No. 3 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's

claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case. Answering Defendants further object to Request No. 3 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

## ANSWER TO REQUEST NO. 3

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.

4.    All Documents referred to in responding to any discovery in case, including any interrogatories or requests for admission.

## OBJECTION TO REQUEST NO. 4

The Answering Defendants object to Request No. 4 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case. Answering Defendants further object to Request No. 4 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

## ANSWER TO REQUEST NO. 4

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.

5.    All Documents that you may use in this case at any deposition, hearing, motion, or at trial.

### **OBJECTION TO REQUEST NO. 5**

The Answering Defendants object to Request No. 5 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

### **ANSWER TO REQUEST NO. 5**

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.

6.    All Documents obtained from third parties regarding Plaintiffs, Decedent, witnesses involved in this litigation, and/or the allegations in Plaintiffs' Complaint (via subpoena or otherwise).

### **OBJECTION TO REQUEST NO. 6**

The Answering Defendants object to Request No. 6 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

### **ANSWER TO REQUEST NO. 6**

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.

7.      The Decedent's full and complete inmate file and/or Master File.

## OBJECTION TO REQUEST NO. 7

The Answering Defendants object to Request No. 7 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 7

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.

8.      All Documents relating to Complaints (including grievances) made by or on behalf of Decedent, and the disposition of any Complaints, including but not limited to any responses by any person.

## OBJECTION TO REQUEST NO. 8

The Answering Defendants object to Request No. 8 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 8

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: none in the possession of Answering Defendants.

9.     All medical and mental health records pertaining to Decedent, including but not limited to intake evaluation records and/or any other records of medical evaluations, prescription orders, medication administration records, progress notes and/or any other records documenting medical evaluation and/or treatment, records of testing, results of any testing, laboratory reports, mental health evaluations and/or any other records of mental health treatment, requests for approval to refer Decedent for treatment by a third-party healthcare provider, approval and/or denial of a referral for Decedent for treatment by a third-party healthcare provider, and any Communication(s) made to any third-party healthcare provider(s).

### OBJECTION TO REQUEST NO. 9

The Answering Defendants object to Request No. 9 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

### ANSWER TO REQUEST NO. 9

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.

10.    All Documents relating to requests for evaluation and/or treatment made by or on behalf of Decedent, and the disposition of any requests (including any responses). This request includes but is not limited to sick call slips, sick call logs, request forms, "kites," letters, or similar Documents reflecting a request for evaluation and/or treatment for Decedent.

## OBJECTION TO REQUEST NO. 10

The Answering Defendants object to Request No. 10 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 10

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.

11.    All Documents containing, constituting, and/or memorializing Communications of any kind relating to Plaintiff, Decedent, or any of the allegations or events described in Plaintiff's Complaint. This request includes but is not limited to the following Communications:

    a.    All Communications between any of the Defendants and Decedent;

    b.    All Communications amongst any of the Defendants;

    c.    All Communications between any of the Defendants and any third-party healthcare provider(s) or one or more of the healthcare provider's employee(s) or agent(s);

    d.    All Communications between any of the Defendants and any other Person.

Please note, as detailed in the Definitions above, that "Communications" includes memos, letters, notes, facsimiles, electronic mail, mail, text messages, reports, photographs, audio recordings, and video recordings.

## OBJECTION TO REQUEST NO. 11

The Answering Defendants object to Request No. 11 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case. Answering Defendants further object to Request No. 11 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

## ANSWER TO REQUEST NO. 11

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents. Answering Defendants are currently seeking additional responsive documents.

12.     All other Documents and Communications relating to Decedent not produced in response to Requests No. 7–11, above, including but not limited to incident reports, cumulative counseling summaries, offender tracking system records, disciplinary cards, inmate records, meeting notes, logs, orders, referrals, statements, reports, personal notes, or personal files of any kind.

### OBJECTION TO REQUEST NO. 12

The Answering Defendants object to Request No. 11 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.  Answering Defendants further object to Request No. 12 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

### ANSWER TO REQUEST NO. 12

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.


