## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

Gregory Boyer, as Administrator of the Estate
of Christine Boyer, and on his own behalf,

                Plaintiff,

        v.

Advanced Correctional Healthcare, Inc., *et
al.*,

                Defendants.

Case No: 20-cv-1123

Judge James D. Peterson

Magistrate Judge Stephen L. Crocker

### PLAINTIFF'S MOTION LEAVE TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and the Court's Text Orders, ECF

80 and ECF 93, Plaintiff, through his undersigned counsel, moves the Court for leave to file an

amended complaint in this matter.  In support of his motion, Plaintiff states:

### BACKGROUND

In this case, Plaintiff alleges Christine Boyer showed multiple signs of heart attack during

her detention at the Monroe County Jail, but the medical and correctional staff responsible for

her safety failed to send her to the emergency room located across the street, after which she

suffered a fatal heart attack.  In addition to suing persons immediately involved in Ms. Boyer's

care, Plaintiff asserts *Monell* municipal liability claims against Monroe County its medical

contractor, Advanced Correctional Healthcare, Inc. ("ACH").  Plaintiff also asserts supervisory

liability claims against Stan Hendrickson, the jail's superintendent.  In support of his claims

against these three defendants, Plaintiff alleged that they allowed to flourish widespread

practices in which detained people under their care had their serious medical needs ignored.

ECF 26 ¶¶ 38-58.  Plaintiff's *Monell* claim against Monroe County was additionally based on a

1

final-policymaker theory of liability. *Id.* ¶ 49. Plaintiff refers to these generally as his *Monell* claims.

Monroe County, ACH, and Mr. Hendrickson filed Rule 12(c) motions for judgment on the pleadings, arguing principally that Plaintiff's complaint failed sufficiently to make *Monell* allegations because it did not identify other specific instances of inadequate medical care. ECF 46, 72. At the same time, Plaintiff brought motions to compel certain *Monell* discovery going to his *Monell*. In light of the cross-motions, the Court held hearings on March 25 and April 20. At those hearings, it ordered [1] that Plaintiff be allowed to gather certain discovery, [2] that briefing on the defendants' Rule 12(c) motions be held in abeyance, and [3] that after Plaintiff should address the Rule 12(c) motions after having had a chance to process the discovery, either by filing a consolidated response to the Rule 12(c) motions themselves, or by seeking leave to amend his complaint, pursuant to Rule 15. *See* ECF 80.

Plaintiff has explained why the defendants' Rule 12(c) motions are incorrectly premised and why the existing complaint sufficiently pleads his *Monell* claims. *See* ECF 56. Plaintiff respectfully submits that the more efficient course is to seek leave to file an amended complaint pursuant to Rule 15(a)(2), as the Court's orders contemplate. A proposed amended complaint is appended to this motion as **Ex. 1**. Plaintiff sets out the grounds for his Rule 15(a)(2) motion below.

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be given "freely . . . when justice so requires." As the Seventh Circuit has "repeatedly" explained, "[o]rdinarily . . . a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is

dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). *See also Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("That leave be 'freely given' is especially advisable when such permission is sought after the dismissal of the first complaint."). Thus, "[d]istrict courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

The exception to the rule favoring such amendments is if the plaintiff has engaged in bad faith or dilatory tactics, the amendment would cause undue delay or prejudice to the defendant, or the amendment is certain to be futile. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Plaintiff respectfully submits that this motion is not the result of bad faith, dilatory tactics, or undue delay. It arises, instead, from Rule 12(c) motions filed by the defendants in the middle of discovery. An amended complaint addressing the arguments made in the Rule 12(c) motions promises to save resources by avoiding the need for additional briefing or the drafting of lengthy decisions on the Rule 12(c) motions.

Nor would Plaintiff's proposed amended complaint be futile, as it addresses the deficiencies that the defendants purport to find in their Rule 12(c) motions. Specifically:

***ACH's national practices***. The amended complaint alleges that ACH, a national healthcare company, has provided inadequate, care across the country with numerous, specific catastrophic results. *See* Ex. 1 ¶¶ 39-75. ACH has argued elsewhere that incidents outside of Monroe County are irrelevant to Plaintiff's *Monell* claims. *See, e.g.*, ECF 67 at 4-5. That argument misunderstands *Monell* liability. Since most cases involve governmental entities it is

to be expected that most *Monell* claims generally will involve actions in a single jurisdiction.

