IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GREGORY BOYER, as Administrator of the
Estate of Christine Boyer, and on his own behalf,

    Plaintiff,

v.

ADVANCE CORRECTIONAL HEALTHCARE, INC.,
    *et al.*,

    Defendants.

ORDER

20-cv-1123-jdp

Christine Boyer died of cardiac arrest on December 27, 2019 while in the custody of the Monroe County Jail, which contracts with Advance Correctional Healthcare (ACH) to provide medical care to jail detainees and inmates. Her husband filed this lawsuit on December 21, 2020 (dkt. 1), and has filed several amended complaints since. *See* dkts. 26 (First Amendment Complaint), 96-1 ("[Proposed] Second Amended Complaint") and 102 (Third Amended Complaint). A common thread in Boyer's complaints has been a *Monell* claim against both ACH and the County defendants.[1]

ACH and the County have consistently challenged both the viability of Boyer's *Monell* claims and the appropriate breadth and depth of plaintiff's attempted *Monell* discovery. The former category includes motions from both sets of defendants to dismiss Boyer's *Monell* claims in his First Amended Complaint (dkts. 46 and 72), which caused to court to strike the schedule, with a promise to reset it once the court had resolved the *Monell* dispute. *See* April 20, 2022 text-only order, dkt. 76. Before the court could rule, Boyer filed his Third Amended Complaint, which prompted both sets of defendants to renew their dismissal motions against the *Monell* claims on September 16, 2022. *See* dkts. 105 and 107. Those motions remain under advisal to the court.

The parties' discovery disputes have triggered motions in both directions, some of which remain extant. *See, e.g.* Plaintiff's Feb. 24, 2022 Motion To Compel Discovery (dkt. 48), Plaintiff's

---

[1] *Monell v. Dept. of Social Services of New York*, 436 U.S. 658 (1978)

March 23, 2022 Emergency Motion To Compel Production of Peer Review Documents (dkt. 57), Plaintiff's April 1, 2022 Motion To Compel Responses to Settlement Discovery (dkt. 65), Defendant ACH's April 8, 2022 Motion To Quash Subpoenas (dkt. 66), Plaintiff's June 6, 2022 Motion To Compel (dkt. 81), and ACH's June 9, 2022 Motion for *Ex Parte* In Camera Review of Confidential Settlement Agreements (dkt. 83). The court has held two telephonic motion hearings on discovery, *see* dkts. 61 and 76 and has conducted two in camera, ex parte document reviews (dkts. 58 and 86).

In this order I am denying on its merits Boyer's attempts to obtain settlement discovery and what remains of his Rule 45 discovery requests aimed at ACH's law firms in other lawsuits. Also, I am denying what remains of Boyer's pending discovery motions without prejudice to renewal after the court has ruled on the pending motions to dismiss Boyer's *Monell* claims.

Starting with the settlement discovery, I have read all of the settlement agreements submitted ex parte by ACH. *See* dkt. 85. None of them contains anything of evidentiary value to Boyer. Notwithstanding their stylistic differences, the agreements share some predictable features: in each of them, the parties state that the agreement is a compromise of a disputed claim meant to save time and money, and that the payment by the releasees–which often included county defendants along with ACH–shall not be construed as an admission of liability. In most of the agreements, the releasees expressly dispute the claims against them and deny any liability. All but two have explicit confidentiality clauses, None of the agreements recites any facts that would allow the reader to infer, let alone determine the facts that had led to a lawsuit and settlement.[2]

None of this surprises the court, and frankly, it shouldn't surprise Boyer's lawyers, who certainly must have crafted their fair share of settlement agreements in other lawsuits. Applying Rule

---

[2] Actually, a few of the agreements state, without any detail, that the settlement relates to a death. One 2013 agreement recites the remedial measures that a sheriff's office in Illinois had agreed to take regarding jail training and policies regarding HIV. That's it.

26(b)(1)'s standard, I conclude that there is nothing in any of these agreements that qualifies as relevant to Boyer's *Monell* claim. Therefore, they now are off the table.

Also off the table is any other residue of Boyer's attempts under Rule 45 to obtain information about other ACH lawsuits from other law firms. The likelihood of gleaning any information genuinely relevant to Boyer's *Monell* claim is infinitesimal, while the burden of retrieving, reviewing and privilege-checking potentially responsive information would be extraordinarily disproportionate to the paltry value of the information obtained. These discovery attempts fail both the relevance and proportionality requirements of Rule 26(b)(1).

This segues to a more general observation: until the court rules on the pending motions to dismiss the *Monell* claims, it is not worth the parties' or the lawyers' time, energy or money to take more discovery on this issue from any source. This does not mean that if the court were to deny the dismissal motions, then it will be open season on ACH for *Monell* discovery; if we get there from here, then relevance and proportionality remain the watchwords. But first we have to get there. For that reason, I am denying without prejudice the remainder of Boyer's June 6, 2023 motion to compel (dkt. 81) and any other extant *Monell*-based discovery disputes.

A procedural point: Boyer's June 6, 2022 motion asks the court to order ACH "either to participate in good faith in a Rule 37 discovery conference or to provide responses to the discovery that is described herein." Dkt. 81 at 1. ACH responds that it *did* participate in a Rule 37 conference in good faith, so there is no point in ordering the parties to meet and confer again;; in fact, "the motion is moot and should be denied for that reason." Dkt. 89 at 2. In his reply, Boyer disputes this characterization of what occurred, and aks the court to address his motion on its merits. Dkt. 94 at 3. I agree with Boyer that if we have to revisit these discovery disputes, then the court will perform a substantive review. If so, then any renewed motion to compel must cut to the chase: Boyer

3

must list each specific disputed RFP or interrogatory by number and focus his argument tightly and concretely on why the information requested is relevant and proportional to the needs of the case at that juncture. ACH's response should be similarly specific and focused.

## ORDER

It is ORDERED that:

(1) Plaintiff's motion to disclose ACH's settlement agreements is DENIED;

(2) Whatever else remains of defendant ACH's motion to quash subpoenas is GRANTED;

(3) Whatever else remains of plaintiff's motion(s) to compel discovery of information relevant to his *Monell* claim against ACH–including plaintiff's June 6, 2022 motion, dkt. 81, is DENIED WITHOUT PREJUDICE.

Entered this 28th day of March, 2023.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge