UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Gregory Boyer, as Administrator of the
Estate of Christine Boyer, and on his own
behalf,

             Plaintiff,

vs.

Advanced Correctional Healthcare, Inc.,
Lisa Pisney, Amber Fennigkoh, Stan
Hendrickson, Danielle Warren, Shasta
Parker, and Monroe County, Wisconsin

             Defendants.

20-cv-1123 jdp

Gregory Boyer, as Administrator of the
Estate of Christine Boyer, and on his own
behalf,

             Plaintiff,

vs.

USA Medical & Psychological Staffing,
S.C., Norman Johnson, Travis Schamber,
Wesley Harmston, and Jillian Bresnahan,

             Defendants.

22-cv-723 jdp

**JOINT AND SEPARATE ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS USA MEDICAL & PSYCHOLOGICAL STAFFING, S.C.,
NORMAN JOHNSON, TRAVIS SCHAMBER,
WESLEY HARMSTON AND JILLIAN BRESNAHAN
TO THE PLAINTIFF'S SEPTEMBER 18, 2023 AMENDED COMPLAINT**

Defendants USA Medical & Psychological Staffing, S.C., Norman Johnson, Travis Schamber, Wesley Harmston and Jillian Bresnahan (hereinafter, "USA Medical Defendants" or "Answering Defendants"), for their Joint and Separate Answer to the December 20, 2022 Amended Complaint of the Plaintiff, state and allege as follows:

I.

Deny each and every matter, statement, allegation and thing contained in said Amended Complaint, except as hereinafter admitted, qualified, alleged or otherwise answered.

II.

Allege information insufficient to admit or deny the allegations in paragraphs 1, 2 and 3 of the Amended Complaint of the Plaintiff and therefore deny the same putting Plaintiff to his strict proof thereof.

III.

Admit the allegations in paragraphs 4, 5, and 6 of the Amended Complaint of the Plaintiff.

IV.

Admit, on information and belief, the allegations in paragraph 7 of the Amended Complaint of the Plaintiff and note that Plaintiff's definition of "all times relevant to the events at issue in this case" as defined by this paragraph, specifically December 2019, is hereby adopted for purposes of this Answer.

V.

With regard to the allegations in paragraph 8, 9, 10 and 11 of the Amended Complaint of the Plaintiff, allege that these allegations are directed at other defendants and therefore no answer is required from these Answering Defendants, if an answer is deemed required, they are denied, putting plaintiffs to their strict proof.

VI.

Deny the allegations in paragraphs 12 and 13 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

VII.

With regard to the allegations in paragraph 14 of the Amended Complaint of the Plaintiff, admit that USA Medical is a Service Corporation and that at times relevant to Plaintiff's claims one shareholder of USA Medical was also a shareholder of ACH. Deny the balance of said paragraph.

VIII.

With regard to the allegations in paragraph 15 of the Amended Complaint of the Plaintiff, admit that USA Medical has the same mailing address as ACH and e-mail address domain as ACH, and deny that ACH has employees.

IX.

With regard to the allegations in paragraph 16 of the Amended Complaint of the Plaintiff, admit that Dr. Johnson is and was CEO of ACH and shareholder and incorporator of USA Medical. Deny the balance of said paragraph.

X.

With regard to the allegations in paragraph 17 of the Amended Complaint of the Plaintiff, admit that, at all times relevant to Plaintiff's claims, Dr. Schamber was a director, president, shareholder and sole director of USA medical and corporate medical director of ACH and that his association with USA medical ended after he left USA medical. Deny that he was a corporate officer of ACH.

XI.

With regard to the allegations in paragraph 18 of the Amended Complaint of the Plaintiff, admit that, at all times relevant to Plaintiff's claims, Dr. Harmston was a shareholder of USA Medical and that after his association with USA Medical ended when he left employment with USA Medical. Deny the balance of said paragraph.

XII.

With regard to the allegations of paragraph 19 of the Amended Complaint of the Plaintiff, admit that Dr. Bresnahan is a shareholder of USA Medical, and deny that she is or was at all times material, an employee of ACH.

XIII.

With regard to the allegations in paragraph 20 of the Amended Complaint of the Plaintiff, depending upon the scope of Plaintiff's use of the word "client," admit.

XIV.

Deny the allegations in paragraphs 21, 22 and 23 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

XV.

With regard to the allegations in paragraph 24 of the Amended Complaint of the Plaintiff, admit that USA Medical was incorporated in 2018 by a shareholder of ACH.

XVI.

