| | |
|---|---|
| **From:** | Douglas Knott |
| **To:** | Steve Weil; John Casserly; Andrew Jones; John McCauley; Mark Hardy; Megan Porter |
| **Cc:** | Daniel Kafka; Lauren Hill; Christi Gagliano |
| **Subject:** | RE: Boyer litigation - Rule 37 Letter - 8/15/23 Response [LKG-0012-00757] |
| **Date:** | Tuesday, August 15, 2023 6:22:00 PM |

Steve – Responding to certain remaining items referenced in your letter of June 26 and supplementing our telephone discussion of those items:

- With respect to Interrogs No. 20 and RFP 27: Your June 26 correspondence misstates the course of our discussion over many months and the basis for our objections. The request is plainly over broad and unduly burdensome on its face.  You continually omit the stated work product and atty/client privilege objections, which the Magistrate Judge has concluded with respect to the Boyer matter are valid.  As we have discussed many, many times over several months, ACH has no ability to identify a universe of "deaths related to medical conditions" in a 12 year window at more than 300 facilities it serves.

- With respect to Interrogs 16-18, your commentary in the June 26 correspondence is not specific or useful to resolving any outstanding issues. Please review our summary of our position at ECF 89-8 to 10.

- With respect to Interrog 19, this has been litigated to resolution in defendants' favor by Magistrate Crocker.

- With respect to RFP No 5, we stand by objections asserted at ECF 81-12 at 7.  You did not move to compel on this request and the Court's May 2023 order did not address it.

- With respect to RFP No 6, your correspondence misstates our repeated discussions. The request seeks a subjective determination of "documents sufficient to show." It is objectionable on its face, but no documents were withheld on the basis of the objections. In addition, we stand by objections discussed in the responses and at ECF 89 at 10-11.

- With respect to RFP 7-31, again the request seeks a subjective determination and is loaded with vague terms that defendants cannot provide. E.g., "documents sufficient to show," documents "sufficient to show changes to … processes," and sufficient to show ACH "learn[ed] how to do its job better from the events." Apart from any scope and relevance issues, Rule 34 requires production of documents, not interpretation and argument rebutting plaintiffs' theory. In addition, we stand by objections discussed in the responses and at ECF 89-12 at 11-12.

We have devoted pages of briefing and literally hours upon hours to discussing these issues. We cannot devote more client time to continued telephone discussion and re-interpretation of your requests. Thank you.

**Douglas S. Knott**
**Leib Knott Gaynor LLC**

**EXHIBIT 1**