|  |  |
|---|---|
| **From:** | Steve Weil |
| **To:** | Douglas Knott |
| **Cc:** | John Casserly; Andrew Jones; John McCauley; Mark Hardy; Megan Porter; Daniel Kafka; Lauren Hill; Christi Gagliano |
| **Subject:** | Re: Boyer litigation - Rule 37 Letter - 8/15/23 Response [LKG-0012-00757] |
| **Date:** | Wednesday, August 16, 2023 5:41:23 PM |

Doug,

We request a Rule 37 conference next week to discuss the matters below.  I read your email as refusing to do that.

We don't think that is appropriate.  Our discussions of this discovery last year were dominated by ACH's objection that (1) discovery of national practices, (2) discovery relating to conditions other than heart attacks, and (3) discovery arising from ACH's statements on its website were all irrelevant and inappropriate.  The June 13 Order rejected each of those positions.

Judge Crocker's March 28 Order (ECF 130) made plain that we should re-engage to discuss relevance and proportionality after we had received guidance from Judge Peterson's Rule 12(c) decision, and that is what the June 26 letter attempts to do.

We ask that you agree to schedule a conference between now and Wed. 8/23.  Please advise.

**Deaths at facilities**

With respect to Interrogatory 20 / RFP 27 -- Your argument that the requests were overbroad on their face focused on the contention that this discovery was "a nationwide fishing expedition that offers no plausible nexus to Christine Boyer or Monroe County Jail," ECF 89 at 5, and that we sought deaths besides heart attacks. ECF 89 at 6.  The June 13 Order definitely rejects both those positions.

That leaves your burden objections, which you have never substantiated.  Contrary to what you imply, you have never described what the burdens are.  We understand that the request covers a number of facilities.  But does ACH track this information? Is there a single person or department that gathers it?  Is responsive information--or at least a lot of it--contained in a particular file folder?  Is there some point past which gathering the documents creates particular burdens--perhaps because ACH changed the way it recorded information? You have never specified what the burdens would be, either in writing or over the phone.

We are happy to discuss ways to address your burden objections, in order to mitigate them-- for example, perhaps gathering one category of responsive documents would be extremely burdensome, but another straightforward. Rule 37 conferences are for discussing details like that.  But we do not know what the particulars of your burden objection are.  If there is some place where you have described them to us, please point it out.  Otherwise, we reiterate our request that you identify them for us.

Your email indicates that the responsive documents are privileged.  As my June 26 letter indicates, if that is the case ACH should produce a privilege log. Incidentally, I do not understand how you are able to raise attorney-client and work product objections now-- apparently before you have undertaken the task of identifying responsive documents.

**EXHIBIT 2**

I reiterate: we are willing to discuss your burden objections and determine how to address them. We ask that you tell us what the burdens are.

**Interrogatories 16-18**

I understand from your email that ACH will not be amending its responses to these interrogatories.

**Interrogatory 19**

I understand from your email that ACH is refusing to amend its interrogatory response, and that we are at issue.

**RFP 5**

The June 26 letter points out that this was not part of the Court's order, and that we are attempting to revisit it with the stay on Monell discovery lifted. We have reviewed your objections, and the June 26 letter addresses them: in particular, the 6/26 letter points out that this request does not assume the existence of any deficiencies. We therefore request that we hold a conference to try and figure out how ACH can respond to this request that addresses your burden objections.

**RFP 7-31**

As an initial matter I think some of these particular requests can be dropped given the developments in the effort to gather case file information. We're happy to discuss that.

As to substance, your objection focuses on the term "documents sufficient to show." We drafted this discovery to **reduce** the response burden on ACH would bear if asked to produce "all documents concerning" the subject matter (which would require a subjective determination as well). We can certainly see how there might be documents at the margin that would require a judgment call. But that is the case with all discovery. By way of compromise we could have the request seek:

> Produce <u>all documents regarding</u> ~~documents sufficient to show~~ the efforts ACH made to learn how to do its job better from the events at issue in **[CASE X]**, and produce <u>all documents regarding</u> ~~documents sufficient to show~~ the changes to its company-wide processes or practices that ACH implemented in light of said events, including ~~documents sufficient to show~~ the date that each such change was made.

We do not believe such a change is necessary, but if it addresses your objection than we suggest that we can use it instead.

We expect that gathering responsive documents these requests, however the request is treated, will require revisiting proportionality in light of the Court's June 13 decision. We request a conference for this reason.

\--
Stephen H. Weil
LOEVY & LOEVY

311 N. Aberdeen  
Chicago, IL 60607  
he/him  
Tel:  312-243-5900  
Fax: 312-243-5902  
weil@loevy.com


On Tue, Aug 15, 2023 at 6:22 PM Douglas Knott <dknott@lkglaw.net> wrote:

> Steve – Responding to certain remaining items referenced in your letter of June 26 and supplementing our telephone discussion of those items:
>
> - With respect to Interrogs No. 20 and RFP 27: Your June 26 correspondence misstates the course of our discussion over many months and the basis for our objections. The request is plainly over broad and unduly burdensome on its face.  You continually omit the stated work product and atty/client privilege objections, which the Magistrate Judge has concluded with respect to the Boyer matter are valid.  As we have discussed many, many times over several months, ACH has no ability to identify a universe of "deaths related to medical conditions" in a 12 year window at more than 300 facilities it serves.
>
> - With respect to Interrogs 16-18, your commentary in the June 26 correspondence is not specific or useful to resolving any outstanding issues. Please review our summary of our position at ECF 89-8 to 10.
>
> - With respect to Interrog 19, this has been litigated to resolution in defendants' favor by Magistrate Crocker.
>
> - With respect to RFP No 5, we stand by objections asserted at ECF 81-12 at 7.  You did not move to compel on this request and the Court's May 2023 order did not address it.
>
> - With respect to RFP No 6, your correspondence misstates our repeated discussions. The request seeks a subjective determination of "documents sufficient to show." It is objectionable on its face, but no documents were withheld on the basis of the objections. In addition, we stand by objections discussed in the responses and at ECF 89 at 10-11.

- With respect to RFP 7-31, again the request seeks a subjective determination and is loaded with vague terms that defendants cannot provide. E.g., "documents sufficient to show," documents "sufficient to show changes to … processes," and sufficient to show ACH "learn[ed] how to do its job better from the events." Apart from any scope and relevance issues, Rule 34 requires production of documents, not interpretation and argument rebutting plaintiffs' theory. In addition, we stand by objections discussed in the responses and at ECF 89-12 at 11-12.

We have devoted pages of briefing and literally hours upon hours to discussing these issues. We cannot devote more client time to continued telephone discussion and re-interpretation of your requests. Thank you.

**Douglas S. Knott**

**Leib Knott Gaynor LLC**

**219 N. Milwaukee Street, Suite 710**

**Milwaukee, WI 53202**

**https://link.edgepilot.com/s/a2d9847f/CchGUl4jnkyp_NyUBGH-UA?u=http://www.lkglaw.net/**

**Direct: 414-276-2109**

**Cell: 414-416-9095**

**Fax: 414-276-2140**



This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (414-276-2102) or reply to this e-mail and delete all copies.

**From:** Douglas Knott