**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

**GREGORY BOYER**, as Administrator of the
Estate of Chrstine Boyer, and on his own behalf,

       Plaintiff,

v.                                  Lead Case No. 20-CV-1123

**ADVANCED   CORRECTIONAL**
**HEALTHCARE, INC.,** ***et al.*,**

       Defendants.

---

**GREGORY BOYER**, as Administrator of the
Estate of Chrstine Boyer, and on his own behalf,

       Plaintiff,

v.                                  Case No. 22-CV-723

**USA MEDICAL & PSYCHOLOGICAL**
**STAFFING**, ***et al.*,**

       Defendants.

---

**DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC., LISA PISNEY,**
**AND AMBER FENNIGKOH'S ANSWER TO THE FOURTH AMENDED COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

---

       Defendants Advanced Correctional Healthcare, Inc. ("ACH"), Lisa Pisney and Amber

Fennigkoh (collectively, "Answering Defendants"), by their attorneys, Leib Knott Gaynor LLC,

answer Plaintiff's Fourth Amended Complaint as follows:

**INTRODUCTION**

       1.     Admitted in part, denied in part.  It is admitted only that Christine Boyer

(hereinafter "Ms. Boyer") was incarcerated at the Monroe County Jail and that Nurse Practitioner

Pisney and Nurse Fennigkoh were part of the medical staff at the jail. The remaining averments of ¶ 1 are denied. It is specifically denied that Nurse Practitioner Pisney and Nurse Fennigkoh were employees of ACH at the time of the events alleged.

2.      Admitted in part, denied in part. It is admitted only that Ms. Boyer reported pain to correctional staff and that she was prescribed aspirin. The remaining averments of ¶ 2 are denied.

3.      Admitted in part, denied in part. It is admitted upon information and belief that plaintiff, Greg Boyer, was Ms. Boyer's husband. The remaining averments of ¶ 3 are denied.

**JURISDICTION AND VENUE**

4.      Admit that plaintiff purports to state claims that would result in jurisdiction.

5.      Admit that plaintiff purports to state claims that would support venue.

6.      Admitted.

7.      Admit upon information and belief that Ms. Boyer was in the custody of Monroe County at times material.

8.      Admitted in part, denied in part. It is admitted only that ACH is a private company that contracted to provide certain medical services to inmates at the Jail. The remaining averments of ¶ 8 are denied. It is specifically denied that Nurse Practitioner Pisney and Nurse Fennigkoh were employees of ACH at the time of the events alleged.

9.      The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.

10.      The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.

11.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.

12.     Admitted in part, denied in part.  It is admitted only that Defendant Pisney is a nurse practitioner.  The remaining averments of ¶ 12 are denied.  It is specifically denied that Nurse Practitioner Pisney was an employee of ACH at the time of the events alleged.

13.     Admitted in part, denied in part.  It is admitted only that Defendant Fennigkoh is a Registered Nurse and worked at the Monroe County Jail.  The remaining averments of ¶ 12 are denied.  It is specifically denied that Nurse Fennigkoh was an employee of ACH at the time of the events alleged.

**FACTS**

A.     **Ms. Boyer's medical care.**

14.     Admitted in part, denied in part.  It is admitted only that Ms. Boyer was 41 years old at the time of this incident. As to the remaining allegations, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.

15.     Admitted.

16.     Admitted in part, denied in part.  It is admitted upon information and belief that Jail correctional staff completed an Intake Medical Screening Report form.  The remaining averments of ¶ 16 are denied.

17.     Admitted in part, denied in part.  It is admitted only that Ms. Boyer told Jail correctional staff that she had a history of medical issues due to cancer, chemotherapy, and radiation.  It is further admitted that she told Jail correctional staff that she had a history of high blood pressure, asthma, and congestive heart failure.  The remaining averments of ¶ 17 are denied.

18.     Admitted in part, denied in part.  It is admitted only that Ms. Boyer told Jail correctional staff that she had taken blood pressure medication that day and that she had some of her medications with her.  It is further admitted that she told Jail correctional staff the name of her pharmacy, doctor, and the doctor's medical office.  The remaining averments of ¶ 18 are denied.

