IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| GREGORY BOYER, as administrator of the Estate of Christine Boyer, and on his own behalf, | |
| Plaintiff, | |
| v. | ORDER |
| ADVANCED CORRECTIONAL HEALTHCARE, INC., LISA PISNEY, AMBER FENNIGKOH, STAN HENDRICKSON, DANIELLE WARREN, SHASTA PARKER, AND MONROE COUNTY, WISCONSIN, | 20-cv-1123-jdp |
| Defendants. | |

---

| | |
|---|---|
| GREGORY BOYER, as administrator of the Estate of Christine Boyer, and on his own behalf, | |
| Plaintiff, | ORDER |
| v. | |
| USA MEDICAL & PSYCHOLOGICAL STAFFING, NORMAN JOHNSON, TRAVIS SCHAMBER, WESLEY HARMSTON, AND JILLIAN BRESNAHAN, | 22-cv-723-jdp |
| Defendants. | |

---

These consolidated cases are before the court on two discovery motions filed by plaintiff Gregory Boyer: (1) a renewed motion to compel discovery from the ACH defendants following Judge Peterson's order allowing plaintiff's *Monell* claims to proceed, dkt. 148; and (2) a motion to compel the ACH defendants to produce certain documents identified on a privilege log, dkt. 154. To the parties' credit, they have resolved most of their disputes. The ACH defendants have produced the documents that are the subject of the second motion, so that motion is

moot. *See* dkt. 162. And the parties have resolved two of the three disputes identified in Boyer's renewed motion to compel. *See* dkt. 158.

The only dispute remaining concerns the completeness of ACH's response to plaintiff's Interrogatory 19, which asks whether ACH conducted a "mortality review", "death review" or "administrative review" following Christine Boyer's death. ACH responded by objecting that the terms "mortality review," "death review" and "administrative review" were vague, but it has nonetheless identified a privileged "litigation risk assessment" conducted by Dr. Schamber as "arguably" satisfying one of those three terms. Boyer later clarified that by "mortality review," he means an "assessment of the clinical care provided and the circumstances leading up to an inmate's death," which is the same kind of review contemplated by the National Commission on Correctional Health Care. Boyer asked ACH if its answer to Interrogatory 19 was the same in light of that definition. ACH responded that it did not have anything to add and that the issue had already been resolved in its favor when this court ruled that Dr. Schamber's litigation risk assessment was privileged. *See* dkts. 57-61.

Boyer argues that ACH can't have it both ways: if Schamber's report was prepared only to address litigation risk, as ACH argued previously, *see* dkt. 59, then it's not an NCCHC-specified "mortality review", and ACH must answer "No" to Interrogatory 19; if, on the other hand, ACH is contending that Dr. Schamber's litigation risk assessment was *also* an NCCHC-specified "mortality review," then the document is a "dual purpose document" that isn't privileged and must be produced. ACH responds that Boyer is just trying to relitigate this court's previous ruling that Dr. Schamber's report was privileged.

The court agrees with Boyer. Boyer is simply attempting to hold ACH to its previous representation that Dr. Schamber's report was prepared solely to assess ACH's litigation risk

and not for any other purpose. As Boyer persuasively argues, ACH can't simultaneously assert that the document is not only a privileged (and therefore undiscoverable), "but maybe also a mortality review, depending on how you look at it." Dkt. 163. Boyer is entitled to compel ACH to commit to a position on whether Dr. Schamber's report is an NCCHC-specified "mortality review." The court will not deny Boyer's motion simply because ACH's response might lead to reconsideration of this court's prior ruling that the Schamber report need not be produced.

ORDER

IT IS ORDERED that:

1. Plaintiff's renewed motion to compel, dkt. 148, is GRANTED IN PART, as follows:

    Not later than November 8, 2023, ACH must amend its answer to Interrogatory 19 to clarify whether it is asserting that Dr. Schamber's report—in addition to being a litigation risk assessment—is also a "mortality review" as that term has been defined by plaintiff.

    The remainder of the motion is DENIED as moot.

2. Plaintiff's motion to compel, dkt. 154, is DENIED as moot.

Entered this 1st day of November, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge