## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

Gregory Boyer, as Administrator of the Estate
of Christine Boyer, and on his own behalf,

       Plaintiff,

       v.

Advanced Correctional Healthcare, Inc., *et al*.

       Defendants.

Case No: 3:20-cv-01123-SLC-JDP

## PLAINTIFF'S RULE 34 DISCOVERY

Plaintiff hereby propounds the following the following Requests for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure upon all Defendants in this matter, to be answered by each separately within thirty days after service hereof.

## Definitions

1.      "Plaintiff" refers to Plaintiff Gregory Boyer, as well as his counsel and any representatives, agents, or other Persons acting on their behalf.

2.      "Decedent" refers to Decedent Christine Boyer.

3.      "Individual Defendant(s)" shall refer to Defendants Lisa Pisney, Amber Fennigkoh, Stan Hendrickson, Danielle Warren, and Shasta Parker and any Defendants named in their individual capacity who are named in amended versions of Plaintiff's Complaint, as well as their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on their behalf.

4.      "Defendant," "you," and "your" shall refer to any of the defendants, as well as their counsel and any of their present or former divisions, subsidiaries, officers, directors, affiliates, employees, consultants, contractors, experts, investigators, representatives, agents or other Persons acting on any of their behalf.

5.      "ACH" shall refer to Advanced Correctional Healthcare, Inc., as well as its counsel and any of its present or former divisions, subsidiaries, officers, directors, affiliates, employees, consultants, contractors, experts, investigators, representatives, agents, or other Persons acting on its behalf.

6.      The "Monroe County Jail" shall refer to the Monroe County Jail, operated by the Monroe County Sheriff and/or Monroe County, Wisconsin and any of its present or former divisions.

7.      "Monroe County" shall refer to the Monroe County, Wisconsin, as well as its counsel, any of its present or former divisions (including the Monroe County Sheriff's Office), officers, directors, affiliates, employees, consultants, contractors, experts, investigators, representatives, agents, or other Persons acting on its behalf.

8.      The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

9.      "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

10.     "Plaintiff's Complaint" shall mean the operative pleading entitled First Amended Complaint, which was filed in *Boyer v. Advanced Correctional Healthcare et al*., Case No: 3:20-cv-01123-SLC-JDP (W.D. Wis.), on March 26, 2021 (ECF 26), or any amended version of that document filed after these instructions are given.

11.     "Complaint" shall refer to any complaint or criticism relating in any manner to the job performance of any Defendant (including any Defendant's counsel, employee(s), representative(s), agent(s), contractor(s), expert(s), consultant(s), or other Person(s) acting on the Defendant's behalf), regardless of the disposition of any resulting inquiry or investigation.  This includes but is not limited to any personnel or disciplinary matters, any formal or informal, written or unwritten grievances, and any legal proceedings.

12.     "Identify" with respect to a Person, shall mean to provide that Person's name, address, and telephone number.  With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and, where applicable, all recipients of the Document.  With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

13.     "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

14.     "Communication(s)" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means. Communication includes but is not limited to letters, memoranda, e-mail, notes, audio recordings, video recordings, SMS or text messages, Tweets, and other exchanges on social media such as Facebook, Twitter, Instagram, or

Snapchat.

15.     "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

## Instructions

1.     In your written responses please identify the request to which each document produced is responsive.

2.     Please mark all documents produced with an identifying number (*i.e.*, a Bates stamp number).

3.     Produce Documents that are stored electronically regardless of their form, kind, or location, and in their native format.

4.     Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

5.     If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

6.     If any Documents responsive to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

7.     If you believe any part of any request herein is objectionable, or if you are unable to produce Documents responsive to a request, please state with specificity the basis for your objections and/or inability to produce responsive Documents.

8.     If any Document responsive to any request herein has been previously produced in this litigation, please state the Bates stamp number of the Document previously produced or otherwise identify each such Document by description.

9.     In the event that any Document requested or identified by any discovery request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the Persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

10.     Unless otherwise stated, the relevant time period for Plaintiff's discovery requests shall be the period beginning on December 1, 2018 (approximately one year prior the events at

issue in Plaintiff's Complaint) through the present.

11.    In the event that you claim a privilege regarding any of the information sought in Plaintiff's discovery requests, please state the privilege claimed and provide sufficient information in a privilege log so that the claim of privilege may be evaluated and/or adjudicated. Specifically, please identify any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each Document withheld, the type of each Document withheld, and the date(s) of each Document withheld.

