UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**GREGORY BOYER**, as Administrator of the
Estate of Christine Boyer, and on his own behalf,

    Plaintiff,

v.                                                   Lead Case No. 20-CV-1123

**ADVANCED CORRECTIONAL
HEALTHCARE, INC.**, *et al.*,

    Defendants.

---

**GREGORY BOYER**, as Administrator of the
Estate of Christine Boyer, and on his own behalf,

    Plaintiff,

v.                                                   Case No. 22-CV-723

**USA MEDICAL & PSYCHOLOGICAL
STAFFING**, *et al.*,

    Defendants.

---

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

---

Defendants submit the following proposed jury instructions for use in addition to the Court's standard jury instructions.

Dated this 1st day of August, 2025.

                                       **LEIB KNOTT GAYNOR LLC**

                            By: */s/ Douglas S. Knott*
                                  Douglas S. Knott, SBN 1001600
                                  Daniel A. Kafka, SBN 1122144
                                  Attorneys for Defendants
                                  219 N. Milwaukee Street, Suite 710
                                  Milwaukee, WI 53202

Telephone: (414) 276-2102
Fax: (414) 276-2140
Email: dknott@lkglaw.net
       dkafka@lkglaw.net

**Defendant's Proposed Additional (Pattern) Jury Instruction No. 1**

**LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES**

You have heard evidence about whether Ms. Pisney and Ms. Fennigkoh's conduct complied with their employer's and Monroe County Sheriff's Department's rules and procedures related to providing medical care in the Jail. You may consider this evidence in your deliberations as to the claims against Ms. Pisney and Ms. Fennigkoh. But remember that the issue is whether they were negligent or violated Ms. Boyer's constitutional rights, not whether a workplace rule of their employer or Monroe County Sheriff's Department rule or procedure might have been complied with.

*Source: Seventh Circuit Pattern Civil Jury Instruction 7.04*

**Defendant's Proposed Additional (Pattern) Jury Instruction No. 2**

**FOURTH AMENDMENT: MEDICAL CARE FOR ARRESTEE**
**(Modified to address circumstances)**

Plaintiff claims that Ms. Boyer received inadequate medical care while in custody in violation of her constitutional rights. To succeed on this claim, plaintiff must prove each of the following five (5) things by a preponderance of the evidence:

1. Ms. Boyer needed additional medical attention the afternoon and evening of Sunday, December 22, 2019.[1]

2. Ms. Pisney failed to take action to provide medical care to Ms. Boyer.

3. Ms. Pisney's failure to take additional action was unreasonable. You must make this decision based on the perspective of a reasonable nurse practitioner facing the same circumstances that Ms. Pisney faced, not on Ms. Pisney's intentions or subjective beliefs. You should consider all the circumstances. In considering all the circumstances, you may consider whether Ms. Pisney was aware of Ms. Boyer's medical need, the seriousness of Ms. Boyer's medical need, the nature of any necessary medical treatment, and any administrative and investigatory needs of the Jail shown by the evidence.

4. Ms. Boyer was harmed as a result.

5. Ms. Pisney acted under the color of law.

If you find that plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for plaintiff, and go on to consider the question of damages. If, on the other hand, you find that plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Ms. Pisney, and you will not consider the question of damages.

---

[1] The Court denied defendants' motion for summary judgment as to claims related to Ms. Pisney's treatment of Ms. Boyer's blood pressure and report of chest pain "after 5:00 p.m." on December 22. (Dkt. 306 at 12-15).

