IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY BOYER, as administrator of the
Estate of Christine Boyer, and on his own
behalf,

                Plaintiff,                ORDER

v.

                            20-cv-1123-jdp

ADVANCED CORRECTIONAL HEALTHCARE,
INC., LISA PISNEY, and AMBER FENNIGKOH,

                Defendants.

---

GREGORY BOYER, as administrator of the
Estate of Christine Boyer, and on his own
behalf,

                  Plaintiff,                ORDER

v.

                            22-cv-723-jdp

USA MEDICAL & PSYCHOLOGICAL STAFFING,

                Defendant.

---

This case is scheduled for trial on September 29, 2025. Three issues are before the court.

First, plaintiff Gregory Boyer moves for leave to amend his Rule 26(a)(3) disclosures, explaining that he has reduced the number of witnesses and identified his exhibits with greater specificity. Dkt. 330.[1] Defendants object to the motion, asserting that Boyer's amended disclosures add 63 new exhibits that Boyer did not previously disclose. Dkt. 331.

The court will grant Boyer's motion for leave to amend. Boyer's original disclosures did not comply with the requirements of Rule 26(a)(3): Boyer did not distinguish between the

---

[1] All docket numbers refer to case no. 20-cv-1123-jdp.

witnesses he expected to present and those he may call if necessary, and he provided only broad exhibit descriptions, which did not adequately identify which specific documents he intends to offer at trial. Boyer's amended disclosures fix these issues. To resolve any risk of prejudice to defendants from Boyer's failure to follow the rules in his original 26(a)(3) disclosures, the court will extend defendants' deadline to object to Boyer's witnesses and exhibit lists to August 28.

As for whether the amended disclosures add new exhibits, Boyer submitted a reply brief disputing defendants' assertion that there were 63 new exhibits in the amended disclosures. Dkt. 336. Boyer explains that these exhibits were not new at all; Boyer had simply split previously broader categories of exhibits into more discrete chunks. *See* Dkt. 336-5 (explaining how the new exhibits fit into the previous categories). Defendants then submitted a surreply, arguing that Boyer was trying to "shoehorn" new exhibits into the categories he initially disclosed and pointing out that several new exhibits did not fit the categories Boyer put them in. Dkt. 338.

The court mostly agrees with Boyer that the new exhibits fit within the same categories as his original disclosures. There are a few exceptions. As defendants point out, exhibits 42 and 43 are publications from the American Heart Association and the US Department of Health and Human Services, not "ACH Training Slides." But any failure on Boyer's part to disclose these few exhibits in his original disclosures amounts to excusable neglect; and any prejudice to the defendants can be cured by extending their deadline to respond to Boyer's disclosures.

The parties' dispute about exhibit lists raises a second issue, which is that neither party complied with the court's standard procedures for submitting exhibit lists. *See* Standard Attachments for Civil Cases Assigned to Judge Peterson, Dkt. 31, at 14–15. The parties should work together and bring their lists into compliance with the requirements when they submit

their objections to the other side's exhibits, including listing their objections on the court's standard trial exhibit form. *Id.* at 15. The only exception to the standard requirements is that the parties need not submit hard copies of their exhibits; instead, they should submit electronic copies to the court's Box.com folder for exhibits, which the clerk's office will send to counsel. Exhibits should be submitted electronically by September 3, one week before the first final pretrial conference.

Third, defendants move to hold the trial in this case at the federal courthouse in Eau Claire, Wisconsin, arguing that most of the fact witnesses live in Monroe County, which is closer to Eau Claire than to Madison. Dkt. 318. The motion to move the trial is denied. Although Monroe County is slightly closer to Eau Claire than to Madison, the difference in travel time is less than an hour from most parts of the county, which is not a significant enough difference to justify the court resources that would be needed to move the trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Gregory Boyer's motion to amend his Rule 26(a)(3) disclosures, Dkt. 330, is GRANTED.

2. Defendants' deadline to object to plaintiff's witnesses and exhibits is reset to August 28, 2025.

3. Defendants' motion to hold the trial in Eau Claire, Dkt. 318, is DENIED.

Entered August 14, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

3