UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**GREGORY BOYER**, as Administrator of the
Estate of Christine Boyer, and on his own behalf,

      Plaintiff,

v.                                               Lead Case No. 20-CV-1123

**ADVANCED CORRECTIONAL
HEALTHCARE, INC.**, *et al.*,

      Defendants.

---

**GREGORY BOYER**, as Administrator of the
Estate of Christine Boyer, and on his own behalf,

      Plaintiff,

v.                                                Case No. 22-CV-723

**USA MEDICAL & PSYCHOLOGICAL
STAFFING**, *et al.,*

      Defendants.

---

### MOTION TO STRIKE REBUTTAL EXPERT REPORTS

The Court on February 24, 2025, denied plaintiff's motion for leave to file rebuttal expert reports, noting that the request was premature because the context for use of the rebuttal reports was unclear at that time. ECF 268. The Court directed plaintiff to file the reports and set a briefing schedule for defendants to challenge the disclosure. *Id*. The Estate subsequently served reports for each of its three previously-named experts, Drs. Venters, Bentley and Charash. ECF 278-5, 278-10, 278-11, and

cited to those reports in its response to summary judgment. ECF 277 (Pltf.'s Additional Statement of Additional Facts) at ¶¶ 60, 124, 126, 127, 197, 198, 199.

The Court should strike plaintiff's rebuttal reports. The Court has throughout the long pendency of this matter warned the parties that it would not permit "a third round of rebuttal experts" and that supplementation of expert reports must occur "not later than five calendar days before the expert's deposition" in compliance with Rule 26(e). *See* ECF 31 at 2; ECF 21 (Case No. 22-CV-723) at 2. The reports at issue were served well after plaintiff's experts' depositions. *Cf.* ECF 278-5, 278-10, 278-11 (all served 2/24/25) with ECF 223 (Venters deposed 1/9/2025), ECF 224 (Bentley deposed 3/14/2024), ECF 229 (Charash deposed 1/28/25). Defendants have adhered to and relied upon the Court's orders. They should not be required to expend still more resources pursuing repeated discovery into plaintiff's late disclosures, nor should plaintiff be advantaged with dozens of pages of expert narrative at trial.

In addition, the reports at issue are not true "rebuttal." They are restatements and reiterations of plaintiff's experts' primary opinions and unjustified bolstering of opinions that should have been timely addressed in the initial disclosures. *See Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008)("Testimony offered only as additional support to an argument made in a case in chief, if not offered 'to contradict, impeach or defuse the impact of the evidence offered by an adverse party,' is improper on rebuttal."); *see also Smith v. Reynolds Transp. Co.,* 2013 U.S. Dist. LEXIS 189826, *6 (D.S.C. Jan. 13, 2013)(noting "Defendants (and the court) have an interest in the orderly progress of a case.").

1.      **Plaintiff's Late Disclosure Is Procedurally Improper.**

Plaintiff's disclosure of three supplemental expert reports occurred after its deadline for disclosures had passed, after plaintiff's experts had been deposed, and after defendants had moved for summary judgment. The disclosures were improper under both the Federal Rules of Civil Procedure and this Court's clear directives.

Once a district court has issued its scheduling order, Fed. R. Civ. Pro. 16 sets the standard for modifying the schedule. *Crandall v. Hartford Cas. Ins. Co.*, 2012 U.S. Dist. LEXIS 173995 *5 (D. Idaho Dec. 6, 2012). Rule 16 provides that a scheduling order may only be modified "for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4).

Fed. R. Civ. Pro. 26(a)(2)(D) provides that the court's scheduling order governs, i.e. supersedes, the deadlines provided by that Rule. "A party *must* make these disclosures at the times and in the *sequence* that the court orders." *Id*. (emphasis supplied). Moreover, Rule 26(a)(2)(E) demands compliance with Rule 26(e) any time a party wishes to "supplement" their disclosures. Rule 26(e)(1)(A) instructs that parties may "supplement or correct" only when the "disclosure or response is incomplete or incorrect."

