UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**GREGORY BOYER**, as Administrator of the
Estate of Christine Boyer, and on his own behalf,

      Plaintiff,

v.                                                                 Lead Case No. 20-CV-1123

**ADVANCED CORRECTIONAL
HEALTHCARE, INC.**, *et al.*,

      Defendants.

---

**GREGORY BOYER**, as Administrator of the
Estate of Christine Boyer, and on his own behalf,

      Plaintiff,

v.                                                                   Case No. 22-CV-723

**USA MEDICAL & PSYCHOLOGICAL
STAFFING**, **S.C.**, *et al.*,

      Defendants.

---

**DEFENDANTS' MOTION TO BIFURCATE CLAIMS AGAINST ADVANCED
CORRECTIONAL HEALTHCARE, INC. AND USA MEDICAL &
PSYCHOLOGICAL STAFFING, S.C.**

---

Defendants Advanced Correctional Healthcare, Inc., USA Medical & Psychological Staffing, S.C., Lisa Pisney, and Amber Fennigkoh respectfully move the Court for an order pursuant to Fed. R. Civ. P. 42(b) requiring a separate trial of any alleged claims of negligence against Advanced Correctional Healthcare and USA Medical & Psychological Staffing. The bases for the motion are as follows:

1. The Court's order on the parties' summary judgment motions let stand for trial the Estate's claim under § 1983 against Nurse Practitioner Lisa Pisney and the Estate's and Greg Boyer's claims under state law for medical negligence against Pisney, Nurse Fennigkoh, and Advanced Correctional Healthcare. (Dkt. 306 at 31).

2. The Court in its order directed the parties to show cause why USA Medical should not be dismissed from the case based on its rulings. *Id.* USA Medical's counsel informed the Court that USA Medical has acknowledged it was the employer of Pisney and Fennigkoh at all times material and therefore potentially vicariously liable under *respondeat superior* for the surviving state law claims against Pisney and Fennigkoh. (Dkt. 307). Plaintiff agreed. (Dkt. 308).

3. It has never been disputed that USA Medical employed Pisney and Fennigkoh. (*See* Dkt. 17 at 11 (asserting in initial responsive pleading filed 2/4/21 that "ACH was not the employer of []Pisney or[]Fennigkoh at the time of the events alleged"); Dkt. 140 at 5 (admitting paragraph 31 of plaintiff's complaint alleging that "USA Medical employed Lisa Pisney and Amber Fennigkoh")).

4. USA Medical does not dispute that Pisney and Fennigkoh were acting within the scope of their employment. Accordingly, no facts or evidence need be introduced at trial pertaining to the sole claim pending against that entity—*respondeat superior*.

5. The Court permitted plaintiff's state law "medical malpractice" claim to proceed against Advanced Correctional. (Dkt. 306 at 31). It is not clear what, if anything, plaintiff intends to pursue as to Advanced Correctional's alleged causal negligence. Any such claims, however, should be pursued in a bifurcated liability trial that proceeds if and only if plaintiff succeeds in establishing causal negligence against Fennigkoh or Pisney.

6. The court may grant a motion to bifurcate a trial under Federal Rule of Civil Procedure 42(b) if doing so "1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh Amendment." *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). The court has considerable discretion in deciding whether to bifurcate a trial. *Id*.

7. Bifurcation of any claims against Advanced Correctional **serves the interests of judicial economy**. Plaintiff's negligence claim against the entity requires as an element of the claim a jury determination that either Pisney or Fennigkoh were causally negligent **and** that Advanced Correctional's conduct was the cause-in-fact of Pisney or Fennigkoh's conduct. *Miller v. Wal-Mart Stores, Inc.,* 219 Wis. 2d 250, 580 N.W.2d 233 (1998). Advanced Correctional's alleged conduct is relevant **only if** the jury finds negligence on the part of its alleged agents.

