UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**GREGORY BOYER**, as Administrator of the
Estate of Christine Boyer, and on his own behalf,

      Plaintiff,

v.                                                          Lead Case No. 20-CV-1123

**ADVANCED CORRECTIONAL
HEALTHCARE, INC.**, *et al.*,

      Defendants.

---

**GREGORY BOYER**, as Administrator of the
Estate of Christine Boyer, and on his own behalf,

      Plaintiff,

v.                                                           Case No. 22-CV-723

**USA MEDICAL & PSYCHOLOGICAL
STAFFING**, S.C., *et al.*,

      Defendants.

---

**DEFENDANTS' PRETRIAL BRIEF ON COUNT III (MEDICAL MALPRACTICE),
REQUEST FOR RECONSIDERATION, AND MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6), RULE 12(c), RULE 12(h)(2) AND RULE 12(i)**

---

Defendants wish to identify for the Court a procedural concern arising from plaintiff's amended Rule 26(a)(3) pretrial disclosures filed Friday, August 22, which the Court accepted on amended pleadings on Monday, August 25, without hearing from the defendants. (Dkt. 347; Dkt. 351). Specifically, the amended jury instruction and amended special verdict form plaintiff filed August 22 delineated for the first time in this litigation a claim against Advanced Correctional Healthcare, Inc. for negligent training and supervision. (Dkt. 347-1 at 5 (amending proposed jury

instructions to introduce Wis. JI-Civ. 1383), Dkt. 347-2 at 2 (amending proposed verdict with distinct negligent training and supervision claim)).

But plaintiff did not *plead* negligent supervision and training in its many amended complaints (*see* Dkt. 26 (First Am. Comp.) at ¶¶ 64-66, Dkt. 102 (Third Am. Compl.) at ¶¶ 142-145 (same), and Dkt. 161 (Fourth Am. Compl.) at ¶¶ 174-177 (same)), and neither the Court nor the parties have handled the case as if such a claim had been pled. (*Id.; see* Dkt. 134 (Decision and Order on Motion for Judgment on Pleadings) at 6; Dkt. 306 (Decision and Order on Summary Judgment) at 7, 25-26, 30-31)). In fact, plaintiff did not allege *direct* negligence by Advanced Correctional *at all* until its amended pre-trial filings filed last Friday, August 22. (*See* Dkt. 26 (First Am. Comp.) at ¶¶ 64-66 (alleging breach of duty of professional care by Pisney and Fennigkoh), Dkt. 102 (Third Am. Compl.) at ¶¶ 142-145 (same), and Dkt. 161 (Fourth Am. Compl.) at ¶¶ 174-177 (same)).

Defendants bring the issue to the Court's attention at their earliest opportunity so that the Court may address this development in its trial plan and orders at the Final Pretrial Conferences pursuant to Fed. R. Civ. Pro. 16(e) and so that the matter may be resolved, if necessary, by briefing and decision before trial pursuant to Rules 12(c), 12(h)(2) and (12)(i). *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012)(noting "[f]ailure-to-state-a-claim defenses are specifically excepted from the Rule 12(g)(2) consolidation requirement and not included in the Rule 12(g)(1) waiver rule"); *see also* Rule 12(h)(2)(noting defense may be presented as late as trial), *and* Rule12(i)(requiring that court hear and determine certain motions, including failure-to-state-a-claim, before trial).

**RELEVANT PROCEDURAL HISTORY**

The Court's Decision and Order on the parties' motions for summary judgment was issued on July 7, 2025 and concluded, in relevant part, "This case is proceeding to trial against nurse Pisney on § 1983 claims based on her treatment of Christine's blood pressure and her decision not to send Christine to the emergency room when she experienced chest pain, *and against Pisney, Fennigkoh, and ACH on medical malpractice claims related to their treatment of Christine in the jail*." (Dkt. 306 at 30 (italics supplied)).[1] The parties proceeded to prepare for trial of the remaining claims.