13.     Any witness statements relating to any of the allegations in Plaintiff's Complaint.

### OBJECTION TO REQUEST NO. 13

The Answering Defendants object to Request No. 13 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.  Answering Defendants further object to Request No. 13 to the extent that it

seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

## ANSWER TO REQUEST NO. 13

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.

14.    All Documents containing, constituting, and/or memorializing Communications of any kind between any of the Defendants, or their counsel, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations in Plaintiff's Complaint or Defendants' Answers or Affirmative Defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Federal Rule of Civil Procedure 26 or in response to interrogatories, relating to Plaintiff and/or the allegations in Plaintiff's Complaint.

## OBJECTION TO REQUEST NO. 14

The Answering Defendants object to Request No. 14 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case. Answering Defendants further object to Request No. 14 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

## ANSWER TO REQUEST NO. 14

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents. Answering Defendants are currently seeking additional responsive documents.

15.     All Documents relating to any and all criminal convictions of any Person identified by any of the parties under Rule 26 or identified by any party in response to interrogatories. Please note your continuing obligation to supplement this request pursuant to Rule 26(e), which remains ongoing as discovery progresses, and be advised that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

## OBJECTION TO REQUEST NO. 15

The Answering Defendants object to Request No. 15 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 15

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: none in the possession of Answering Defendants.

16.     Full and unredacted copies of any insurance policies, contracts, or indemnification agreements that could or might provide coverage to any of the Defendants for any of the allegations in Plaintiff's Complaint.

## OBJECTION TO REQUEST NO. 16

The Answering Defendants object to Request No. 16 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 16

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents for the declarations pages of the applicable policy.

17.     All Documents sufficient to show the identities of all ACH employees or agents who evaluated, provided medical or mental health care to, communicated about, or administered medication to Decedent at any point between December 20, 2019 and the present.

## OBJECTION TO REQUEST NO. 17

The Answering Defendants object to Request No. 17 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.  Answering Defendants further object to Request No. 17 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges.

The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

### ANSWER TO REQUEST NO. 17

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: at the time of the incident, ACH contracted to provide certain services at the Monroe County Jail.  ACH has an agreement with USA Medical Staffing, a Wisconsin professional service corporation.   USA Medical Staffing employed RN Amber Fennigkoh, Nurse Practitioner Lisa Pisney, and Qualified Mental Health Professional Vicki Riley at Monroe County Jail at the time of the incident.  See attached documents.

18.     All Documents reflecting the job descriptions, duties, and responsibilities of the positions held by each of the Individual Defendants from August 30, 2012 through the present.  If one or more of the Individual Defendants were not employed by either ACH or Monroe County on August 30, 2012, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions they held from the date of their hiring or retention through the present.  If one or more of the Individual Defendants are no longer employed by either ACH or Monroe County, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions held from August 30, 2012 through the last date of their employment or retention with ACH or Monroe County.

### OBJECTION TO REQUEST NO. 18

The Answering Defendants object to Request No. 18 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's

claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 18

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: at the time of the incident, ACH contracted to provide certain services at the Monroe County Jail. ACH has an agreement with USA Medical Staffing, a Wisconsin professional service corporation. USA Medical Staffing employed RN Amber Fennigkoh and Nurse Practitioner Lisa Pisney at Monroe County Jail at the time of the incident. See attached documents for documents related to Nurse Fennigkoh. Answering Defendants are currently seeking additional responsive documents.

19.     The complete personnel file, employee file, and/or contractor file for each of the Individual Defendants, including but not limited to employment applications, resumes, job requirements and qualifications, employment records, employment evaluations, personnel files, performance evaluations, performance appraisal, peer reviews, collegial reviews, training histories, records of training received, disciplinary records, Complaints, and any other documents relating to employment.

## OBJECTION TO REQUEST NO. 19

The Answering Defendants object to Request No. 19 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case. Answering Defendants further object to Request No. 19 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges.

The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

## **ANSWER TO REQUEST NO. 19**

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents for documents related to Nurse Fennigkoh.  Answering Defendants are currently seeking additional responsive documents.