Courts, however, have repeatedly held that in cases of correctional medical companies—like

ACH—with nationwide businesses, their nationwide practices are relevant for *Monell*

widespread practice analysis. In *Shields v. Prince George's County*, No. GJH-15-1736, 2016

WL 4581327 (D. Md. Sept. 1, 2016), a private medical provider, Corizon, argued that the

plaintiff's *Monell* claims are invalid, because "none of [the *Monell* widespread-practice]

allegations relate to the facility or even the state at issue in this case." 2016 WL 4581327, at *9.

*Sheilds* rejected that argument: it "is to be expected . . . [that] most . . . cases applying the *Monell*

framework[] involve local police departments or other municipalities. . . . But Corizon is a

company that provides healthcare services to state and county correctional facilities and jails

nationwide. Thus, *its activities in a variety of states* can be, and in this case are, relevant to the

issue of custom and policy here." *Id.* (quotation omitted, emphasis added)).

Similarly, in *Shadrick v. Hopkins County, Kentucky*, 805 F.3d 724, 733 (6th Cir. 2015),

the Sixth Circuit addressed a similar argument by medical contractor Southern Health Partners,

Inc. ("SHP"), which maintained contracts with 198 jail facilities across ten states, *id.* at 733,

holding that "evidence about similar incidents of inmate deaths in jail facilities served by SHP

may be relevant to whether SHP acted with deliberate indifference to the medical needs of

inmates with whom its nurses came into contact at [the facility at issue in the lawsuit]." *Id.* at

744. Other courts have held the same. *See, e.g.*, *Herr v. Armor Corr. Health Servs., Inc.*, No.

6:19-CV-394, 2019 WL 12021672, at *5 (M.D. Fla. Sept. 9, 2019) (noting the plaintiff has

pointed to "evidence . . [of] similar incidents involving Defendant [Armor] in other county jails

in Florida and in Volusia County," an "allegation [that] is bolstered by Plaintiff's assertion she

will show other similar incidents of Armor's *inadequate medical care resulting in the death of*

*inmates and initiating 100 lawsuits around the country*, including two arising out of care provided in Volusia County. Taking these allegations as true, Plaintiff has sufficiently alleged Armor has a policy or custom of repeated delayed or denied medical care that directly resulted in the constitutional violation and Mr. Herr's death." (emphasis added)); *Wiley v. Young*, No. 21-CV-599, 2022 WL 488144, at *4 (S.D. Ill. Feb. 17, 2022) ("Plaintiff alleges that Wexford maintained a de facto policy/practice throughout McCullough's incarceration of providing inadequate health care to IDOC inmates throughout the state, which amounted to deliberate indifference. In this context, McCullough's transfer from Pinckneyville to Danville has no effect on Plaintiff's claim against Wexford."). These cases stand for the proposition that where a company operates in multiple facilities, the care it delivers in those facilities is relevant, even if they are in other jurisdictions.

  ***Monroe County practices.*** Plaintiff has also alleged a number of instances of inadequate and dangerous medical care at the Monroe County Jail. *See* Ex. 1 ¶¶ 76-95. Such incidents address the Monroe County defendants' Rule 12(c) demand that Plaintiff allege specific instances of inadequate care.

  ***Policy discussion****.* Plaintiff has also alleged that instances of inadequate care medical care flow from deliberate policy choices made by the *Monell* defendants and Mr. Hendrickson. Ex. 1 ¶¶ 96-116. These allegations, among other things, detail Mr. Hendrickson's personal involvement in policy decisions that created extreme risk for Ms. Boyer's death. *Id.* ¶¶ 106-07. These allegations, along with the allegation that the defendants operated in agreement to provide inadequate medical care, *id.* ¶ 108, address the defendants' arguments regarding lack of a supervisory role in medical care decisions.

*  *  *

5

The proposed amended complaint addresses the arguments made by the defendants in their Rule 12(c) motions.  It is not proposed in bad faith or for dilatory reasons, it is not futile, and it provides additional notice to the defendants of the basis for Plaintiff's claims against them. Pursuant to Rule 15(a)(2), Plaintiff respectfully submits that amendment of the complaint is appropriate.

*WHEREFORE*, Plaintiff respectfully requests that the Court grant him leave to file the proposed amended complaint, which is appended to this motion as Ex. 1.


Dated:  June 29, 2022                         By: _Stephen H. Weil_

                                              Steven A. Art
                                              Arthur Loevy *pro hac vice*
                                              Stephen H. Weil *pro hac vice*
                                              Alison Bitterly *pro hac vice*
                                              Loevy & Loevy
                                              311 N. Aberdeen Street
                                              Chicago, IL 60607
                                              312-243-5900
                                              weil@loevy.com

                                              *Counsel for Plaintiff*