With regard to the allegations in paragraph 25 of the Amended Complaint of the Plaintiff, admit that USA Medical is a service corporation and that some of its employees are engaged in the practice of medicine. Deny the balance of said paragraph.

XVII.

With regard to the allegations in paragraph 26 of the Amended Complaint of the Plaintiff, admit that USA Medical is in all respects in conformance with Wisconsin's laws regarding the corporate practice of medicine.

XVIII.

Admit the allegations in paragraph 27 of the Amended Complaint of the Plaintiff with regard to the Monroe County Jail.

XIX.

Deny the allegations in paragraphs 28 and 29 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

XX.

With regard to the allegations in paragraph 30 of the Amended Complaint of the Plaintiff, admit that USA Medical contracts with ACH, but denies that it is a subsidiary of ACH.

5

XXI.

With regard to the allegations in paragraph 31 of the Amended Complaint of the Plaintiff, admit that at all relevant times USA Medical Employed Lisa Pisney and Amber Fennigkoh.

XXII.

Deny the allegations in paragraphs 32 and 33 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

XXIII.

With regard to the allegations in paragraph 34 of the Amended Complaint of the Plaintiff, generally deny the "policies and practices" alleged in the Amended Complaint of the Plaintiff and therefore these Answering Defendants deny that they "changed" said policies and practices putting plaintiff to his strict proof thereof.

XXIV.

With regard to the allegations in paragraph 35 and 36 of the Amended Complaint of the Plaintiff, most of the allegations appear directed at another party and therefore no response is required of these Answering Defendants, if answers are deemed required, or to the extent the allegations are aimed at these answering defendants, they are denied putting plaintiff to his strict proof thereof.

XXV.

Deny the allegations in paragraphs 37 and 38 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

XXVI.

With regard to the allegations in paragraphs 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, and 63 of the Amended Complaint of the Plaintiff, admit that Christine Boyer was an inmate at the Monroe County Jail on or about December 21, 2019, and deny that the allegations in these paragraphs represent a complete or correct recitation of the health and health care of Christine Boyer, and specifically deny that these Answering Defendants or their agents or employees provided negligent or deliberately indifferent care and put Plaintiff to his strict proof.

XXVII.

With regard to the allegations in paragraphs 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, and 100 of the Amended Complaint of the Plaintiff, allege that these allegations are directed at another party and therefore no response from these Answering Defendants is required. If deemed required, allege knowledge and information insufficient to form a belief of the truth or falsity of these allegations and therefore deny the same putting Plaintiff to his strict proof thereof, but allege, affirmatively, that at all times these Answering Defendants, their agents and employees provided care in conformance with all applicable standards of care, were not deliberately indifferent and said care was not a direct cause of harm to any listed patients.

XXVIII.

With regard to the allegations in paragraphs 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, and 120 of the Amended Complaint of the Plaintiff, allege that these allegations are directed at another party and therefore no response from these Answering Defendants is required. If deemed required, allege knowledge and information insufficient to form a belief of the truth or falsity of these allegations and therefore deny the same putting the plaintiff to his strict proof thereof, but allege, affirmatively, that at all times these Answering Defendants, their agents and employees provided care in conformance with all applicable standards of care, were not deliberately indifferent, and said care was not a direct cause of harm to any listed patients.

## XXIX.

Deny the allegations in paragraph 121 of the Amended Complaint of the Plaintiff made against any of these Answering Defendants, putting him to his strict proof thereof, and allege the remainder of the allegations in said paragraph are directed at other parties and therefore no response from these Answering Defendants is required. If deemed required, allege information insufficient to form a belief of the truth or falsity of these allegations and therefore deny the same putting Plaintiff to his strict proof thereof.

## XXX.

With regard to the allegations in paragraph 122 of the Amended Complaint of the Plaintiff, allege that these allegations are directed at other parties and therefore no response from these Answering Defendants is required. If deemed required, allege information

insufficient to form a belief of the truth or falsity of these allegations and therefore deny the same putting Plaintiff to his strict proof thereof.

## XXXI.

Deny the allegations in paragraph 123 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

## XXXII.

With regard to the allegations in paragraph 124 of the Amended Complaint of the Plaintiff, allege that these allegations are directed at other parties and therefore no response from these Answering Defendants is required. If deemed required, allege knowledge and information insufficient to form a belief of the truth or falsity of these allegations and therefore deny the same putting Plaintiff to his strict proof thereof.