19.     Denied.

20.     Admitted in part, denied in part.  It is admitted only that Nurse Fennigkoh spoke with Ms. Boyer on the night of December 21-22, 2019, Nurse Fennigkoh instructed Jail correctional staff to contact Nurse Practitioner Pisney and Ms. Boyer was admitted to the Jail.  The remaining averments of ¶ 20 are denied.

21.     Admitted in part, denied in part.  It is admitted only that Jail correctional staff contacted Nurse Practitioner Pisney.  The remaining averments of ¶ 21 are denied.

22.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same. .

23.     Admitted in part, denied in part.  It is admitted only that the Jail did not schedule a nurse to be present on Sundays.  The remaining averments of ¶ 23 are denied.

24.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to the statements of Ms. Boyer; deny that the allegations completely and accurately describe the thoughts and directions of Ms. Pisney.

25.     The Answering Defendants deny that the allegations completely and accurately describe the thoughts and directions of Ms. Pisney.

26.     Admitted in part, denied in part.  It is admitted only that Nurse Fennigkoh was present at the Jail at approximately 4:00 p.m. on December 22, 2019 to assist another inmate and

was told that Ms. Boyer had high blood pressure that day.  The remaining averments of ¶ 26 are denied.

27.     Admitted in part, denied in part, it is admitted only that Nurse Fennigkoh was advised that Jail correctional staff had called Nurse Practitioner Pisney.  The remaining averments of ¶ 27 are denied.

28.     Admitted in part, denied in part.  It is admitted only that a form with the label "Chest Pain" was completed.  The remaining averments of ¶ 28 are denied.

29.     Admitted in part, denied in part.  It is admitted only that Ms. Boyer reported a history of heart disease, elevated blood pressure, congestive heart failure, and asthma.  It is further admitted that she reported that she was taking certain medications including Lisinopril and Amlodipine.  The remaining averments of ¶ 29 are denied.

30.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to Ms. Boyer's conversations with Jail staff and therefore deny same.

31.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to Ms. Boyer's conversations with Jail staff and therefore deny same.

32.     Denied.

33.     Admitted in part, denied in part.  It is admitted only that Nurse Practitioner Pisney was contacted.  The remaining averments of ¶ 33 are denied.

34.     Denied.

35.     Admitted in part, denied in part.  It is admitted only that Nurse Practitioner Pisney ordered that Ms. Boyer be given aspirin and that her vital signs be re-checked.  The remaining averments of ¶ 35 are denied.

36.     Denied.

37.     Admitted in part, denied in part.  It is admitted only that Ms. Boyer died on December 27, 2019.  As to the remaining averments, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.

38.     Denied.

B.     **National Practices.**

39.     Denied.

40.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Daniel Ray Burden with appropriate care and treatment. Any remaining legal or factual averments of ¶ 40 are denied.

41.     Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Daniel Ray Burden with adequate care. The remaining averments of ¶ 41 are denied.

42.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Tanisha Jefferson with appropriate care and treatment. Any remaining legal or factual averments of ¶ 42 are denied.

43.      Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Tanisha Jefferson with adequate care. The remaining averments of ¶ 43 are denied.

44.      Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Lance Jones with appropriate care and treatment. Any remaining legal or factual averments of ¶ 44 are denied.

45.      Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Lance Jones with adequate care. The remaining averments of ¶ 45 are denied.

46.      Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Scarlette Glover with appropriate care and treatment. Any remaining legal or factual averments of ¶ 46 are denied.

47.      Denied that ACH settled the lawsuit. It is also specifically denied that ACH failed to provide Scarlette Glover with adequate care. The remaining averments of ¶ 47 are denied.

48.      Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Sentoria McMillon with appropriate care and treatment. Any remaining legal or factual averments of ¶ 48 are denied.

49.      Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Sentoria McMillon with adequate care. The remaining averments of ¶ 49 are denied.

50.      Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Whitney Foster with appropriate care and treatment. Any remaining legal or factual averments of ¶ 50 are denied.

51.     Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Whitney Foster with adequate care. The remaining averments of ¶ 51 are denied.

52.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Tammy Perez with appropriate care and treatment. Any remaining legal or factual averments of ¶ 52 are denied.