12.    If you have withheld one or more Documents that are responsive to any part of any one of Plaintiff's Requests for Production, so state that you are refusing to disclose responsive Documents and identify every objection on which your refusal to provide the Documents is based.

## Requests for Production

1.    All Documents and Communications that relate to, support, and/or rebut any of the allegations or claims in Plaintiff's Complaint in this action.

2.    All Documents and Communications that relate to, support, and/or rebut any Defendant's Affirmative Defenses or Answer, including all Documents upon which you may rely at trial.

3.    All Documents and Communications that support, relate to, or which were consulted for any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case.  Please note your continuing obligation to supplement this request pursuant to Federal Rule of Civil Procedure 26(e).

4.    All Documents referred to in responding to any discovery in case, including any interrogatories or requests for admission.

5.    All Documents that you may use in this case at any deposition, hearing, motion, or at trial.

6.    All Documents obtained from third parties regarding Plaintiffs, Decedent, witnesses involved in this litigation, and/or the allegations in Plaintiffs' Complaint (via subpoena or otherwise).

7.    The Decedent's full and complete inmate file and/or Master File.

8.    All Documents relating to Complaints (including grievances) made by or on behalf of Decedent, and the disposition of any Complaints, including but not limited to any responses by any person.

9.    All medical and mental health records pertaining to Decedent, including but not limited to intake evaluation records and/or any other records of medical evaluations, prescription

orders, medication administration records, progress notes and/or any other records documenting medical evaluation and/or treatment, records of testing, results of any testing, laboratory reports, mental health evaluations and/or any other records of mental health treatment, requests for approval to refer Decedent for treatment by a third-party healthcare provider, approval and/or denial of a referral for Decedent for treatment by a third-party healthcare provider, and any Communication(s) made to any third-party healthcare provider(s).

10.    All Documents relating to requests for evaluation and/or treatment made by or on behalf of Decedent, and the disposition of any requests (including any responses). This request includes but is not limited to sick call slips, sick call logs, request forms, "kites," letters, or similar Documents reflecting a request for evaluation and/or treatment for Decedent.

11.    All Documents containing, constituting, and/or memorializing Communications of any kind relating to Plaintiff, Decedent, or any of the allegations or events described in Plaintiff's Complaint. This request includes but is not limited to the following Communications:

    a.  All Communications between any of the Defendants and Decedent;
    b.  All Communications amongst any of the Defendants;
    c.  All Communications between any of the Defendants and any third-party healthcare provider(s) or one or more of the healthcare provider's employee(s) or agent(s);
    d.  All Communications between any of the Defendants and any other Person.

Please note, as detailed in the Definitions above, that "Communications" includes memos, letters, notes, facsimiles, electronic mail, mail, text messages, reports, photographs, audio recordings, and video recordings.

12.    All other Documents and Communications relating to Decedent not produced in response to Requests No. 7–11, above, including but not limited to incident reports, cumulative counseling summaries, offender tracking system records, disciplinary cards, inmate records, meeting notes, logs, orders, referrals, statements, reports, personal notes, or personal files of any kind.

13.    Any witness statements relating to any of the allegations in Plaintiff's Complaint.

14.    All Documents containing, constituting, and/or memorializing Communications of any kind between any of the Defendants, or their counsel, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations in Plaintiff's Complaint or Defendants' Answers or Affirmative Defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Federal Rule of Civil Procedure 26 or in response to interrogatories, relating to Plaintiff and/or the allegations in Plaintiff's Complaint.

15.    All Documents relating to any and all criminal convictions of any Person identified by any of the parties under Rule 26 or identified by any party in response to interrogatories. Please note your continuing obligation to supplement this request pursuant to

Rule 26(e), which remains ongoing as discovery progresses, and be advised that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

16.     Full and unredacted copies of any insurance policies, contracts, or indemnification agreements that could or might provide coverage to any of the Defendants for any of the allegations in Plaintiff's Complaint.

17.     All Documents sufficient to show the identities of all ACH employees or agents who evaluated, provided medical or mental health care to, communicated about, or administered medication to Decedent at any point between December 20, 2019 and the present.