4

*Source: Seventh Circuit Pattern Civil Jury Instruction 7.11*

Case: 3:22-cv-00723-jdp   Document #: 199   Filed: 08/01/25   Page 5 of 13

**Defendant's Proposed Additional Jury Instruction No. 3**

**MEDICAL CARE FOR ARRESTEE; DEFINITION OF "UNREASONABLE"**

In deciding whether Ms. Pisney's conduct on December 22, 2019 was unreasonable, you should consider all of the circumstances. You must evaluate Ms. Pisney's conduct from the perspective of a reasonable nurse practitioner facing the same circumstances that Ms. Pisney faced. You must decide whether a reasonable nurse practitioner in Ms. Pisney's position would have understood that Ms. Boyer was at a high degree of risk of serious harm and whether Ms. Pisney failed to take reasonable available measures to abate that risk.[2] You must make this decision based on what Ms. Pisney knew at the time, not based on matters learned after the fact.

In answering Question __ [constitutional liability question], you may not answer "Yes" if you find Ms. Pisney's conduct was merely negligent. You may only answer "Yes" to that question if you find that Ms. Pisney's conduct exceeds gross negligence.[3] Gross negligence is defined as the intentional failure to perform a duty in reckless disregard of the consequences as affecting the life or property of another.[4]

You may not answer Question __ [constitutional liability question] "Yes" unless you find that Ms. Pisney's conduct on December 22, 2019 was such a significant deviation from accepted professional standards that it demonstrates a failure to use professional judgment at all.[5]

---

[2] *Pittman v. Madison County, Illinois*, 108 F.4th 561, 572 (7th Cir. 2024).

[3] *Kingsley v. Hendrickson,* 576 U.S. 389, 396 (2015); *Brower v. Cnty. of Inyo,* 489 U.S. 593, 596 (1989)(holding that negligent act cannot be basis for a Fourth Amendment claim); *Pittman by & through Hamilton v. Madison Cnty. (Pittman IV),* 108 F.4th 561, 564 (7th Cir. 2024); *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-354 (7th Cir. 2018)(noting "it will not be enough to show negligence or gross negligence").

[4] *Logan v. Commercial Union Ins. Co.,* 96 F.3d 971, 982 (7th Cir. 1996)(*quoting* BLACK'S LAW DICTIONARY 931 (5TH Ed. 1979).

[5] *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)(professional judgment rule).

*Source: Seventh Circuit Pattern Civil Jury Instruction 7.10 (excessive force instruction) modified to provide a definition of "unreasonable" in context of constitutional standards governing denial of medical care under Fourth Amendment.*

**Defendant's Proposed Additional Jury Instruction No. 4**
**STATE LAW MEDICAL NEGLIGENCE WIS. JI-CIV. 1023.7\***
**(REGISTERED NURSE)**

At the time in question, Amber Fennigkoh was a registered nurse serving in this capacity at the Monroe County Jail. As a registered nurse, it was Ms. Fennigkoh's ~~in (describe the service rendered (plaintiff)~~ duty to use the degree of care, skill, and judgment which reasonable registered nurses would exercise in the same or similar circumstances, having due regard for the state of learning, education, experience, and knowledge possessed by registered nurses at the time in question. A registered nurse who fails to conform to this standard is negligent. The burden is on the plaintiff to prove that Ms. Fennigkoh was negligent.

A registered nurse is not negligent solely because a bad result may have followed her assessment or treatment. The standard you must apply in determining if Ms. Fennigkoh was negligent is whether she failed to use the degree of care, skill, and judgment a reasonable registered nurse would exercise at the time the service was rendered.

You have heard ~~considerable~~ testimony during this trial from experts in the field of nursing and medicine who have been called as expert witnesses by both sides. The reason for this is because the degree of care, skill, and judgment which a reasonable registered nurse would exercise is not a matter within the common knowledge of laypersons. These standards are within the special knowledge of experts in the field of nursing and medicine and can only be established by their testimony. You, therefore, may not speculate or guess what those standards of care, skill and judgment are in deciding this case, but rather must attempt to determine this from the expert testimony that you have heard during this trial. In determining the weight to be given an opinion, you should consider the qualifications and credibility of the expert and whether reasons for the opinion are based on facts in the case. ~~(In determining the weight to be given an opinion, you~~