This Court's Scheduling Orders reflect what defendants have understood to be Judge Peterson's mandate. The Court's Scheduling Orders have made clear that litigants before the Court can expect to depose opposing experts *one time* and obtain their final opinions. To effectuate that goal, the Court's Orders state specifically:

> This order *does not allow a third round of rebuttal expert reports*. Supplementation of expert's reports pursuant to Rule 26(e) must

3

> be in writing and must be *served not later than five calendar days before the expert's deposition*, or before general discovery cutoff if no one deposes the expert. Supplementation under Rule 26(e) is appropriate only to correct mistakes . . . not to include new examples . . . or analyses that could have been included in an original expert report. Any further expert report is allowed only by stipulation of all parties, or by leave of court.

ECF 31 at 2 (italics supplied); *see also* ECF 21 (Case No. 22-CV-723) at 2.

Judge Peterson's requirement is clear to litigants before this Court and is reinforced in his decisions: "This court allows two rounds of expert reports: proponent reports, where plaintiff should disclose its [case-specific substantive] opinions; and respondent reports, where the defendant may defend against those opinions and offer its [case-specific substantive] opinions." *Oxbo Int'l Corp. v. H&S Mfg. Co.,* 2017 U.S. Dist. LEXIS 77953, *5-6 (E.D. Wis. May 23, 2017). Plaintiffs before this Court should not expect leave to supplement their experts' opinions merely because their counsel disagrees with defense experts. ECF 31 at 2 ("This order does not allow a third round of rebuttal expert reports.") Yet that is what has occurred here. The Estate's rebuttal disclosures are indisputably and unjustifiably late. Defendants should not be required to expend additional resources pursuing their fifth through seventh depositions of the Estate's multiple experts merely because plaintiff's counsel wants to quibble with defense experts' opinions.

The burden imposed on defendants by these late disclosures is amplified by a prior instance in which the Estate revamped its experts without authorization in violation of the Court's directives. Plaintiff disclosed experts initially on February 2, 2024. ECF 237-16. They disclosed at that time Dr. Bentley, Dr. Charash, and a

physician who practices in correctional medicine, Dr. Jeffrey Keller. ECF 237-16. Dr. Keller was disclosed to offer opinions about the care rendered by Advanced Correctional Healthcare and Monroe County employees other than Ms. Boyer. ECF 247. The alleged deficiencies in care rendered to other patients was proffered to support plaintiff's *Monell* claims.

Defendants deposed Dr. Keller on March 19, 2024. ECF 225. After the defendants deposed Dr. Keller, the parties engaged in additional discovery. Plaintiff's counsel began to suggest the Estate would *supplement Dr. Keller's report* based upon that discovery. Attorney Weil explicitly stated—and defendants understood—that he would supplement Dr. Keller's report to address discovery obtained after his initial disclosure. *See* Knott Decl., filed herewith, Ex. 1 (Knott email to Weil, 4/4/24); Ex. 2 (Makar email to Knott, 11/8/24).

At the Court's direction defendants on April 22, 2024, submitted a proposed discovery plan that anticipated, per defendants' discussions with plaintiff's counsel, that plaintiff would supplement Dr. Keller's report and defendants would then have an opportunity to depose Dr. Keller on his new opinions related to the recent discovery. ECF 192 at ¶ 9. Plaintiff's counsel then announced the Estate "does not intend to use Dr. Keller to provide opinions regarding the additional *Monell* evidence gathered pursuant to the Court's March 21 Order." ECF 194 at 5. None of the

defendants agreed to this substitution, as they would be required to start over in learning a new expert's opinions on *Monell* issues.[1]

On April 25, 2024, the Court held a telephonic status conference with Magistrate Judge Crocker. At that conference, plaintiff's counsel again suggested that he would not be using Dr. Keller as his expert for *Monell*. The next day, Magistrate Judge Crocker issued the most recent Scheduling Order, ECF 198. The Court set, as deadlines, the following:

> ACH production of underlying medical records: September 6, 2024
>
> Plaintiff's supplemental *Monell* expert report: November 12, 2024
>
> Dr. Keller to be deposed not later than December 6, 2024
>
> Defendants' expert disclosures: January 10, 2025
>
> Summary judgment motion filing deadline: February 14, 2025
>
> 28/14 response/reply briefing
>
> Discovery cutoff: July 25, 2025
>
> Settlement letters to Clerk of Court: July 25, 2025

ECF 198 at 1. The Court's does not contemplate a deadline for rebuttal expert reports, nor did it authorize plaintiff to substitute a new expert on *Monell* theories.