8. The Wisconsin Supreme Court determined in *Miller* that employer liability for negligence "requires two questions with respect to causation." *Id.* at 262. "The first is whether the wrongful act of the employee was cause-in-fact of the plaintiff's injury. The second question is whether the negligence of the employer was a cause-in-fact of the wrongful act of the employee." *Id.* The Court stated, specifically with respect to verdict formulation, that, "If the act of the employee was not a cause-in-fact of the injury, then there is no need to go further." *Id*. at 262-63. Bifurcating the employer's liability claim in this case allows the Court to avoid what will surely be contested evidentiary issues and potential prejudice to defendants.

9. Plaintiff has throughout the litigation pursued shotgun theories of entity liability, all of which have failed. Among other failed tangents, plaintiff has adduced over 200,000 pages of medical records for over 1,100 Advanced Correctional patients, as well as subpoenaed law firms from all over the country. Advanced Correctional's liability for negligence as a non-employer

3

contractor for Monroe County is rife with legal and evidentiary complications. The Court can avoid the distraction, waste of time, and prejudice that arises from attempted introduction of irrelevant "other bad act" evidence by bifurcating the issue to address Advanced Correctional's alleged causal negligence only if Pisney or Fennigkoh are found negligent. Removal of entity allegations will shorten the trial by days.

10. Bifurcation of any claims against Advanced Correctional is **necessary to prevent prejudice to the defendants**. The Court dismissed plaintiff's *Monell* claims. Defendants should not have to defend against *Monell* theories under the guise of negligence. The Court's summary judgment decision made clear that any arguments related to Ms. Boyer's intake and admission to the Jail fail because she had no immediate needs. It is highly prejudicial—and an unnecessary waste of time—to revisit Ms. Boyer's initial assessment on Saturday, December 21, 2019. The issues that the Court determined would proceed relate to Ms. Pisney's decisions on Sunday, December 22, 2019, with respect to Ms. Boyer's report of elevated blood pressure and chest pain. Those are discretionary decisions by the provider unrelated to any corporate governance or management. Plaintiff should not be permitted to raise the specter of corporate malfeasance and greed in the context of negligence claims.

11. Advanced Correctional and Pisney would be prejudiced by introduction of evidence of entity practices. The Court can and should erect a clear barrier to prevent plaintiff's negligence claim against Advanced Correctional from becoming a *de facto Monell* argument for vicarious liability of the company for Pisney's conduct. *See Milestone v. City of Monroe,* 665 F.3d 774, 780 (7th Cir. 2011)("There is no *respondeat superior* liability under § 1983; the Supreme Court 'distinguish[es] the acts of the *municipality* from the actions of the *employees* of the municipality.'"(*quoting Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)).

12. Bifurcation of any entity claims helps simplify the jury instructions and avoids inevitable confusion of standards. The jury will be instructed on the constitutional "reasonableness" standard of the Fourth Amendment for Pisney, the indistinguishable state law "reasonable nurse practitioner" standard, and the state law "reasonable registered nurse" standard. The Court can avoid further legal and evidentiary complications by isolating any allegations pertaining to Advanced Correctional and introducing that evidence only upon a finding of underlying negligence.

13. Bifurcation of the negligence claim against Advanced Correctional ***does not prejudice the opposing party***. First, it is not clear that plaintiff intends to pursue corporate negligence allegations against Advanced Correctional. Moreover, a jury finding of individual negligence is a condition precedent to any recovery against Advanced Correctional and ***the recovery for negligence is joint and several among the potentially negligent defendants***—it is a single award. The introduction of evidence pertaining to Advanced Correctional will not increase plaintiff's compensatory damages.

In short, the benefits of avoiding difficult "bad acts" evidentiary disputes and potential jury confusion in the jury instructions outweigh any usefulness of such evidence in the initial phase of the trial.

Defendants do not intend to submit a separate memorandum of law in support of this motion.

Dated this 1st day of August, 2025.

**LEIB KNOTT GAYNOR LLC**

By: <u>*/s/ Douglas S. Knott*</u>
    Douglas S. Knott, SBN 1001600
    Daniel A. Kafka, SBN 1122144
    Attorneys for Defendants
    219 N. Milwaukee Street, Suite 710
    Milwaukee, WI 53202
    Telephone: (414) 276-2102
    Fax: (414) 276-2140
    Email: dknott@lkglaw.net
           dkafka@lkglaw.net