Defendants on August 1, 2025 timely filed proposed jury instructions and a proposed special verdict on the presumption the negligence claim against Advanced Correctional was derivative of the negligence claims against Nurse Practitioner Pisney and Nurse Fennigkoh. (Dkt. 315 at 8-11; Dkt. 316). That is, the "medical malpractice" case against Advanced Correctional was for *respondeat superior* liability.

Plaintiff timely filed motions *in limine* seeking to bar defense experts on August 1 but sought clarification as to its obligations with respect to the other pretrial requirements in Rule 26(a)(3). (Dkt. 319). Plaintiff was granted additional time to file proposed instructions and a proposed verdict. (Dkt. 326). Plaintiff thus had a week to study defendants' timely pretrial submissions before submitting their own. On August 8 plaintiff submitted a proposed jury instruction seeking to hold Advanced Correctional liable (along with Pisney and Fennigkoh) for "provid[ing] negligent medical care to Christine Boyer." (Dkt. 333 at 5). Plaintiff's proposed

---

[1] The Court's description of the state law claims is consistent with its description of the claims in its June 13, 2023 decision on the parties' motions to dismiss. (Dkt. 134 at 6 ("Boyer brings constitutional claims for inadequate medical care under 42 U.S.C. § 1983 and state-law claims for medical malpractice, survival, wrongful death, and intentional and negligent infliction of emotional distress.") The Advanced Correctional defendants moved to dismiss the *Monell* claims. (Dkt. 105-06).

verdict was consistent with that theory—i.e., Advanced Correctional provided negligent medical care. (Dkt. 334 at 2). No other allegations or causes of action against Advanced Correctional were proposed in plaintiff's submissions on August 8.

As noted above, plaintiff did not allege direct negligence by Advanced Correctional in its many attempts at pleading. (*See* Dkt. 26 (First Am. Comp.) at ¶¶ 64-66 (alleging breach of duty of professional care by Pisney and Fennigkoh), Dkt. 102 (Third Am. Compl.) at ¶¶ 142-145 (same), and Dkt. 161 (Fourth Am. Compl.) at ¶¶ 174-177 (same)). Defendants therefore acknowledged uncertainty in their pretrial submissions about what arguments, if any, specific to Advanced Correctional's alleged negligence could be advanced as supporting its "malpractice." (*See* Dkt. 313 at p. 2, ¶ 5 (noting, "It is not clear what, if anything, plaintiff intends to pursue as to Advanced Correctional's alleged causal negligence."); Dkt. 325 at 3). Defendants filed motions *in limine* seeking to limit introduction of evidence specific to Advanced Correctional and a motion to bifurcate on grounds the only viable argument would be that Advanced Correctional may be vicariously liable for Pisney and Fennigkoh under the doctrine of *respondeat superior*. (Dkt. 313; Dkt. 325 at 2-9).

Defense counsel raised the same view of the pleadings and the Court's rulings in telephone conversations with plaintiff's counsel the week of August 8. The parties agreed to speak to see if they could resolve their disagreement over the scope of the claim against Advanced Correctional. They were not successful. On August 22, 2025, plaintiff sought leave to file amended jury instructions and an amended verdict form. (Dkt. 347). As justification for the late filing, plaintiff offered only that, "[s]ince [his initial] submissions Plaintiff has had the opportunity to review Defendants [sic] filings, including their proposed instructions and their motions in limine." (*Id.* at

4

¶ 2). Perusal of the defense submissions, plaintiff acknowledges, "caused Plaintiff's counsel to reconsider and revise Plaintiff's proposed jury instructions and his proposed verdict form." (*Id.*)

Plaintiff's motion for leave to file amended pleadings was filed on Friday, August 22 at 9:40 p.m. (Dkt. 347). The Court granted the motion on Monday, August 25 at 12:02 p.m. (Dkt. 351). The Court noted that plaintiff's justification for the late filing was "not particularly convincing" but granted the motion because the "amended versions are more helpful to the Court." (Dkt. 351). The Court did not have the opportunity to consider defendants' concerns as raised here. It is not clear whether the Court had the opportunity to review the medical malpractice claim as plead by plaintiff. (*See* Dkt. 161 (Fourth Am. Compl.) at ¶¶ 174-177). It appears likely that the Court was also seeking clarification of plaintiff's negligence allegations.