20.     All Documents relating to the credentials and qualifications, including but not limited to medical credentials, of each of the Individual Defendants.  This request includes but is not limited to proof of licensing, certification, and/or registration; all Communications to and from state licensing bodies, certifying, and/or disciplinary bodies; resumes or curriculum vitae; and all training records.

## **OBJECTION TO REQUEST NO. 20**

The Answering Defendants object to Request No. 20 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## **ANSWER TO REQUEST NO. 20**

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents for documents related to Nurse Fennigkoh.  Answering Defendants are currently seeking additional responsive documents.

21.     All Documents relating to any Individual Defendant's hiring, promotion, demotion, pay raise, pay cut, employee review, duties, disciplinary review, commendation, reprimand, censure, termination, or resignation in the course of his or her employment with ACH or Monroe County, including Communications by Defendants or their agent(s) on those subjects.

## OBJECTION TO REQUEST NO. 21

The Answering Defendants object to Request No. 21 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.  Answering Defendants further object to Request No. 21 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

## ANSWER TO REQUEST NO. 21

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: at the time of the incident, ACH contracted to provide certain services at the Monroe County Jail.  ACH has an agreement with USA Medical Staffing, a Wisconsin professional service corporation.  USA Medical Staffing employed RN Amber Fennigkoh and Nurse Practitioner Lisa Pisney at Monroe County Jail at the time of the incident. See attached documents for documents related to Nurse Fennigkoh.  Answering Defendants are currently seeking additional responsive documents.

22. All Documents relating to any and all arrests, detentions, prosecutions, and criminal history of any Individual Defendant, including but not limited to arrest reports, offense reports, criminal complaints, certified convictions, or sentencing Documents.

### OBJECTION TO REQUEST NO. 22

The Answering Defendants object to Request No. 22 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

### ANSWER TO REQUEST NO. 22

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: none in the possession of the Answering Defendants.


23. Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of ACH, Monroe County, and/or policies and practices in place at the Jail at any time during any of the events or circumstances described in Plaintiff's Complaint.

### OBJECTION TO REQUEST NO. 23

The Answering Defendants object to Request No. 23 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 23

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: none in the possession of the Answering Defendants.

24.     Documents in your possession relating to any investigation undertaken by Defendants or the Sheriff's Office, or other Person, into Decedent, her death, or any of the allegations in Plaintiff's Complaint, including any and all attachments and any investigator notes.

## OBJECTION TO REQUEST NO. 24

The Answering Defendants object to Request No. 24 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case. Answering Defendants further object to Request No. 24 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

## ANSWER TO REQUEST NO. 24

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: no non-privileged documents in the possession of the Answering Defendants.

25.    Documents relating to any Complaint of any Person alleging any kind of misconduct committed by any Individual Defendant within the scope of his or her employment at Lawrence.

### OBJECTION TO REQUEST NO. 25

The Answering Defendants object to Request No. 25 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

### ANSWER TO REQUEST NO. 25

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: none in the possession of the Answering Defendants.

26.    Documents relating to training given to and/or given by each of the Individual Defendants pertaining to providing prisoners access to medical and mental health care, responding to prisoners' requests for medical or mental health care, evaluating prisoners' medical or mental health Complaints, providing medical or mental health treatment to detainees, providing medication to prisoners, and/or referring prisoners for treatment by an outside healthcare provider. This request includes any training manuals, employment manuals, employee handbooks, procedural guides, or similar Documents provided to any of the Individual Defendants.

### OBJECTION TO REQUEST NO. 26

The Answering Defendants object to Request No. 26 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's

claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 26

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents for documents related to Nurse Fennigkoh. Answering Defendants are currently seeking additional responsive documents.

27.     Documents relating to deaths from medical conditions of persons incarcerated at facilities serviced by ACH between January 1, 2011 through the present, including but not limited to medical records, death reviews, mortality and morbidity reports, investigative Documents, incident reports, and Communications. This request includes persons who died at the facilities themselves, as well as persons (like Decedent) who suffered from medical events at the facility and died after being transported out of the facility to an outside medical provider.