## XXXIII.

Deny the allegations in paragraph 125 of the Amended Complaint of the Plaintiff made against any of these Answering Defendants, putting him to his strict proof thereof, and allege the remainder of the allegations in said paragraph are directed at other parties and therefore no response from these Answering Defendants is required. If deemed required, allege knowledge and information insufficient to form a belief of the truth or falsity of these allegations and therefore deny the same putting Plaintiff to his strict proof thereof.

XXXIV.

With regard to the allegations of paragraphs 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, and 148 of the Amended Complaint of the Plaintiff, allege that these allegations are directed at other parties and therefore no response from these Answering Defendants is required. If deemed required, allege knowledge and information insufficient to form a belief of the truth or falsity of these allegations and therefore deny the same putting Plaintiff to his strict proof thereof.

XXXV.

Admit that Norman Johnson is a shareholder of ACH, and allege that the balance of said paragraph is directed at other parties and therefore no response from these Answering Defendants is required. If deemed required, allege information insufficient to admit or deny said allegations, and therefore deny the same, putting Plaintiff to his strict proof thereof.

XXXVI.

Deny the allegations in paragraphs 150, 151, 152, and 153 of the Amended Complaint of the Plaintiff made against any of these Answering Defendants, putting him to his strict proof thereof, and allege the remainder of the allegations in said paragraphs are directed at other parties and therefore no response from these Answering Defendants is required. If deemed required, allege information insufficient to form a belief of the truth or falsity of these allegations and therefore deny the same putting Plaintiff to his strict proof thereof.

XXXVII.

Deny the allegations in paragraph 154 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

XXXVIII.

With regard to the allegations in paragraphs 155, 156, 157, 158159, 160, 161, 162, and 163 of the Amended Complaint of the Plaintiff, allege that these allegations are directed at other parties and therefore no response from these Answering Defendants is required. If deemed required, allege information insufficient to form a belief of the truth or falsity of these allegations and therefore deny the same putting Plaintiff to his strict proof thereof.

XXXIX.

Denies the allegations in paragraph 164 of the Amended Complaint of the Plaintiff made against any of these Answering Defendants, putting him to his strict proof thereof, and allege the remainder of the allegations in said paragraph are directed at other parties and therefore no response from these Answering Defendants is required. If deemed required, allege information insufficient to form a belief of the truth or falsity of these allegations and therefore deny the same putting Plaintiff to his strict proof thereof.

XL.

With regard to the allegations in paragraphs 165, 166, 167, 168, 169, 170, 171, 172, and 173 of the Amended Complaint of the Plaintiff, allege that these allegations are directed at other parties and therefore no response from these Answering Defendants is required. If deemed required, allege information insufficient to form a belief of the truth or falsity of these allegations and therefore deny the same putting Plaintiff to his strict proof thereof.

### XLI.

With regard to the allegations in paragraph 174 of the Amended Complaint of the Plaintiff, these Answering Defendants incorporate each paragraph herein by reference as if fully restated here.

### XLII.

Deny the allegations in paragraphs 175, 176, 177, 178, and 179 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

### XLIII.

With regard to the allegations in paragraphs 180, 181, 182, 183, 184, 185, 186, 187, 188, 190, 191, 192, and 193 of the Amended Complaint of the Plaintiff, allege that these allegations are directed at other parties and therefore no response from these Answering Defendants is required. If deemed required, allege knowledge and information insufficient to form a belief of the truth or falsity of these allegations and therefore deny the same putting Plaintiff to his strict proof thereof.

### XLIV.

12

Deny the allegations in paragraph 194 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

## XLV.

With regard to the allegations in paragraph 195 of the Amended Complaint of the Plaintiff, these Answering Defendants incorporate each paragraph herein by reference as if fully restated here.

## XLVI.

Deny the allegations in paragraphs 196, 197, and 198 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

## XLVII.

With regard to the allegations in paragraph 199 of the Amended Complaint of the Plaintiff, these Answering Defendants incorporate each paragraph herein by reference as if fully restated here.

## XLVIII.

Deny the allegations in paragraphs 200 and 201 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

## XLVIX.

Admit the allegations in paragraph 202 of the Amended Complaint of the Plaintiff.

## XL.

With regard to the allegations in paragraph 203 of the Amended Complaint of the Plaintiff, these answering defendants incorporate each paragraph herein by reference as if fully restated here.

LI.

Deny the allegations in paragraphs 204, 205, and 206 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

LII.

Admit the allegations in paragraph 207 of the Amended Complaint of the Plaintiff.

LIII.

With regard to the allegations in paragraph 208 of the Amended Complaint of the Plaintiff, these Answering Defendants incorporate each paragraph herein by reference as if fully restated here.