53.     Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Tammy Perez with adequate care. The remaining averments of ¶ 53 are denied.

54.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Gina Lenora White with appropriate care and treatment. Any remaining legal or factual averments of ¶ 54 are denied.

55.     Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Gina Lenora White with adequate care. The remaining averments of ¶ 55 are denied.

56.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Ricky DeAngelo Hinkle with appropriate care and treatment. Any remaining legal or factual averments of ¶ 56 are denied.

57.     Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Ricky DeAngelo Hinkle with adequate care. The remaining averments of ¶ 57 are denied.

58.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Mark Ivey with appropriate care and treatment. Any remaining legal or factual averments of ¶ 58 are denied.

59.     Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Mark Ivey with adequate care. The remaining averments of ¶ 59 are denied.

60.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Christopher Snapp with appropriate care and treatment. Any remaining legal or factual averments of ¶ 60 are denied.

61.     Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Christopher Snapp with adequate care. The remaining averments of ¶ 61 are denied.

62.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Benny Pemberton with appropriate care and treatment. Any remaining legal or factual averments of ¶ 62 are denied.

63.     Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Benny Pemberton with adequate care. The remaining averments of ¶ 63 are denied.

64.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Heidi Williams with appropriate care and treatment. Any remaining legal or factual averments of ¶ 64 are denied.

65.     Denied that ACH settled the lawsuit. It is also specifically denied that ACH failed to provide Heidi Williams with adequate care. The remaining averments of ¶ 65 are denied.

66.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide David Brown with appropriate care and treatment. Any remaining legal or factual averments of ¶ 66 are denied.

67.     Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide David Brown with adequate care. The remaining averments of ¶ 67 are denied.

68.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Devin Nugent with appropriate care and treatment. Any remaining legal or factual averments of ¶ 68 are denied.

69.     Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Devin Nugent with adequate care. The remaining averments of ¶ 69 are denied.

70.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Jordan Kirkwood with appropriate care and treatment. Any remaining legal or factual averments of ¶ 70 are denied.

71.     Admitted in part, denied in part. It is admitted only that ACH settled the lawsuit. It is specifically denied that ACH failed to provide Jordan Kirkwood with adequate care. The remaining averments of ¶ 71 are denied.

72.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Doug Marsillet with appropriate care and treatment. Any remaining legal or factual averments of ¶ 72 are denied.

73.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Bilal Hisanie Hill with appropriate care and treatment. Any remaining legal or factual averments of ¶ 73 are denied.

74.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide James Parsons with appropriate care and treatment. Any remaining legal or factual averments of ¶ 74 are denied.

75.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide Jeffery Nottestad (incorrectly identified in Plaintiff's Fourth Amended Complaint as "Jeffrey Nottstead") with appropriate care and treatment. Any remaining legal or factual averments of ¶ 75 are denied.

C.     **Monroe County Practices.**

76.     Denied.

77.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide EB with appropriate care and treatment. Any remaining legal or factual averments of ¶ 77 are denied.

78.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide DD with appropriate care and treatment. Any remaining legal or factual averments of ¶ 78 are denied.

79.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide NH with appropriate care and treatment. Any remaining legal or factual averments of ¶ 79 are denied.

80.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide JH with appropriate care and treatment. Any remaining legal or factual averments of ¶ 80 are denied.

81.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide ML with appropriate care and treatment. Any remaining legal or factual averments of ¶ 81 are denied.

82.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide TM with appropriate care and treatment. Any remaining legal or factual averments of ¶ 82 are denied.

83.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide AS with appropriate care and treatment. Any remaining legal or factual averments of ¶ 83 are denied.

84.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide CX with appropriate care and treatment. Any remaining legal or factual averments of ¶ 84 are denied.

85.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide EC with appropriate care and treatment. Any remaining legal or factual averments of ¶ 85 are denied.

86.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide KH with appropriate care and treatment. Any remaining legal or factual averments of ¶ 86 are denied.

87.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide JH with appropriate care and treatment. Any remaining legal or factual averments of ¶ 87 are denied.

88.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide JM with appropriate care and treatment. Any remaining legal or factual averments of ¶ 88 are denied.