18.     All Documents reflecting the job descriptions, duties, and responsibilities of the positions held by each of the Individual Defendants from August 30, 2012 through the present. If one or more of the Individual Defendants were not employed by either ACH or Monroe County on August 30, 2012, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions they held from the date of their hiring or retention through the present.  If one or more of the Individual Defendants are no longer employed by either ACH or Monroe County, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions held from August 30, 2012 through the last date of their employment or retention with ACH or Monroe County.

19.     The complete personnel file, employee file, and/or contractor file for each of the Individual Defendants, including but not limited to employment applications, resumes, job requirements and qualifications, employment records, employment evaluations, personnel files, performance evaluations, performance appraisal, peer reviews, collegial reviews, training histories, records of training received, disciplinary records, Complaints, and any other documents relating to employment.

20.     All Documents relating to the credentials and qualifications, including but not limited to medical credentials, of each of the Individual Defendants.  This request includes but is not limited to proof of licensing, certification, and/or registration; all Communications to and from state licensing bodies, certifying, and/or disciplinary bodies; resumes or curriculum vitae; and all training records.

21.     All Documents relating to any Individual Defendant's hiring, promotion, demotion, pay raise, pay cut, employee review, duties, disciplinary review, commendation, reprimand, censure, termination, or resignation in the course of his or her employment with ACH or Monroe County, including Communications by Defendants or their agent(s) on those subjects.

22.     All Documents relating to any and all arrests, detentions, prosecutions, and criminal history of any Individual Defendant, including but not limited to arrest reports, offense reports, criminal complaints, certified convictions, or sentencing Documents.

23.     Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of ACH, Monroe County, and/or policies and practices in place at the Jail at any time during any of the events or circumstances described

in Plaintiff's Complaint.

24. Documents in your possession relating to any investigation undertaken by Defendants or the Sheriff's Office, or other Person, into Decedent, her death, or any of the allegations in Plaintiff's Complaint, including any and all attachments and any investigator notes.

25. Documents relating to any Complaint of any Person alleging any kind of misconduct committed by any Individual Defendant within the scope of his or her employment at Lawrence.

26. Documents relating to training given to and/or given by each of the Individual Defendants pertaining to providing prisoners access to medical and mental health care, responding to prisoners' requests for medical or mental health care, evaluating prisoners' medical or mental health Complaints, providing medical or mental health treatment to detainees, providing medication to prisoners, and/or referring prisoners for treatment by an outside healthcare provider. This request includes any training manuals, employment manuals, employee handbooks, procedural guides, or similar Documents provided to any of the Individual Defendants.

27. Documents relating to deaths from medical conditions of persons incarcerated at facilities serviced by ACH between January 1, 2011 through the present, including but not limited to medical records, death reviews, mortality and morbidity reports, investigative Documents, incident reports, and Communications. This request includes persons who died at the facilities themselves, as well as persons (like Decedent) who suffered from medical events at the facility and died after being transported out of the facility to an outside medical provider.

28. Documents relating to all Complaints (limited to legal proceedings) between January 1, 2011 and the present by persons (or representatives or such persons or of their estates) who are current or former detainees or prisoners of facilities serviced by ACH concerning
   a. failure or delay in referral to an off-site facility for medical care;
   b. failure or delay in providing appropriate medication;
   c. failure to provide continuity of care;
   d. failure or delay in differential diagnosis.

29. All marketing materials provided by ACH to Monroe County between January 1, 2010 and the present.

30. All Documents, including but not limited to manuals, protocols, procedural guides, rules, policies, practices, guidelines, and training materials, from the period of August 30, 2012 to through the present (including any changes to any of the above-mentioned materials) regarding the following subjects:

   a. Prevention, detection, and treatment of medical emergencies, including but not limited to heart attack;
   b. Access to medical evaluation by detainees;
   c. Medical services provided at Monroe County Jail;

   d.  The provision of medical care via "on-call" services, *see* Section 1.24.2 of the contract between ACH and Monroe County, (*see* Boyer v. ACH, et al., Plaintiff 000018);

   e.  Referral of detainees to off-site medical facilities;

   f.  Communications among County and ACH employees or agents regarding a detainees' health, including any Complaints;

   g.  Requests by prisoners for medical attention, evaluation, or treatment;

   h.  Healthcare staffing levels at the Monroe County Jail;

   i.  Cost Containment

   j.  Utilization Management

   k.  Risk Management programs

   l.  NCCHC Compliance

31.    All training videos provided to Monroe County pursuant to Section 1.0 of the agreement between ACH and Monroe County (and any amendments thereto) between January 1, 2012 and the present.  *See* Bates Boyer v. ACH, et al., Plaintiff 000017.