~~should consider the qualifications and credibility of the expert and whether the reasons for the opinion are based on facts in the case.)~~ You are not bound by any expert's opinion, *<u>but you must rely on the testimony of experts in determining whether Ms. Fennigkoh was negligent.</u>*

<u>Questions No. __ and __ of the verdict ask[] whether there was a causal connection between negligence, if any, on the part of Ms. Fennigkoh and Ms. Boyer's injuries. A person's negligence is a cause of a plaintiff's injury if the negligence was a substantial factor in producing the plaintiff's injury. This question does not ask about "the cause" but rather "a cause." The reason for this is that there can be more than one cause of a medical condition or injury. The negligence of one or more persons can cause an injury or an injury can be the result of the natural progression of a medical condition. In addition, an injury can be caused jointly by a person's negligence and also the natural progression of a medical condition.</u>

<u>The evidence indicates without dispute that Ms. Boyer was suffering from a potassium deficiency when she was admitted to the Monroe County Jail on December 21, 2019. Plaintiff does not contend the potassium deficiency was caused by Ms. Fennigkoh's negligence. Accordingly, the potassium deficiency cannot be regarded by you in any way as having been caused or contributed to by any negligence on the part of Ms. Fennigkoh.</u>

\* *Standard instruction Wis. JI-Civ. 1023.7 modified to reflect identifiers and facts specific to case and to reflect standard applicable to a registered nurse.*

**Defendant's Proposed Additional Jury Instruction No. 5**
**STATE LAW MEDICAL NEGLIGENCE WIS. JI-CIV. 1023\***
**(NURSE PRACTITIONER)**

In <u>assessing and</u> treating <u>Ms. Boyer's</u> <u>condition</u>, <u>Ms. Pisney</u> was required to use the degree of care, skill, and judgment which a reasonable <u>nurse practitioner</u> would exercise in the same or similar circumstances, having due regard for the state of medical science at the time <u>Ms. Boyer was incarcerated</u>. A ~~doctor~~ <u>nurse practitioner</u> who fails to conform to this standard is negligent. The burden is on the plaintiff to prove that <u>Ms. Pisney</u> was negligent.

A ~~doctor~~ <u>nurse practitioner</u> is not negligent, however, for failing to use the highest degree of care, skill and judgment solely because a bad result may have followed <u>her</u> treatment. The standard you must apply in determining if <u>Ms. Pisney</u> was negligent is whether she failed to use the degree of care, skill, and judgment a reasonable <u>nurse practitioner</u> would exercise given the state of medical knowledge at the time of <u>the events at issue</u>.

If you find from the evidence that more than one method of diagnosing and treating <u>Ms. Boyer</u> was recognized as reasonable given the state of medical knowledge at that time, then <u>Ms. Pisney</u> was at liberty to select any of the recognized methods. <u>Ms. Pisney</u> was not negligent because <u>she</u> chose to use one of these recognized <u>methods</u> rather than another recognized method if <u>she</u> used reasonable care, skill, and judgment in administering the method.

You have heard testimony during this trial from ~~doctors~~ <u>healthcare providers</u> who have testified as expert witnesses. The reason for this is because the degree of care, skill, and judgment which a reasonable ~~doctor~~ <u>nurse practitioner</u> would exercise is not a matter within the common knowledge of laypersons. This standard is within the special knowledge of experts in the field of ~~medicine~~ <u>nursing</u> and can only be established by the testimony of experts. You, therefore, may not speculate or guess what the standard of care, skill and judgment is in deciding this case but rather

must attempt to determine it from the expert testimony that you heard during this trial. In determining the weight to be given an opinion, you should consider the qualifications and credibility of the expert and whether reasons for the opinion are based on facts in the case. You are not bound by any expert's opinion, but you must rely on the testimony of experts in determining whether Ms. Pisney was negligent.