The parties proceeded through the Summer and Fall of 2024 anticipating a supplemental report from Dr. Keller. *See e.g.* Knott Decl., Exh 2. Four days after

---

[1] Plaintiff's pivot away from Dr. Keller is obviously strategic, as he failed to support the Estate's expansive *Monell* arguments. Both the ACH Defendants and the USA Defendants have cited Dr. Keller's testimony in support of their motions for summary judgment.

6

acknowledging that Dr. Keller's supplemental report would be due on November 26, 2024 and that Dr. Keller would be deposed no later than December 20, 2024, plaintiff, for the first time, requested defendants' position regarding substitution. *Id*.; Exh. 3. No defendant stipulated to substitution.

Plaintiff's counsel acknowledged that, given the Court's order, ECF 198, a motion to substitute experts was required. Knott Decl., Ex. 3. The Estate has never sought that authorization. Instead, plaintiff simply pressed forward with disclosing a new *Monell* expert, Dr. Venters, forcing defendants to choose between moving to strike that disclosure or starting over at great expense with a deposition of Dr. Venters to make sure defendants understand those opinions. Fearing they would not have time to obtain relief and complete depositions before defense expert disclosures and summary judgment motions were due, defendants were forced to depose Dr. Venters.

In short, the Estate has had an opportunity to revamp their case, at defendants' expense, previously. At some point plaintiff's counsel's quibbling with defense positions through the experts must stop. There has been no procedural justification for allowing plaintiff the "third round of rebuttal" that the Court has so clearly disfavored.

### 2. Plaintiff's Experts' "Rebuttal" are Not True Rebuttal.

The substantive opinions in the three rebuttal reports are matters that should have been, or were, addressed in the experts' initial reports. The Court will observe on review of the supplemental reports that the opinions are substantively nothing

7

more than reiteration of their initial opinions. ECF 278-5, 278-10, 278-11. No new "opinion" on an unanticipated issue is offered and defendants should not have to contend at trial with dozens of pages of narrative from plaintiff's experts after defendants have completed the experts' depositions and filed for summary judgment.

The way plaintiff utilized the reports in opposition to summary judgment demonstrates the new opinions are not true rebuttal. *See* ECF 277 (Pltf.'s Additional Statement of Additional Facts) at ¶¶ 60, 124, 126, 127, 197, 198, 199. Each and every reference to the rebuttal reports is characterized by plaintiff's counsel as mere reiteration of their initial opinions. *See* ECF 277 at ¶¶ 124, 194 (noting that Dr. Venters' rebuttal report "responded to the Defendants' expert reports *and again concluded*…"); ECF 277 at ¶¶ 126, 198 (noting Dr. Bentley "responded to the Defendants' expert reports in a rebuttal report *and reiterated her opinion* …"); ECF 277 at ¶¶ 128 (quoting Dr. Charash's rebuttal report as "Everything else I addressed in my original report…and my deposition…*remains unchanged*.")

Respectfully, rebuttal reports should not be used simply to allow plaintiff to have the last word. Where, as here, plaintiff's counsel concedes the reports are repetition of the initial reports, the testimony is not rebuttal and should not be permitted.

## CONCLUSION

For the foregoing reasons, defendants request that the Court strike plaintiff's rebuttal expert opinions, ECF 278-5, 278-10, 278-11, and not allow plaintiff's to rely at trial on any new opinions asserted in those reports.

The undersigned has been authorized by counsel for the Monroe County Defendants to state that those defendants join this motion.

Dated this 4th day of April, 2025.

**LEIB KNOTT GAYNOR LLC**

By: */s/ Douglas S. Knott*
Douglas S. Knott, SBN 1001600
Daniel A. Kafka, SBN 1122144
Attorneys for the ACH Defendants
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2102
Fax: (414) 276-2140
Email: dknott@lkglaw.net
dkafka@lkglaw.net