## ARGUMENT

As set forth below, plaintiff's Fourth Amended Complaint fails to state a claim for medical negligence against Advanced Correctional Healthcare. (Dkt. 161 (Fourth Am. Compl.) at ¶¶ 174-177); Rule 12(b)(6), Rule 12(c), Rule 12(h)(2), Rule 12(i). Plaintiff has known since *at least* April 2021 that Advanced Correctional did not employ the individual defendants and did not provide their training yet failed to assert allegations of negligent training against the parties that did provide that training. (*See* Dkt. 33 at p. 11, ¶¶ 15-16; *see also* Dkt. 17 at 11). Instead, plaintiff persisted in multiple pleadings to assert "medical malpractice" claims against *Pisney and Fennigkoh only*. (*See* Dkt. 26 (First Am. Comp.) at ¶¶ 64-66 (alleging breach of duty of professional care by Pisney and Fennigkoh only), Dkt. 102 (Third Am. Compl.) at ¶¶ 142-145 (same), and Dkt. 161 (Fourth Am. Compl.) at ¶¶ 174-177 (same)). It was only in response to the Court's summary judgment decision and review of defendants' pretrial submissions that plaintiff's counsel realized its arguments would be limited to claims against Pisney and Fennigkoh and, potentially, vicarious liability of Advanced

5

Correctional. The assertion of a new, unpled cause of action three (3) weeks after the parties' Rule 26(a)(3) were due and on the eve of trial is prejudicial and improper.

      **1.**      **Plaintiff Failed to Plead a Cause of Action for Negligent Training and Supervision Against Advanced Correctional Healthcare, Inc.**

A pleading fails to state a claim under Rule 12(b)(6) if it does not contain sufficient allegations to support recovery under a recognizable legal theory. 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1216 (3d ed. 2002); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). To survive a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. 662, 677-78 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). When evaluating a motion to dismiss a complaint, the court must accept as true all factual allegations in the complaint. *Iqbal*, 129 S. Ct. at 1949. However, it need not accept as true its legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (*citing Twombly*, 550 U.S. at 555).

Plaintiff did not plead a count for Advanced Correctional Healthcare's alleged negligence in the initial Complaint filed December 21, 2020. (Dkt. 1 at ¶¶ 63 et seq.) Instead, plaintiff alleged "Defendants Pisney and Fennigkoh both owed Ms. Boyer a duty of care similar to medical professionals with similar qualifications." (*Id*. at ¶ 64) Plaintiff alleged Pisney and Fennigkoh breached that duty, causing harm to Ms. Boyer. (*Id.* at ¶¶ 65-66). Those allegations have not changed in the multiple iterations of the complaint that followed.

Advanced Correctional made clear in its response it did not employ Pisney or Fennigkoh. (Dkt. 17 at 11, filed Feb. 4, 2021). It asserted in its amended answer to the First Amended

6

Complaint that it did not train the individual defendants and affirmatively identified the entities that did provide such training, specifically Spark Training, LLC.[2] (Dkt. 33 at pp. 11-12, ¶¶ 16-19).

Plaintiff's Third Amended Complaint, filed August 19, 2022, added "ACH" to the title of Count III (Medical Malpractice), but did not alter or supplement the allegations of the medical malpractice cause of action, which reference *only* Pisney and Fennigkoh. (Dkt. 102 at 31, ¶¶ 142-144). The current operative pleading—plaintiff's Fourth Amended Complaint—repeated those same allegations without amendment. (Dkt. 161 (Fourth Am. Compl.) at ¶¶ 174-177). The entirety of plaintiff's medical negligence cause of action against the Advanced Correctional defendants is as follows:

> **COUNT III**
> **MEDICAL MALPRACTICE**
> **(ACH, PISNEY AND FENNIGKOH)**
>
> 174. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.
>
> 175. As described more fully herein, Defendants Pisney and Fennigkoh both owed Ms. Boyer a duty of care similar to medical professionals with similar qualifications.
>
> 176. As described more fully herein, Ms. Pisney and Ms. Fennigkoh breached that their duty of care to Ms. Boyer.
>
> 177. As a proximate result of these breaches, Ms. Boyer was injured, suffered pain and emotional damage, and died.