## OBJECTION TO REQUEST NO. 27

The Answering Defendants object to Request No. 27 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case. Answering Defendants further object to Request No. 27 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

**ANSWER TO REQUEST NO. 27**

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: Answering Defendants are aware of the following deaths due to alleged heart attack since 2016:

- Javier Mata;

- Michael Benford;

- Jordan Kirkwood; and

- Stanley Primm.

See attached documents for records related to Javier Mata. Answering Defendants are currently seeking additional responsive documents.

28. Documents relating to all Complaints (limited to legal proceedings) between January 1, 2011 and the present by persons (or representatives or such persons or of their estates) who are current or former detainees or prisoners of facilities serviced by ACH concerning

    a. failure or delay in referral to an off-site facility for medical care;

    b. failure or delay in providing appropriate medication;

    c. failure to provide continuity of care;

    d. failure or delay in differential diagnosis.

**OBJECTION TO REQUEST NO. 28**

The Answering Defendants object to Request No. 28 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case. Answering Defendants further object to Request No. 28 to the extent that it

seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

**ANSWER TO REQUEST NO. 28**

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: ACH has been named as a defendant in the following lawsuits in the State of Wisconsin:

- Estate of Dante Wilson v. Advanced Correctional Healthcare, Inc., *et al*, W.D. Wis., No. 3:17-cv-00737-wmc;

- Angela Glodowski v. Kristin Pagels, *et al*, W.D. Wis., No. 3:18-cv-00151-bbc;

- Adams v Butler, *et al*, E.D. Wis., No. 2:17-cv-00245-PP;

- Clubb v. Marinette County, *et al*, E.D. Wis., No. 1:20-cv-01683-WCG;

- Frehr v. The County of Marinette, *et al*, E.D. Wis., No. 1:20-cv-00691-PP;

- Ruffin-Traylor et al v. Butler, *et al*, E.D. Wis., No. 2:19-cv-01521-JPS;

- McCranie v. Hekman, *et al*, E.D. Wis., No. 2:18-cv-00722-WED;

- Urquhart v. Roeseler, *et al*, E.D. Wis., No. 2:18-cv-00879-JPS;

- Pulera v. Sarzant, *et al*, E.D. Wis., No. 2:15-cv-00461-WCG;

- Mitchell v. Richter, *et al*, E.D. Wis., No. 2:15-cv-01520-JPS;

- Mapes v Washington County, *et al*, E.D. Wis., No. 2:18-cv-01977-JPS;

- Lamb v. Advanced Correctional Healthcare Inc, *et al*, E.D. Wis., No. 1:17-cv-00383-WCG;

- Teteak et al v. The County of Marinette, *et al*, E.D. Wis., No. 1:18-cv-00667-WCG;

- Kopp v. The County of Marinette, *et al*, E.D. Wis., No. 1:18-cv-01786-WCG;

- <u>Betts v. Butler</u>, E.D. Wis., No. 2:16-cv-00734-WCG;

- <u>Koch v. Advanced Correctional Healthcare Inc</u>, E.D. Wis., No. 2:17-cv-00127-NJ;

- <u>Zdroik v. Reimann et al</u>, E.D. Wis., E.D. Wis., No. 2:18-cv-00244-JPS;

- <u>Williams v. County of Racine et al</u>, E.D. Wis., No. 2:18-cv-01020-LA;

- <u>William M Gates vs. Advanced Correctional Healthcare</u>, Richland County Cir. Ct. No. 2015SC000104; and

- <u>Michael John Foster vs. Jefferson County Sheriff's Department</u>, Jefferson County Cir. Ct. No. 2019SC001856.

ACH is aware following suits that involved an alleged failure to treat heart attack since 2016:

- <u>Urquhart v. Roeseler, *et al*</u>, E.D. Wis., No. 2:18-cv-00879-JPS;

- <u>Estate of Dante Wilson v. Advanced Correctional Healthcare, Inc., *et al*</u>, W.D. Wis., No. 3:17-cv-00737-wmc;

- <u>Cox v. Callaway County, Missouri, et al</u>, W.D. Mo. No. 2:18-cv-04045-NKL;

- <u>Messamore v. Hopkins County, Kentucky et al</u>, W.D. Ky. No. 4:19-cv-00036-JHM-HBB; and

- <u>Oliver v. Greenwell et al</u>, E.D. Mo. No. 1:19-cv-00137-ACL.