LIV.

Deny the allegations in paragraphs 209, 210, 211, and 212 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

LV.

Admit the allegations in paragraph 213 of the Amended Complaint of the Plaintiff.

LVI.

14

With regard to the allegations in paragraph 214 of the Amended Complaint of the Plaintiff, these Answering Defendants incorporate each paragraph herein by reference as if fully restated here.

LVII.

Deny the allegations in paragraphs 215, 216, 217, and 218 of the Amended Complaint of the Plaintiff, putting him to his strict proof thereof.

LVIII.

Admit the allegations in paragraph 219 of the Amended Complaint of the Plaintiff.

LVIX.

AFFIRMATIVE DEFENSES

1.   Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2.   Gregory Boyer lacks standing and fails to state a claim for recovery under 42 U.S.C. § 1983 for recovery on his own behalf.

3.   Plaintiff lacks standing to prosecute and fails to state a claim for intentional infliction of emotional distress and negligent infliction of emotional distress for his own alleged injury under Wisconsin law.

4.   No act or failure to act on the part of the Answering Defendants violated any constitutional rights of plaintiff.

15

5.      At all times material hereto, plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the State of Wisconsin.

6.      At no time material hereto did the Answering Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

7.      Plaintiff suffered no injury or damages as a result of any allegedly improper acts or omissions by Answering Defendants.

8.      Any injury or damage sustained by plaintiff was a direct and proximate result of plaintiff's and/or a third-party's conduct.

9.      Plaintiff's decedent assumed the risk of harm by her own conduct.

10.     Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

11.     At all times material hereto, the actions of these Answering Defendants were appropriate under the circumstances and based upon a reasonable, good-faith belief that they were justified under the law.

12.     Plaintiff's claim for punitive damages is limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the State of Wisconsin, including, but not limited to, Wis. Stat. §§ 893.55 and 895.04.

13. At no time material hereto were Answering Defendants deliberately indifferent to the health, safety or constitutional rights of plaintiff.

14. At all times material hereto, Answering Defendants provided medical treatment which conformed to the applicable standard of care.

15. At all times material hereto, Answering Defendants provided medical treatment that was reasonable under the circumstances.

16. Answering Defendants are immune from all or part of the claims set forth in Plaintiff's Amended Complaint.

17. The training, policies, and procedures of USA Medical or third-parties with which USA Medical contracts conform to national accreditation standards.

18. These Answering Defendants cannot be vicariously liable for the alleged unconstitutional acts of its employees or the employees or third-parties with which USA Medical contracts.

19. Plaintiff's condition was the result of pre-existing injury or natural disease progression beyond the control of, and unrelated to the care of these Answering Defendants.

20. Plaintiff's decedent failed to mitigate her damages as required by law.

21. Answering Defendants are entitled to qualified immunity from trial and liability.

17

22.  Plaintiff's claim for punitive damages, if recognized, must fail as the Answering Defendants did not act with malice or reckless indifference to plaintiff's rights.

23.  Plaintiff has failed to join one or more indispensable parties.

24.  Plaintiff's state law claims are subject to the terms, limitations, and conditions of Wis. Stat. § 893.55 and Chapter 655.

25.  Plaintiff Gregory Boyer's claim for wrongful death is subject to the terms, limitations, and conditions of Wis. Stat. § 895.04.

26.  These Answering Defendants hereby reserve the right to amend this pleading, to bring any other party, and/or to raise any other affirmative defense, according to the established procedure, that arises as a result of the discovery.

PRAYER FOR RELIEF

WHEREFORE, these Answering Defendants pray for judgment against plaintiff; that the Plaintiff's Amended Complaint be dismissed with prejudice; that these Answering Defendants be awarded their costs of suit and reasonable attorneys' fees as may be determined by this Court; and for such other and further relief as the Court shall deem just and proper.

**A JURY TRIAL IS HEREBY REQUESTED.**

Dated: October 2, 2023

GERAGHTY, O'LOUGHLIN & KENNEY
Professional Association

By _____
John B. Casserly (#1026968)
Mark W. Hardy (#1073554)
Wells Fargo Place, Suite 2750
30 East Seventh Street
Saint Paul, MN  55101-1812
Phone:  (651) 291-1177
FAX:     (651) 291-9477
Email:  jcasserly@goklawfirm.com
          hardy@goklawfirm.com

*Counsel for Defendants USA Medical &*
*Psychological Staffing, S.C., Norman Johnson,*
*Travis Schamber, Wesley Harmston, and*
*Jillian Bresnahan*