89.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide EO with appropriate care and treatment. Any remaining legal or factual averments of ¶ 89 are denied.

90.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide MS with appropriate care and treatment. Any remaining legal or factual averments of ¶ 90 are denied.

91.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide AD with appropriate care and treatment. Any remaining legal or factual averments of ¶ 91 are denied.

92.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide CC with appropriate care and treatment. Any remaining legal or factual averments of ¶ 92 are denied.

93.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide RD with appropriate care and treatment. Any remaining legal or factual averments of ¶ 93 are denied.

94.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide YD with appropriate care and treatment. Any remaining legal or factual averments of ¶ 94 are denied.

95.     Denied as to plaintiff's recitation of the alleged facts. It is specifically denied that ACH staff failed to provide RK with appropriate care and treatment. Any remaining legal or factual averments of ¶ 95 are denied.

D.      **The defendants' policies and practices.**

96.     Denied.

97.     Admitted in part, denied in part. It is only admitted that ACH is a provider of jail medical care. The remaining averments of ¶ 97 are denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 105 and therefore deny.

106.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 106 and therefore deny.

107.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 107 and therefore deny.

108.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 108 and therefore deny.

109.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 109 and therefore deny.

110.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 110 and therefore deny.

111.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 111 and therefore deny.

112.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 112 and therefore deny.

113.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 113 and therefore deny.

114.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 114 and therefore deny.

115.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 115 and therefore deny.

116.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 116 and therefore deny.

117.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 117 and therefore deny.

118.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 118 and therefore deny.

119.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 119 and therefore deny.

120.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 120 and therefore deny.

121.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 121 and therefore deny.

122.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to ¶ 122 and therefore deny.

123.    Denied.

124.    Admitted in part, denied in part. It is only admitted that Norman Johnson is the CEO of ACH. All other averments of ¶ 124 are denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied the factual and legal allegations.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.     Admitted in part, denied in part. It is only admitted that the quotations are a partial recitation of emails. It is affirmatively alleged that quotations cited from the emails are improperly taken out of context and incomplete. The remaining averments of ¶ 106 are denied.

137.     Denied.

138.     Denied.

139.     Denied.

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

145.     Denied.

146.     Denied as the allegation misstates the applicable legal standard. The remaining allegations of ¶ 146 are denied.

147.     Denied.

148.     Denied.

**COUNT I**
**42 U.S.C. § 1983 – DENIAL OF MEDICAL CARE**
**(ALL DEFENDANTS)**

149.     Answering Defendants incorporate herein by reference their answers to ¶¶ 1 through 148 above inclusive as though set forth at length herein.

150.     Denied.

151.     Denied.

152.     Denied.

17

153.   Denied.

154.   Denied

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied. It is specifically denied that Nurse Practitioner Pisney and Nurse Fennigkoh were employees of ACH at the time of the events alleged.


**COUNT II**
**42 U.S.C. § 1983 – FAILURE TO INTERVENE**
**(DEFENDANTS PISNEY, FENNIGKOH, WARREN, PARKER)**

170.   Answering Defendants incorporate herein by reference their answers to ¶¶ 1 through 169 above inclusive as though set forth at length herein.

171.    Denied.

172.    Denied.

173.    Denied.

## COUNT III
## MEDICAL MALPRACTICE
## (ACH, PISNEY AND FENNIGKOH)

174.    Answering Defendants incorporate herein by reference their answers to ¶¶ 1 through 173 above inclusive as though set forth at length herein.

175.    Denied

176.    Denied

177.    Denied.

## COUNT IV SURVIVAL
## (ACH, PISNEY, FENNIGKOH)

178.    Denied.

179.    Denied

180.    Denied

181.    Admitted in part, denied in part.  It is admitted only that Count IV is brought by the Estate of Christine Boyer and that Greg Boyer is the representative of the Estate.  It is denied that the Answering Defendants violated any of Ms. Boyer's rights, engaged in malpractice, committed any wrongdoing, or harmed Ms. Boyer in any way.

## COUNT V
## WRONGFUL DEATH
## (ACH, PISNEY, FENNIGKOH)

182.    Answering Defendants incorporate herein by reference their answers to ¶¶ 1 through 181 above inclusive as though set forth at length herein.