32.    Produce all Documents relating to CQI meetings described in Section 1.3 of the agreement between ACH and Monroe County (and any amendments thereto) between August 30, 2012 and the present.  *See* Bates Boyer v. ACH, et al., Plaintiff 000017.

33.    Produce copies of all Documents provided by ACH to inmates of the Monroe County Jail pursuant to Section 1.8 agreement between ACH and Monroe County (and any amendments thereto) between January 1, 2012 and the present.  *See* Bates Boyer v. ACH, et al., Plaintiff 000018.

34.    Produce all Documents relating to the implementation and provision of each of the services described in Section 1.11 of the agreement between ACH and Monroe County (and any amendments thereto) between January 1, 2012 and the present.  *See* Bates Boyer v. ACH, et al., Plaintiff 000018.

35.    Produce all Documents relating to the implementation and provision of each of the services described in Section 1.18 of the agreement between ACH and Monroe County (and any amendments thereto) between January 1, 2012 and the present.  *See* Bates Boyer v. ACH, et al., Plaintiff 000018.

36.    Produce a floorplan of the Monroe County Jail as it existed in December 2019.

37.    Produce document sufficient to show all detainees at the Monroe Count Jail between December 20, 2019 and December 30, 2019, including the detainee's name, jail number, home address, and phone number.

38.    Produce employee and contractor rosters and time sheets for the Monroe County Jail for December 20, 2019 to December 30, 2019. For each person identified in documents responsive to this request, produce documents sufficient to show the person's address and telephone number.

39.     Produce documents sufficient to show each person currently employed (either as employee, agent, or contractor) by the Monroe County Sheriff to provide services at the Monroe County Jail.

40.     Produce documents sufficient to show each person currently employed (either as employee, agent, or contractor) by ACH to provide services at the Monroe County Jail.

41.     Produce the following with respect to Section 1.24.2 of the agreement between ACH and Monroe County (and any amendments thereto) between January 1, 2019 and July 31, 2020 (*See* Bates Boyer v. ACH, et al., Plaintiff 000018):

    a.  Documents sufficient to show the times and dates of all visits to the Monroe County Jail by physicians, including the time and date of visit, and the name, address, phone number, employer, and medical licensure of the physician.

    b.  Documents sufficient to show the times and dates of all visits to the Monroe County Jail by Mid-Level Practitioners, including the time and date of visit, and the name, address, phone number, employer, and medical licensure of the Mid-Level Practitioners.

    c.  All documents reflecting approval by the Sheriff's Office pursuant to the clause of Section 1.24.2 stating, "A MID-LEVEL PRACTITIONER will only be used with the approval of the SHERIFF."

    d.  Documents sufficient to show the schedule and roster of all persons who were provided for on-call services pursuant to Section 1.24.2 ("The physicians and/or MID-LEVEL PRACTITIONER will be available by telephone to the FACILITY and medical staff on an on-call basis, seven (7) days per week, twenty-four (24) hours per day.") including the following information for each person made available:  name, address, phone number, employer, and medical licensure.

42.     All audio or visual materials, including Documents memorializing the same, depicting or relating to any of the allegations in Plaintiff's Complaint.  This request includes but is not limited to photographs, video recordings, audio recordings, radio recordings, transmissions, and recordings of emergency or non-emergency phone calls.

43.     All physical evidence relating to any of the allegations in Plaintiff's Complaint of any of Defendants' defenses to Plaintiff's Complaint.

44.     Any and all demonstrative aids or exhibits which may be used at trial.  Please note your continuing obligation to supplement this request pursuant to Rule 26(e).

45.     All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to:

    a.  All Communications to and from said expert(s);

    b.  All Documents provided to and/or relied upon by said expert(s);

    c.  All notes, reports, and analyses by said expert(s), including any handwritten markings on any materials provided to the expert(s);

    d.  All bills or statements of the hours and compensation paid to or billed by the

expert(s) for work on this matter; and

    e.   Any transcripts of prior testimony of Rule 26 reports of said expert(s).

Please note your continuing obligation to supplement this request pursuant to Federal Rule of Civil Procedure 26(e).