      Questions No. __ and __ of the verdict ask[] whether there was a causal connection between negligence, <u>if any</u>, on the part of <u>Ms. Pisney</u> and Ms. Boyer's injuries. A person's negligence is a cause of a plaintiff's injury if the negligence was a substantial factor in producing the ~~present condition of~~ <u>plaintiff's</u> ~~health~~ <u>injury</u>. This question does not ask about "the cause" but rather "a cause." The reason for this is that there can be more than one cause of a <u>medical condition</u> or injury. The negligence of one or more persons can cause an injury or an injury can be the result of the natural progression of a <u>medical condition</u>. In addition, an injury can be caused jointly by a person's negligence and also the natural progression of a medical condition.

      The evidence indicates without dispute that Ms. Boyer was suffering from a potassium deficiency when she was admitted to the Monroe County Jail on December 21, 2019. <u>Plaintiff does not contend the potassium deficiency was caused by Ms. Pisney's negligence</u>. Accordingly, the potassium deficiency cannot be regarded by you in any way as having been caused or contributed to by any negligence on the part of Ms. Pisney.

*\* Standard instruction Wis. JI-Civ. 1023 modified to reflect identifiers and facts specific to case and to reflect standard applicable to a nurse practitioner.*

**Defendant's Proposed Additional (Pattern) Jury Instruction No. 6**
**COMPENSATORY DAMAGES IN PRISONER CASES**

If you find in favor of plaintiff, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained as a direct result of the failure to provide Ms. Boyer with reasonable medical care.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation.

<u>In this case the parties dispute whether plaintiff suffered a physical injury as a result of any act or omission of the defendants.</u> ~~If you find that plaintiff has proven by a preponderance of the evidence that Ms. Boyer suffered a physical injury as a result of any act or omission of the defendants, you may award damages for any mental or emotional injury plaintiff suffered as well~~. If you find that plaintiff did not suffer a physical injury as a result of any act or omission of the defendants~~,~~ you may ~~not award damages for mental or emotional injury~~ award damages for any other type of injury listed below.

<u>You may not award damages in consequence to your answer to Question ___ [constitutional liability] to Greg Boyer for loss of companionship or any category of damage. Those claims are considered in other questions on the verdict.[6]</u>

You should consider the following types of compensatory damages, and no others:

    a.    The physical pain and suffering that Ms. Boyer experienced as a result of <u>any act or omission of the Defendants</u>. No evidence of the dollar value of physical pain and suffering has been or needs to be introduced.

---

[6] *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005)(declining to recognize survivor claims under 42 USC § 1983)

*Source: Seventh Circuit Pattern Civil Jury Instruction 7.27 (Damages: Compensatory) modified to prevent damages not recoverable by survivors)*

**Defendant's Proposed Additional (Pattern) Jury Instruction No. 7**
**LOSS OF SOCIETY AND COMPANIONSHIP OF SPOUSE***

Question __ asks you to determine Gregory Boyer's loss of society and companionship resulting from the death of Christine Boyer. Society and companionship includes the love, affection, care, and protection Gregory Boyer would have received from Christine Boyer had she continued to live. It does not include the loss of monetary support or the grief and mental suffering caused by the spouse's death.

In determining Gregory Boyers' loss of society and companionship, you should consider the age of Christine Boyer and the age of Gregory Boyer; the past relationship between the spouses; the love, affection, and conduct of each toward the other; the society and companionship that had been given to Gregory Boyer by Christine Boyer; and the personality, disposition, and character of Christine Boyer. The amount inserted by you should reasonably compensate the surviving spouse for any loss of society and companionship he has sustained since the death of Christine Boyer and the amount you are reasonably certain she will sustain in the future.

Although the law provides that a party cannot recover more than $350,000 for the loss of a spouse's society and companionship, this dollar limit is not a measure of damage; it is a limit on recovery. Therefore, you should determine the amount that you believe will reasonably compensate Gregory Boyer for any loss of society and companionship.

*\* Standard instruction Wis. JI-Civ. 1870 modified to reflect identifiers.*