(*Id.*)

Plaintiff makes *no* allegations in these paragraphs of negligence against Advanced Correctional. (*Id.*) Instead, plaintiff alleges that "Pisney and Fennigkoh both owed Ms. Boyer a

---

[2] Plaintiff served discovery on Spark Training and conducted a Rule 30(b)(6) deposition of that entity (Dkt. 227 at 15-41) but did not amend its pleadings to assert a negligent training or supervision claim or seek to specify a circumstance that would make Advanced Correctional responsible for the training provided by a non-party entity.

duty of care similar to medical professionals with similar qualifications" and that "Ms. Pisney and Ms. Fennigkoh breached that their [sic] duty of care to Ms. Boyer." (*Id*. at ¶¶ 175-176).

While "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). Here, plaintiff did not make even "threadbare recitals" of the elements of the cause of action against Advanced Correctional. The only suggestion that Advanced Correctional is targeted by the count is the inclusion of "ACH" in its designation—an ineffective and conclusory reference, at best. Aside from the title of the count the pleading asserts no negligence claim against Advanced Correctional.

Plaintiff's Fourth Amended Complaint does not plausibly allege even medical malpractice by Advanced Correctional, much less that entity's alleged negligent training and supervision. No acts of alleged negligence are identified. Plaintiff was required to plead (1) the employer's duty of care; (2) that the employer breached that duty; (3) that a specified act or omission of the employee was a cause-in-fact of the plaintiff's injury; and (4) that the specified act or omission of the employer was the cause-in-fact of the wrongful act of the employee. *Miller v. Wal-Mart Stores, Inc.,* 219 Wis. 2d 250, 267, 580 N.W.2d 233 (1998); Wis. JI-Civ. 1383 (2019). Plaintiff fails to reference Advanced Correctional's alleged duty; the manner in which it was breached; by whom it was breached; that a specific act of an employee for which Advanced Correctional was responsible was cause-in-fact of Ms. Boyer's injury; the injury; the act or omission of the employer; and how that omission caused the employee's wrongful act. (Dkt. 161 (Fourth Am. Compl.) at ¶¶ 174-177).

None of the facts constituting the cause of action that plaintiff now claims to have asserted are even suggested in the operative complaint. *See Cavalier v. Speedway*, *LLC*, No. 20-cv-03883,

8

2024 U.S. Dist. LEXIS 57756, at *26-27 (N.D. Ill. Mar. 29, 2024)(holding that plaintiff failed to adequately plead negligent failure to train and supervise where complaint is "devoid of well-pleaded factual allegations showing how [defendant] breached any duty to train or supervise [its employee]," including the nature of the training and supervision that was owed and not provided and allegations suggesting the injury would have been avoided).

Such facts are required in this case to tell a plausible story. Pisney and Fennigkoh were medical professionals practicing independently in their fields. It was incumbent on plaintiff—if he were, in fact, making such a claim—to plausibly suggest the additional training that was omitted that may have changed Ms. Boyer's outcome. What training was omitted? What employee's training was deficient? How is the duty of care an employer defined? How would additional training have impacted an employee, such that Ms. Boyer would not be harmed? What is the plausible basis for this speculation? *See Dugar v. U.S. Bank Nat'l Ass'n*, No. 21 CV 4052, 2021 U.S. Dist. LEXIS 245225, 2021 WL 6063869, at *7 (N.D. Ill. Dec. 22, 2021) (dismissing a negligent training claim where the plaintiffs did not provide "any allegations to suggest that more training by defendant would have prevented their injuries"); *Herrera v. Di Meo Bros., Inc.*, 529 F. Supp. 3d 819, 832 (N.D. Ill. 2021) (holding that the plaintiff failed to state a negligent supervision claim where he failed to plead facts connecting the racially discriminatory harassment he endured from his coworkers to his employer's deficient supervision).