See attached documents for relevant records related to the <u>Urquhart</u> and <u>Wilson</u> matters. Answering Defendants are currently seeking additional responsive documents.

29.    All marketing materials provided by ACH to Monroe County between January 1, 2010 and the present.

### OBJECTION TO REQUEST NO. 29

The Answering Defendants object to Request No. 29 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

### ANSWER TO REQUEST NO. 29

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.

30.    All Documents, including but not limited to manuals, protocols, procedural guides, rules, policies, practices, guidelines, and training materials, from the period of August 30, 2012 to through the present (including any changes to any of the above-mentioned materials) regarding the following subjects:

    a.  Prevention, detection, and treatment of medical emergencies, including but not limited to heart attack;

    b.  Access to medical evaluation by detainees;

    c.  Medical services provided at Monroe County Jail;

    d.  The provision of medical care via "on-call" services, *see* Section 1.24.2 of the contract between ACH and Monroe County, (*see* Boyer v. ACH, et al., Plaintiff 000018);

    e.  Referral of detainees to off-site medical facilities;

f.   Communications among County and ACH employees or agents regarding a
     detainees' health, including any Complaints;

g.   Requests by prisoners for medical attention, evaluation, or treatment;

h.   Healthcare staffing levels at the Monroe County Jail;

i.   Cost Containment

j.   Utilization Management

k.   Risk Management programs

l.   NCCHC Compliance

## **OBJECTION TO REQUEST NO. 30**

The Answering Defendants object to Request No. 30 on the grounds that it is overly broad
in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's
claims or defenses, and for which the burden or expense of production is disproportionate to the
needs of the case.

## **ANSWER TO REQUEST NO. 30**

Subject to and without waiver or limitation of the objections contained herein, the
Answering Defendants respond as follows: see attached documents.  Answering Defendants are
currently seeking additional responsive documents.

31.     All training videos provided to Monroe County pursuant to Section 1.0 of the agreement between ACH and Monroe County (and any amendments thereto) between January 1, 2012 and the present.  *See* Bates Boyer v. ACH, et al., Plaintiff 000017.

## OBJECTION TO REQUEST NO. 31

The Answering Defendants object to Request No. 31 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 31

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.


32.     Produce all Documents relating to CQI meetings described in Section 1.3 of the agreement between ACH and Monroe County (and any amendments thereto) between August 30, 2012 and the present.  *See* Bates Boyer v. ACH, et al., Plaintiff 000017.

## OBJECTION TO REQUEST NO. 32

The Answering Defendants object to Request No. 32 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 32

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.  Answering Defendants are currently seeking additional responsive documents.


33.     Produce copies of all Documents provided by ACH to inmates of the Monroe County Jail pursuant to Section 1.8 agreement between ACH and Monroe County (and any amendments thereto) between January 1, 2012 and the present.  *See* Bates Boyer v. ACH, et al., Plaintiff 000018.

## OBJECTION TO REQUEST NO. 33

The Answering Defendants object to Request No. 33 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 33

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.

34.    Produce all Documents relating to the implementation and provision of each of the services described in Section 1.11 of the agreement between ACH and Monroe County (and any amendments thereto) between January 1, 2012 and the present.  *See* Bates Boyer v. ACH, et al., Plaintiff 000018.

## OBJECTION TO REQUEST NO. 34

The Answering Defendants object to Request No. 34 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 34

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: Answering Defendants are currently seeking responsive documents.


35.    Produce all Documents relating to the implementation and provision of each of the services described in Section 1.18 of the agreement between ACH and Monroe County (and any amendments thereto) between January 1, 2012 and the present.  *See* Bates Boyer v. ACH, et al., Plaintiff 000018.

## OBJECTION TO REQUEST NO. 35

The Answering Defendants object to Request No. 35 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

**ANSWER TO REQUEST NO. 35**

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.