183.     Denied.

184.     Denied.

185.     Denied.

186.     Admitted in part, denied in part.  It is admitted only that Count V is brought by the Estate of Christine Boyer and Greg Boyer and that Greg Boyer is the representative of the Estate.  It is denied that the Answering Defendants violated any of Ms. Boyer's rights, engaged in malpractice, committed any wrongdoing, or harmed Ms. Boyer or Greg Boyer in any way.

### COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (ACH, PISNEY, FENNIGKOH)

187.     Answering Defendants incorporate herein by reference their answers to ¶¶ 1 through 186 above inclusive as though set forth at length herein.

188.     Denied.

189.     Denied.

190.     Denied.

191.     Denied.

192.     Admitted in part, denied in part.  It is admitted only that Count VI is brought by the Estate of Christine Boyer and Greg Boyer and that Greg Boyer is the representative of the Estate.  It is denied that the Answering Defendants violated any of Ms. Boyer's rights, engaged in malpractice, committed any wrongdoing, or harmed Ms. Boyer or Greg Boyer in any way.

### COUNT VII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (ACH, PISNEY, FENNIGKOH)

193.     Answering Defendants incorporate herein by reference their answers to ¶¶ 1 through 192 above inclusive as though set forth at length herein.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Admitted in part, denied in part.  It is admitted only that Count VI is brought by the Estate of Christine Boyer and Greg Boyer and that Greg Boyer is the representative of the Estate.  It is denied that the Answering Defendants violated any of Ms. Boyer's rights, engaged in malpractice, committed any wrongdoing, or harmed Ms. Boyer or Greg Boyer in any way.

## COUNT VIII
## STATE LAW INDEMNIFICATION
## (MONROE COUNTY)

199.    Answering Defendants incorporate herein by reference their answers to ¶¶ 1 through 199 above inclusive as though set forth at length herein.

200.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.

201.    Denied.


WHEREFORE, Answering Defendants demand judgment in their favor and against the plaintiff and request that Answering Defendants be awarded such other relief, together with costs and interest, as the court deems appropriate.

## **AFFIRMATIVE DEFENSES**

Pursuant to the Federal Rules of Civil Procedure, which require Answering Defendants to allege affirmative defenses and/or motions to dismiss so as to preserve them, Answering Defendants allege upon information and belief the following factual and legal assertions:

1.       During her intake on the night of Saturday, December 21, 2019, Ms. Boyer was intoxicated and could not provide Nurse Fennigkoh with a complete list of her medications.  The pharmacy and physician's office she used were closed on the weekend and so could not provide Nurse Fennigkoh with the medications or further information on Ms. Boyer's conditions.

2.       Nurse Fennigkoh identified the loose pills in Ms. Boyer's possession upon her incarceration.  None of these medications would have alerted a reasonable nurse or nurse practitioner of a life-threatening condition or indicated that Ms. Boyer required them immediately.

3.       Nurse Practitioner Pisney instructed jail staff to contact Ms. Boyer's pharmacy and physician's office to obtain a list of her medications and medical records on Monday, December 23, 2019, when they opened.

4.       Ms. Boyer was also placed on medical observation so that her condition could be monitored.

5.       Nurse Fennigkoh also spoke with Mr. Boyer on Sunday, December 22, 2019.  She instructed him to bring Ms. Boyer's medications and a list of her diagnoses.

6.       However, no medications or information were provided by Mr. Boyer prior to his wife being taken from the Monroe County Jail.

7.       Neither Ms. Boyer nor Mr. Boyer provided a full medical history or list of her medications.

8.     Ms. Boyer purportedly suffered from chronically low potassium for which she took supplements and/or medication. Such information was never provided while she was incarcerated.

9.     Ms. Boyer's death was caused by lung disease or some condition unrelated to the actions of the ACH Defendants and not a heart attack as alleged.

10.     After Ms. Boyer complained of high blood pressure on Sunday, December 22, 2019, Nurse Practitioner Pisney ordered Clonidine, a common treatment for the condition.