    46.    All Documents identifying any policymaker who was responsible for or had final policymaking authority for any policy, procedure, or practice on any of the subjects identified in Plaintiff's Request for Production No. 30, above.

    47.    All Document relating to any effort of the policymakers identified by Plaintiff's Request for Production No. 48 to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any policy, procedure, or practice on any of the subjects identified in Plaintiff's Request for Production No. 30, above.

    48.    All Documents relating to the supervision, discipline, evaluations, and oversight of medical staff or healthcare employees at or providing services to the Monroe County Jail. This request includes but is not limited to Documents regarding the chain of command at the Monroe County Jail / ACH, and policies, rules, regulations, or the like governing supervision, oversight, and discipline of medical staff or healthcare employees (including certified medical technicians) at Monroe County Jail / ACH.

    49.    All Documents relating to administration and assessment of the healthcare services provided at Monroe County Jail from August 30, 2012 to the present. This request includes but is not limited to all Documents related to:

    a.   Complete and unredacted contracts for services, requests for bids and any bids submitted by other healthcare providers;
    b.   Contract compliance monitoring or audits, all healthcare contract performance summary reports, primary medical service reports, and flash reports;
    c.   Quality assurance or continuous quality improvement processes, including continuous quality improvement reports for the above-mentioned facilities, governing body continuous quality improvement reports, as well as all studies, audits, presentation, reviews of grievances, notes, and other attachments to such Documents;
    d.   External and internal audits of healthcare services at Lawrence (or the IDOC as a whole), including audits of treatment protocols, performance-based audit reports;
    e.   Accreditation evaluations or mock evaluations; and
    f.   Meetings and minutes of meetings regarding healthcare at Lawrence (or the IDOC as a whole) attended by Wexford or the IDOC; and
    g.   Communications relating to parts a–e, above.

    50.    All Documents relating to any lawsuit or Complaint to which any Defendant except ACH has ever been a party. This request is limited to the last ten years.

    51.    All Documents relating to any lawsuit or Complaint to which ACH has ever been

a party regarding any of the following, including but not limited to policies and practices relating to the following:

     a. Failure or delay in making off-site referral for emergent care;
     b. Failure to identify medical needs;
     c. Failure or delay in providing appropriate medication;
     d. Failure to consult with physician or specialist relating to appropriate care;
     e. Failure or delay in responding to symptoms of heart attack;
     f. Failure of to ensure continuity of care;
     g. Insufficient or underqualified medical staffing, including on-call staffing;
     h. Failure to ensure differential diagnosis.

52.    All Documents relating to the organization of ACH as a corporate entity, including but not limited to all organizational charts, incorporation Documents, statements of organization, and state registration Documents.

53.    (***To all defendants except Monroe County***) All Documents in your possession, custody, or control that would support or rebut a contention by any of the Defendants that an award of punitive damages would cause a financial hardship to that Defendant.

54.    (***To all defendants except Monroe County***) All Documents relating to your net worth, including the following:

     a. All Documents relating to any assets in your possession with a value in excess of $2,500;
     b. Copies of all monthly statements for the period of January 2010 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;
     c. Copies of any insurance policies in which you are either the beneficiary or have any other ownership interest;
     d. A copy of the deed to your residence. If you do not own your home, please produce a copy of a current lease;
     e. A copy of the title to your automobiles, as well as a copy of all documentations relating to financing, ownership, and any equity you may have in said automobiles;
     f. All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;
     g. A copy of your last four pay stubs relating to any employment in which you are engaged;
     h. All Documents relating to any mortgage applications signed by you in the past three years; and
     i. Copies of your last three state and federal income tax returns.

Respectfully submitted,

/s/ *Stephen H. Weil*
Stephen H. Weil

Attorney for Plaintiff

Sarah Grady
Stephen Weil
LOEVY & LOEVY
311 N. Aberdeen Street, Third Floor
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Stephen H. Weil, an attorney, certify that on May 3, 2021, I caused a copy of the foregoing to be served on the following persons via e-mail:

Charles R Starnes, cstarnes@lkglaw.net

Douglas S. Knott, dknott@lkglaw.net

Clementine Uwabera, cuwabera@staffordlaw.com

Jeffrey Adam Mandell, jmandell@staffordlaw.com

Andrew Jones, AJones@hansenreynolds.com

/s/ Stephen H. Weil
Stephen H. Weil
Attorney for Plaintiff