Plaintiff's decision to allege medical negligence against *Pisney and Fennigkoh specifically*, while making no reference to a breach of duty by Advanced Correctional supervisors, would lead a rational reader to believe the medical malpractice allegations are based on the conduct of Pisney and Fennigkoh only. Specifying in Count III the conduct of those individuals, plaintiff effectively "plead himself out of court" on a global claim of negligence against Advanced Correctional as an

9

entity or a specific claim of negligent training and supervision. The latter claim is not even hinted at. At most, Advanced Correctional might speculate that plaintiff included the entity name in the title with the intention to plead *respondeat superior* liability but did so very poorly, failing in the critical elements of even vicarious liability. The Court cannot rescue plaintiff by assuming when he plead "Pisney and Fennigkoh" he really meant to plead the negligence of unidentified others at Advanced Correctional.

    **2.    Defendants Have Not Waived or Forfeited Their Right to Challenge Plaintiff's New Interpretation of Count III of the Fourth Amended Complaint.**

Nor have defendants been dilatory in asserting this challenge. Plaintiff's Fourth Amended Complaint states medical malpractice allegations against Pisney and Fennigkoh without reference to Advanced Correctional. Advanced Correctional had no reason to seek anticipatory dismissal on summary judgment of a claim that plaintiff *had not yet asserted*. Defendants could not have anticipated this development. Even *plaintiff did not know* he was asserting a claim for negligent supervision and hiring when he submitted his initial proposed jury instructions and proposed special verdict on August 8, 2025. (Dkt. 333, Dkt. 334). No such claim is suggested in those pleadings. It was only on plaintiff's untimely submission of amended Rule 26(a)(3) pleadings days ago—August 22--that plaintiff's intention to pursue a more elaborate claim against Advanced Correctional became apparent. Defendants have presented the issue as promptly as possible.

Defendants have not forfeited or waived their right to challenge plaintiff's failure to state a claim. *Ennenga*, 677 F.3d at 773 (noting "[f]ailure-to-state-a-claim defenses are specifically excepted from the Rule 12(g)(2) consolidation requirement and not included in the Rule 12(g)(1) waiver rule"); *see also* Rule 12(h)(2)(noting defense may be presented as late as trial), *and*

Rule12(i)(requiring that court hear and determine certain motions, including failure-to-state-a-claim, before trial).

      **3.    Defendants are Prejudiced by the Addition of a Negligent Training and Supervision Claim at this time.**

Plaintiff's new theory of negligent training and supervision is prejudicial because plaintiff has known since at least April 2021 that Advanced Correctional did not employ the individual defendants and did not provide their training yet failed to clearly assert allegations of negligent training against the parties that did provide that training. (*See* Dkt. 33 at p. 11, ¶¶ 15-16). Defendants were confident plaintiff's *Monell* claims for unconstitutional training were deficient under § 1983 jurisprudence and would be dismissed. They could not have concluded on a commonsense review of plaintiff's pleading that Advanced Correctional would be accused of primary *negligence* also and that plaintiff would seek to assert his *Monell* arguments in support of Count III (Medical Malpractice). Defendants did not anticipate after summary judgment, for example, that experts on industry standards for training of nurses and nurse practitioners would be a subject for the jury's consideration at trial.

Defendants were diligent in trying to prevent precisely this sequence of events. They sought to discover the entire basis for plaintiff's allegations of negligence. Defendants served the following Rule 33 interrogatories in February 2022 demanding that plaintiff provide the specifics of their allegations of negligence against all Advanced Correctional-associated defendants. Plaintiff's response referred *only to the alleged negligence of Pisney and Fennigkoh*.[3]

---

[3] Plaintiff's Supplemental Responses to ACH Defendants' February 15, 2022 Rule 33 Discovery.