36.    Produce a floorplan of the Monroe County Jail as it existed in December 2019.

**OBJECTION TO REQUEST NO. 36**

The Answering Defendants object to Request No. 36 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

**ANSWER TO REQUEST NO. 36**

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: none in the possession of the Answering Defendants.

37.    Produce document [*sic.*] sufficient to show all detainees at the Monroe Count [*sic.*] Jail between December 20, 2019 and December 30, 2019, including the detainee's name, jail number, home address, and phone number.

**OBJECTION TO REQUEST NO. 37**

The Answering Defendants object to Request No. 37 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 37

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: none in the possession of the Answering Defendants.

38.     Produce employee and contractor rosters and time sheets for the Monroe County Jail for December 20, 2019 to December 30, 2019. For each person identified in documents responsive to this request, produce documents sufficient to show the person's address and telephone number.

## OBJECTION TO REQUEST NO. 38

The Answering Defendants object to Request No. 38 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 38

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: at the time of the incident, ACH contracted to provide certain services at the Monroe County Jail.  ACH has an agreement with USA Medical Staffing, a Wisconsin professional service corporation.  USA Medical Staffing employed RN Amber Fennigkoh, RN Kelly Bina, RN Kimberly Jewett, Qualified Mental Health Professional Vicki Riley, and Nurse Practitioner Lisa Pisney at Monroe County Jail at the time of the incident. Answering Defendants are currently seeking responsive documents.

39.    Produce documents sufficient to show each person currently employed (either as employee, agent, or contractor) by the Monroe County Sheriff to provide services at the Monroe County Jail.

## OBJECTION TO REQUEST NO. 39

The Answering Defendants object to Request No. 39 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 36

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: none in the possession of Answering Defendants.


40.    Produce documents sufficient to show each person currently employed (either as employee, agent, or contractor) by ACH to provide services at the Monroe County Jail.

## OBJECTION TO REQUEST NO. 40

The Answering Defendants object to Request No. 40 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 40

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: at the time of the incident, ACH contracted to provide certain services at the Monroe County Jail.  ACH has an agreement with USA Medical Staffing, a

Wisconsin professional service corporation.  USA Medical Staffing employed RN Amber Fennigkoh, RN Kelly Bina, RN Kimberly Jewett, Qualified Mental Health Professional Vicki Riley, and Nurse Practitioner Lisa Pisney at Monroe County Jail at the time of the incident.

41.     Produce the following with respect to Section 1.24.2 of the agreement between ACH and Monroe County (and any amendments thereto) between January 1, 2019 and July 31, 2020 (*See* Bates Boyer v. ACH, et al., Plaintiff 000018):

    a.  Documents sufficient to show the times and dates of all visits to the Monroe County Jail by physicians, including the time and date of visit, and the name, address, phone number, employer, and medical licensure of the physician.

    b.  Documents sufficient to show the times and dates of all visits to the Monroe County Jail by Mid-Level Practitioners, including the time and date of visit, and the name, address, phone number, employer, and medical licensure of the Mid-Level Practitioners.

    c.  All documents reflecting approval by the Sheriff's Office pursuant to the clause of Section 1.24.2 stating, "A MID-LEVEL PRACTITIONER will only be used with the approval of the SHERIFF."

    d.  Documents sufficient to show the schedule and roster of all persons who were provided for on-call services pursuant to Section 1.24.2 ("The physicians and/or MID-LEVEL PRACTITIONER will be available by telephone to the FACILITY and medical staff on an on-call basis, seven (7) days per week, twenty-four (24) hours per day.") including the following information for each

person made available:  name, address, phone number, employer, and medical licensure.

**OBJECTION TO REQUEST NO. 41**

The Answering Defendants object to Request No. 41 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

**ANSWER TO REQUEST NO. 41**

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: Answering Defendants are currently seeking responsive documents.

42.     All audio or visual materials, including Documents memorializing the same, depicting or relating to any of the allegations in Plaintiff's Complaint.  This request includes but is not limited to photographs, video recordings, audio recordings, radio recordings, transmissions, and recordings of emergency or non-emergency phone calls.

**OBJECTION TO REQUEST NO. 42**

The Answering Defendants object to Request No. 42 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 42

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.