11.     When Nurse Practitioner Pisney was alerted that Ms. Boyer was experiencing chest pain, she instructed jail staff to administer aspirin, which is a common treatment used to prevent heart attack, to monitor her vitals, and to report changes. She instructed jail staff to contact her if Ms. Boyer's vital signs were abnormal or she continued to complain of chest pain.

12.     Nurse Practitioner Pisney received no further communications regarding Ms. Boyer.

13.     The actions of Nurse Fennigkoh and Nurse Practitioner Pisney were reasonable under the circumstances and did not cause the death of Ms. Boyer.

14.     ACH is not the employer of Nurse Fennigkoh or Nurse Practitioner Pisney. Rather, ACH contracts to provide certain services at the Monroe County Jail. ACH has an agreement with USA Medical Staffing, a Wisconsin professional service corporation. USA Medical Staffing is the employer of Nurse Fennigkoh and Nurse Practitioner Pisney.

15.     Training for USA Medical Staffing employees is provided by USA Medical Staffing and Spark Training, LLC. This training is consistent with correctional medical standards and instructs that costs are not to be a barrier to patient care or medications.

16.     USA Medical Staffing is an employer of health care providers.

23

17.     Nurse Fennigkoh and Nurse Practitioner Pisney are health care providers.

18.     ACH has no subsidiary, parent, or other corporate relationship with either USA Medical Staffing or Spark Training, LLC.

19.     ACH incurs no cost when an inmate is sent for outside care.  Rather, this cost is the responsibility of Monroe County.

Based upon the foregoing, as well as the factual and legal assertions set forth in the paragraphs that follow, Answering Defendants allege upon information and belief the following affirmative defenses:

1.     As such, the Plaintiff's Fourth Amended Complaint fails to state a claim upon which relief may be granted.  Answering Defendants reserve the right to move, at or before the time of trial, to dismiss the Fourth Amended Complaint for failure to state a claim upon which relief may be granted.

2.     Gregory Boyer did not personally suffer a constitutional harm and lacks standing and fails to state a claim for recovery under 42 U.S.C. § 1983 for recovery on his own behalf.

3.     Gregory Boyer lacks standing to prosecute and fails to state a claim for intentional infliction of emotional distress and negligent infliction of emotional distress for his own alleged injury under Wisconsin law.

4.     No act or failure to act on the part of the Answering Defendants violated any constitutional rights of plaintiff.

5.     At all times material hereto, plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the State of Wisconsin.

6.      At no time material hereto did the Answering Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

7.      Plaintiff suffered no injury or damages as a result of any improper acts or omissions by Answering Defendants.

8.      Any injury or damage sustained by plaintiff was a direct and proximate result of plaintiff's and/or a third-party's conduct.

9.      Plaintiff assumed the risk of harm by her own conduct.

10.     Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of the plaintiff's contributory negligence.

11.     At all times material hereto, the actions of Answering Defendants were appropriate under the circumstances and based upon a reasonable, good-faith belief that they were justified under the law.

12.     Plaintiff's claim for punitive damages is limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the State of Wisconsin, including, but not limited to, Wis. Stat. §§ 893.55 and 895.04.

13.     Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

14.     Plaintiff's claim for piercing the corporate veil and similar theories fails to state a recognized claim for entity or personal liability under 42 U.S.C § 1983.

15.     At no time material hereto were Answering Defendants deliberately indifferent to the health, safety or constitutional rights of plaintiff.

16.     At all times material hereto, Answering Defendants provided medical treatment which conformed to the applicable standard of care.

17.     At all times material hereto, Answering Defendants provided medical treatment that was reasonable under the circumstances.

18.     Plaintiff's claims and/or alleged losses, at most, demonstrate a difference of opinion as to medical treatment.

19.     The alleged negligence, denial of medical treatment, and/or deliberate indifference of Answering Defendants did not cause plaintiff to suffer any injury.

20.     Answering Defendants are immune from all or part of the claims set forth in Plaintiff's Fourth Amended Complaint.

21.     ACH was not the employer of Nurse Practitioner Pisney or Nurse Fennigkoh at the time of the events alleged.

22.     The training, policies, and procedures of ACH or third-parties with which ACH contracts conform to national accreditation standards.

23.     ACH cannot be vicariously liable for the alleged unconstitutional acts of its employees or the employees or third-parties with which ACH contracts.