> 19. Please identify all facts to support your allegations in Paragraphs 82-87 of the Plaintiffs' Amended Complaint that ACH Defendant acted with negligence, and/or with willfulness, and reckless indifference to your rights or the rights of others. Please identify all witnesses and identify all documents that you claim support your response. If you claim that any standard or publication supports your response, please provide a copy of the standard or publication. If you claim the allegation is supported by the conduct or treatment of inmates or detainees other than Christine Boyer, please identify such inmate or detainee with specificity, including their name, dates of detention and the conduct you believe supports the allegations. Please produce all documents that support your response along with Plaintiffs' responses to the ACH Defendants' Requests for Production of Documents.
>
> RESPONSE: Plaintiff objects that this is a premature contention interrogatory that need not be answered at this time. Plaintiff offers to meet and confer with Defendants to identify an appropriate time to respond to this interrogatory.
>
> SUPPLEMENTAL RESPONSE: Plaintiff refers defendants to his objections and responses to Interrogatory 16. Subject to and without waiving the objections stated in response to Interrogatory 16, Plaintiff responds that the actions and omissions of Lisa Pisney and Amber Fennigkoh described in Plaintiff's response to Interrogatory 16 are evidence that Ms. Pisney and Ms. Fennigkoh acted with negligence, and/or with willfulness, and reckless indifference to your rights or the rights of others.

Plaintiff's interrogatory response confirms the most obvious interpretation of plaintiff's complaint: He was asserting active negligence by Nurse Practitioner Pisney and Nurse Fennigkoh only. Defendants are entitled to rely on discovery to structure their defense, including their use of experts and arguments on summary judgment. The remainder of defendants' discovery was structured around defending *Monell* claims against the entities and the decision-making of the individuals involved in Ms. Boyer's care. Defendants' experts are prepared to discuss the conduct of the nurses in detail. The defense of the enterprise against negligence claims, however, puts defendants at an unfair disadvantage in identifying appropriate lay and expert witnesses to respond.

Plaintiff's assertion of negligence by Advanced Correctional at this late stage is plainly sand bagging that should not be accepted. Plaintiff should have pled negligent training by Advanced Correctional so that the claim could be addressed on summary judgment and by defendants' experts. If the Court's summary judgment decision left plaintiff unclear as to what claims could be pursued against Advanced Correctional it should have examined its pleading and

12

sought amendment. Plaintiff should not be permitted the luxury of asserting a new cause of action after reflecting on defendants' pretrial motions *in limine*, verdicts and instructions.

## CONCLUSION

Defendants respectfully request that the Court reconsider its text order accepting plaintiff's amended proposed jury instruction and proposed special verdict. (Dkt. 351). The Court should deny plaintiff's request to amend its pleadings as futile, inasmuch as plaintiff has not asserted a claim against Advanced Correctional for negligent training and supervision. (Dkt. 161 (Fourth Am. Compl.) at ¶¶ 174-177). The Court's ruling would provide clarity for the parties that no such claim will be asserted at trial.

Alternatively, defendants request that the Court address defendants' objection stated herein as a motion under Rule 12(b)(6) challenging the sufficiency of plaintiff's alleged pleading of a cause of action for negligent supervision and training. Defendants request that the Court order plaintiff to respond to this motion by September 3 and that defendants be given until September 8 to file a reply in support of the motion. *See* Rule 12(i).

If the Court were to permit plaintiff to proceed at trial on a claim against Advanced Correctional for negligent supervision and training, defendants request that plaintiff be ordered to supplement its interrogatory responses immediately, specifying the grounds for alleged negligence against Advanced Correctional and that Advanced Correctional be given the opportunity to supplement its expert disclosures and Rule 26(a)(3) disclosures to address claims of negligent hiring and supervision.

Dated this 27th day of August, 2025.

**LEIB KNOTT GAYNOR LLC**

By: */s/ Douglas S. Knott*
Douglas S. Knott, SBN 1001600
Daniel A. Kafka, SBN 1122144
Attorneys for Defendants
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2102
Fax: (414) 276-2140
Email: dknott@lkglaw.net
dkafka@lkglaw.net