43.     All physical evidence relating to any of the allegations in Plaintiff's Complaint of any of Defendants' defenses to Plaintiff's Complaint.

## OBJECTION TO REQUEST NO. 43

The Answering Defendants object to Request No. 43 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 43

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: the medications that Ms. Boyer brought to the Monroe County Jail are currently stored at the facility.  However, the Answering Defendants do not have control over the medications.  These items are in the control of the Monroe County Jail.

44.     Any and all demonstrative aids or exhibits which may be used at trial.  Please note your continuing obligation to supplement this request pursuant to Rule 26(e).

## ANSWER TO REQUEST NO. 44

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: Answering Defendants have not yet determined what

37

exhibits they intend to use at trial and will provide their exhibits in accordance with any applicable scheduling order and/or the Federal Rules of Civil Procedure.

45.     All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to:

a.   All Communications to and from said expert(s);

b.   All Documents provided to and/or relied upon by said expert(s);

c.   All notes, reports, and analyses by said expert(s), including any handwritten markings on any materials provided to the expert(s);

d.   All bills or statements of the hours and compensation paid to or billed by the expert(s) for work on this matter; and

e.   Any transcripts of prior testimony of Rule 26 reports of said expert(s).

Please note your continuing obligation to supplement this request pursuant to Federal Rule of Civil Procedure 26(e).

## **OBJECTION TO REQUEST NO. 45**

The Answering Defendants object to Request No. 45 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.  The Answering Defendants further object to Request No. 45 to the extent it seeks communications between any expert and counsel as such communications are privileged.  In addition, Answering Defendants further object to Request No. 45 to the extent it seeks the draft reports of experts, which are protected work product.

**ANSWER TO REQUEST NO. 45**

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: Answering Defendants have not yet determined what experts they intend to disclose for use at trial and will and will disclose the required materials in accordance with any applicable scheduling order and/or the Federal Rules of Civil Procedure.

46.     All Documents identifying any policymaker who was responsible for or had final policymaking authority for any policy, procedure, or practice on any of the subjects identified in Plaintiff's Request for Production No. 30, above.

**OBJECTION TO REQUEST NO. 46**

The Answering Defendants object to Request No. 46 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

**ANSWER TO REQUEST NO. 46**

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: Answering Defendants are currently seeking responsive documents.

47.     All Document relating to any effort of the policymakers identified by Plaintiff's Request for Production No. 48 to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any policy,

procedure, or practice on any of the subjects identified in Plaintiff's Request for Production No. 30, above.

## OBJECTION TO REQUEST NO. 47

The Answering Defendants object to Request No. 47 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 47

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents. Answering Defendants are currently seeking additional responsive documents.

48.    All Documents relating to the supervision, discipline, evaluations, and oversight of medical staff or healthcare employees at or providing services to the Monroe County Jail. This request includes but is not limited to Documents regarding the chain of command at the Monroe County Jail / ACH, and policies, rules, regulations, or the like governing supervision, oversight, and discipline of medical staff or healthcare employees (including certified medical technicians) at Monroe County Jail / ACH.

## OBJECTION TO REQUEST NO. 48

The Answering Defendants object to Request No. 48 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 48

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents. Answering Defendants are currently seeking additional responsive documents.

49.    All Documents relating to administration and assessment of the healthcare services provided at Monroe County Jail from August 30, 2012 to the present. This request includes but is not limited to all Documents related to:

    a.    Complete and unredacted contracts for services, requests for bids and any bids submitted by other healthcare providers;

    b.    Contract compliance monitoring or audits, all healthcare contract performance summary reports, primary medical service reports, and flash reports;

    c.    Quality assurance or continuous quality improvement processes, including continuous quality improvement reports for the above-mentioned facilities, governing body continuous quality improvement reports, as well as all studies, audits, presentation, reviews of grievances, notes, and other attachments to such Documents;

    d.    External and internal audits of healthcare services at Lawrence (or the IDOC as a whole), including audits of treatment protocols, performance-based audit reports;

    e.    Accreditation evaluations or mock evaluations; and

    f.    Meetings and minutes of meetings regarding healthcare at Lawrence (or the IDOC as a whole) attended by Wexford or the IDOC; and

g.   Communications relating to parts a–e, above.