24.     The healthcare providers who provided treatment to plaintiff utilized their best professional judgment in evaluating and providing treatment.

25.     Plaintiff cannot demonstrate any deficiencies in the training, policies, and procedures of ACH or third-parties with which ACH contracts for the provision of medical care at the Monroe County Jail.

26.     At all times material hereto, the training, policies, and procedures of ACH or third-parties with which ACH contracts have been reasonable and appropriate and have insured the protection of all rights, privileges and immunity of the public, including plaintiff.

27.     Answering Defendants acted in good faith with the belief that all of their actions were necessary and reasonable for the discharge of the duties and obligations of their position.

28.     Plaintiff's condition was the result of pre-existing injury or natural disease progression beyond the control of, and unrelated to the acts, omissions or conduct of Answering Defendants.

29.     Plaintiff failed to mitigate her damages as required by law.

30.     Answering Defendants are entitled to qualified immunity from trial and liability.

31.     Plaintiff's claim for punitive damages, if recognized, must fail as the Answering Defendants did not act with malice or reckless indifference to plaintiff's rights.

32.     Plaintiff has failed to join one or more indispensable parties.

33.     Plaintiff's claims are the result of the conduct of third persons over whom Answering Defendants had no control, authority or responsibility.

34.     At no time material hereto did ACH or third-parties with which ACH contracts adopt, permit or follow, either formally or informally, a policy, custom or practice of violating a person's constitutional rights or which in any other way tolerated or permitted the violation of the civil rights of any individual, including plaintiff.

35.     At all times material hereto, the procedures for training, evaluating and, when necessary, disciplining employees of ACH or of third-parties with which ACH contracts have been reasonable and appropriate and have provided protection of all rights, privileges and immunity of individuals, including plaintiff.

36.     Answering Defendants are entitled to qualified, good faith, and/or absolute immunity.

37.     Plaintiff's Fourth Amended Complaint fails to state a cause of action for punitive damages against Answering Defendants.

38.     At no time material hereto did Answering Defendants act in bad faith or wantonly, recklessly, or maliciously, or with a disregard for plaintiff's health, safety and welfare.

39.     Plaintiff's alleged injuries were caused by an intervening or superseding cause over which Answering Defendants had no control.

40.     Plaintiff's state law claims are subject to the terms, limitations, and conditions of Wis. Stat. § 893.55 and Chapter 655.

41.     Plaintiff Gregory Boyer's claim for wrongful death is subject to the terms, limitations, and conditions of Wis. Stat. § 895.04.

42.     Regarding of the medical care provided to other patients alleged, at no time material hereto were Answering Defendants deliberately indifferent to the health, safety or constitutional rights of those patients; at all times material hereto, Answering Defendants provided medical treatment which conformed to the applicable standard of care; and at all times material hereto, Answering Defendants provided medical treatment that was reasonable under the circumstances.

43.     Answering Defendants hereby reserve the right to amend this pleading, to bring any other party, and/or to raise any other affirmative defense, according to the established procedure, that arises as a result of discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, these Answering Defendants pray for judgment against plaintiff, as follows:

1.      That judgment be awarded in favor of these Answering Defendants and against the plaintiff, and that the Fourth Amended Complaint be dismissed with prejudice;

2.      That these Answering Defendants be awarded their costs of suit;

3.      That these Answering Defendants be awarded their reasonable attorneys' fees as may be determined by this Court; and

4.      For such other and further relief as the Court shall deem just and proper.

**THESE ANSWERING DEFENDANTS HEREBY DEMAND A TRIAL BY JURY**

Dated this 2nd day of October, 2023.

**LEIB KNOTT GAYNOR LLC**

By:*/s/ Douglas S. Knott*
      Douglas S. Knott, SBN 1001600
      Daniel A. Kafka, SBN 1122144
      Attorneys for Defendants Advanced Correctional
      Healthcare, Inc., Lisa Pisney and Amber Fennigkoh
      219 North Milwaukee Street, Suite 710
      Milwaukee, WI 53202
      Telephone: (414) 276-2102
      Fax: (414) 276-2140
      Email: dknott@lkglaw.net
             dkafka@lkglaw.net