## OBJECTION TO REQUEST NO. 49

The Answering Defendants object to Request No. 49 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 49

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see attached documents.  Answering Defendants are currently seeking additional responsive documents.


50.    All Documents relating to any lawsuit or Complaint to which any Defendant except ACH has ever been a party.  This request is limited to the last ten years.

## OBJECTION TO REQUEST NO. 50

The Answering Defendants object to Request No. 50 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.  Answering Defendants further object to Request No. 50 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

**ANSWER TO REQUEST NO. 50**

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: none in the possession of the Answering Defendants.

51.     All Documents relating to any lawsuit or Complaint to which ACH has ever been a party regarding any of the following, including but not limited to policies and practices relating to the following:

      a.  Failure or delay in making off-site referral for emergent care;

      b.  Failure to identify medical needs;

      c.  Failure or delay in providing appropriate medication;

      d.  Failure to consult with physician or specialist relating to appropriate care;

      e.  Failure or delay in responding to symptoms of heart attack;

      f.  Failure of to ensure continuity of care;

      g.  Insufficient or underqualified medical staffing, including on-call staffing;

      h.  Failure to ensure differential diagnosis.

**OBJECTION TO REQUEST NO. 51**

The Answering Defendants object to Request No. 51 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.  Answering Defendants further object to Request No. 51 to the extent that it seeks information protected by the attorney-client, work product and/or peer review privileges. The Answering Defendants will not produce any communications to or from counsel for the purpose of obtaining legal representation or counsel or made during any internal peer review.

## ANSWER TO REQUEST NO. 51

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: see Answering Defendants' response to Request No. 28.

52.    All Documents relating to the organization of ACH as a corporate entity, including but not limited to all organizational charts, incorporation Documents, statements of organization, and state registration Documents.

## OBJECTION TO REQUEST NO. 52

The Answering Defendants object to Request No. 52 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

## ANSWER TO REQUEST NO. 52

Subject to and without waiver or limitation of the objections contained herein, the Answering Defendants respond as follows: Answering Defendants are currently seeking responsive documents.

53.    (*To all defendants except Monroe County*) All Documents in your possession, custody, or control that would support or rebut a contention by any of the Defendants that an award of punitive damages would cause a financial hardship to that Defendant.

### OBJECTION TO REQUEST NO. 53

The Answering Defendants object to Request No. 53 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.

54.    (*To all defendants except Monroe County*) All Documents relating to your net worth, including the following:

    a.   All Documents relating to any assets in your possession with a value in excess of $2,500;

    b.   Copies of all monthly statements for the period of January 2010 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;

    c.   Copies of any insurance policies in which you are either the beneficiary or have any other ownership interest;

    d.   A copy of the deed to your residence.  If you do not own your home, please produce a copy of a current lease;

    e.   A copy of the title to your automobiles, as well as a copy of all documentations relating to financing, ownership, and any equity you may have in said automobiles;

f.  All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

g.  A copy of your last four pay stubs relating to any employment in which you are engaged;

h.  All Documents relating to any mortgage applications signed by you in the past three years; and

i.  Copies of your last three state and federal income tax returns.

## <u>OBJECTION TO REQUEST NO. 54</u>

The Answering Defendants object to Request No. 54 on the grounds that it is overly broad in scope, oppressive, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and for which the burden or expense of production is disproportionate to the needs of the case.


**LEIB KNOTT GAYNOR LLC**

Dated: <u>June 2, 2021</u>          By: <u>*/s/ Charles R. Starnes*</u>
                                            Douglas S. Knott, SBN 1001600
                                            Charles R. Starnes, SBN 1113293
                                            Attorneys for Defendants Advanced Correctional
                                            Healthcare, Inc., Lisa Pisney and Amber Fennigkoh
                                            219 N. Milwaukee Street, Suite 710
                                            Milwaukee, WI 53202
                                            Telephone: (414) 276-2109
                                            Fax (414) 276-2140
                                            Email  dknott@lkglaw.net
                                                                cstarnes@lkglaw.net